# Exhibit B



350 S. MAIN STREET, SUITE 300
ANN ARBOR, MI 48104
TELEPHONE: 734-623-7075
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

MARK V. HEUSEL
MHeusel@dickinsonwright.com
734-623-1908

November 11, 2019

**VIA E-MAIL**

Frank McMahon
fmcmahon@mullenusa.com
Mullen Technologies, Inc.
1405 Pioneer Street
Brea, CA 92821

**VIA E-MAIL**

William L. Miltner, Esq.
bill@miltnerlaw.com
Miltner & Menck, APC
402 W. Broadway, Suite 800
San Diego, CA 92101

Re: <u>Notice to Cease and Desist use of the "K50" Mark</u>

Dear Messrs. McMahon and Miltner:

As you know, I serve as General Counsel to Qiantu Motor (Suzhou), Ltd. and Qiantu Motor USA, Inc. (together, "Qiantu") in the United States. I am writing you with respect to my previous letter dated October 4, 2019 ("Termination Notice"), notifying Mullen Technologies, Inc. ("Mullen") of Qiantu's intention to terminate the Exclusive Vehicle Cooperation and Vehicle Assembly Agreement (the "Agreement") with Mullen and to address several events that have since taken place.

As recounted in the Termination Notice, Mullen defaulted in its performance of the Agreement for failing to make two separate installment payments for the pre-launch "Costs and Expenses" described in Sections 4.2 and 4.4 of the Agreement. Pursuant to Section 4.4(a) and Exhibit F, the first and second installments were to be made on August 30, 2019 and October 1, 2019, respectively. Despite receiving timely invoices, Mullen has not made either payment.

Qiantu provided Mullen an additional 30 days to remedy these defaults despite no obligation to do so under the Agreement; however, it became clear in early October that Mullen would not be upholding its end of the bargain. Accordingly, on October 4, 2019, Qiantu provided the Termination Notice pursuant to Section 6.4(a) regarding its intent to terminate the Agreement effective November 2, 2019.

The Termination Notice was to provide Mullen ample opportunity to remove, de-mark, and dis-associate any references to cooperation between Qiantu and Mullen. Specifically, Qiantu asked Mullen to proceed with removing the Qiantu brand, logo, name, likeness, and any images regarding Qiantu or its products—including but not limited to

the K50—from all communications to the public, including electronic and print materials, websites, radio and television advertisements, sponsorships, and any other form of communications wherein Mullen has referred to Qiantu or the K50 vehicle.

Accordingly, it has come as quite a surprise to those at Qiantu that Mullen has not undertaken any efforts to remove the Qiantu brand from Mullen's website. Rather, as of November 4, 2019, Mullen's website (mullenusa.com) still displays a full-page advertisement displaying an image of the "Qiantu K50." Mullen's website also contains several videos and images describing the K50, and contains a link to "Reserve Now" a K50.

Even more surprising, Mullen has continuously posted images to an Instagram page associated with Mullen's CEO David Michery posing in front of a K50 and containing the caption "[o]ur CEO @davidmichery with the **Mullen K50** at the U.S. Department of Energy in Washington D.C. earlier today." Identifying the vehicle as the "Mullen K50" is an inexcusable misuse of Qiantu's own intellectual property and constitutes a separate breach of the Agreement. Thus, not only is it clear that Mullen intends to disregard Qiantu's request with respect to use of the K50 mark, Mullen appears to have doubled-down on its efforts to market the K50 as its own.

Moreover, this has all taken place on the heels of Mullen's filing of several truly frivolous and false claims in the District Court for the Southern District of California (Case No. 19-cv-0197-W-AHG). This only lends further credence to Qiantu's belief that Mullen intends to completely abandon its various obligations under the Agreement and disregard the months of negotiation and hard work on the part of both parties that led to the formation of this business relationship.

As such, Qiantu is prepared to enforce its rights, both under the Agreement and with respect to Qiantu's intellectual property, specifically, the Qiantu and K50 marks. Following termination of the Agreement on November 1, 2019, any use by Mullen of the Qiantu and K50 marks is strictly prohibited. Accordingly, both Mullen's website and social media outlets now constitute multiple acts of trademark infringement and false and misleading advertisement. Most notably, Mullen's promotion of Qiantu's K50 as the "Mullen K50" would have violated Qiantu's rights even under the terms of the Agreement.

As Qiantu has already notified Mullen of its intention to terminate the Agreement and Mullen, in fact, has now requested the Agreement to be rescinded, it would futile to pursue dispute resolution remedies afforded by Section 9.1 of the Agreement. Mullen's continued use of Qiantu's name, reference to the K50, and any likeness, image, brand or trademark or copyright of Qiantu is forbidden and Mullen's continued abuse is a further breach of the Agreement according to Article 8 of the Agreement

Moreover, each prohibited use represents a separate and distinct violation of California state law, which governs the parties' conduct pursuant to the Agreement. See Cal. Bus. & Prof. Code § 17200 *et seq.*; *Phillip Morris USA Inc. v. Liu*, 489 F.Supp.2d 1119 (N.D. Cal. 2014) (proof of trademark infringement independently constitutes unfair competition under California law); *Lanard Toys Ltd. v. Novelty Inc.*, 511 F.Supp.2d 1020 (C.D. Cal. 2007).

Qiantu will exercise any and all rights it may have under law and under the terms of the Agreement, to obtain payment from Mullen for the two outstanding invoices in the amount of $22,834,645.89 and to insure that Mullen ceases use of Qiantu's marks, including the K50, and its name, likeness, image, brand, etc. It is in the best interests of both parties for Mullen to take these obligations seriously so that both Mullen and Qiantu can avoid incurring additional unnecessary expense moving forward.

Sincerely,

Mark V. Heusel
Senior Partner
Dickinson Wright, PLLC

DETROIT 89787-4 1519853v1