# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Having considered Defendants' Motion to Dismiss Plaintiff's Consolidated Amended Class Action Complaint (Dkt No. 52) (the "Motion") and all pleadings, papers, arguments of counsel, and other matters presented to the Court, and good cause appearing, it is **HEREBY ORDERED** that Defendants' Motion is **DENIED**.

The Amended Complaint (Dkt No. 42) ("Amended Complaint") alleges that Defendants Mullen Technologies Inc. ("Old Mullen"), Mullen Automotive Inc. ("New Mullen," and together with Old Mullen, "Mullen"), and their CEO David Michery (collectively, "Defendants"), made materially false and misleading statements about Mullen's startup electric vehicle  business between June 15, 2020 and April 18, 2022, both dates inclusive, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and SEC Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

"A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief." *In re Questcor Sec. Litig.*, 2013 WL 5486762, at \*8 (C.D. Cal. Oct. 1, 2013). It is a "fundamental rule" that "courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1014 (9th Cir. 2018). To state a claim under Exchange Act §10(b) and SEC Rule 10b-5(b), a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011). The Amended Complaint sufficiently alleges each element challenged by Defendants.

Defendants' statements concerning Mullen's customer orders (*see* ¶¶161-65, 182-86, 197-99), battery technology (*see* ¶¶145-49, 193-96), and commercial partnerships (*see* ¶¶136-40, 143) are sufficiently alleged to be materially misleading for omitting material information. *See Orexigen*, 899 F.3d at 1009 ("[O]nce defendants choose to tout positive information to the market, they are bound to do so

1

in a manner that wouldn't mislead investors, including disclosing adverse information that cuts against the positive information.") (cleaned up).

The Amended Complaint sufficiently alleges Defendants' scienter. Relevant allegations include, *inter alia*, evidence of Defendant Michery's first-hand knowledge of concealed facts, Defendants' financial motives, interviews with former Mullen employees, and the Hindenburg Report, which, when viewed holistically, give rise to a strong inference of Defendants' scienter. *See Matrixx Initiatives*, 563 U.S. at 48.

Plaintiff has also sufficiently alleged a causal connection between Defendants' misstatements and her economic loss. *See In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 794 (9th Cir. 2020). When Defendants' fraud was revealed, Mullen's publicly traded stock price promptly fell by substantial amounts.

Defendant Michery is sufficiently alleged to be a control person of Mullen, as the Amended Complaint alleges his power to control Mullen's actions. *See Questcor*, 2013 WL 5486762, at *24.

Plaintiff and the proposed class have standing to bring claims against all Defendants, because all Defendants' misstatements have a direct relationship to the Net Element and New Mullen stock purchased by Plaintiff and the class. *See Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956 (N.D. Cal. 2005).

Therefore, Defendants' Motion is **DENIED** in its entirety.

**IT IS SO ORDERED**.

DATED: _____    _____

The Honorable Dolly M. Gee

UNITED STATES DISTRICT JUDGE

2

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS