Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Garth A. Spencer (SBN 335424)
  *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff Mejgan Mirbaz*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
|---|---|
| | Honorable Dolly M. Gee |
| | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Hearing Date: April 14, 2023<br>Time:          9:30 a.m.<br>Courtroom:   8C |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiff respectfully submits this opposition to Defendants' request for judicial notice (Dkt No. 53) ("RJN"). Defendants filed their RJN in support of their motion to dismiss (Dkt No. 52) the amended complaint (Dkt No. 42) ("AC" or "¶__").[1] Plaintiff opposes (in part) Defendants' RJN for two reasons.

*First*, Defendants have submitted two exhibits that omit key text, and have failed to submit one of their referenced exhibits.[2] Defendants' Exhibit 7 (Dkt No. 53-8) is a *partial* copy of a September 24, 2020 press release. This partial exhibit omits statements alleged to be misleading in the AC (text omitted by Defendants emphasized below):

> ***We are excited to begin the build-out of our pilot facility and pre-sales of our MX-05 SUV in October. We plan on completing the build-out by April 2021 and to begin assembly of certification prototypes by July 2021. These vehicles will be used for*** homologation which is expected to take 16 months and be completed by May of 2022, at which time we expect to begin delivering the first vehicles to the public.

*See* ¶154; *compare* Defendants' Exhibit 7 (Dkt No. 53-8) *with* Plaintiff's **Exhibit B** (filed herewith, highlighting omitted text).

Defendants' Exhibit 8 (Dkt No. 53-9) is a duplicate of the September 24, 2020 press release Defendants filed as their Exhibit 7. While Defendants' RJN states

---

[1] Terms not otherwise defined have the same meanings as in the AC. Unless otherwise noted, internal alterations, citations and quotations are omitted and emphasis is added throughout this brief.

[2] Certain other of Defendants' RJN exhibits also appear to omit text. However, as such additional omissions do not appear to be material to the AC's allegations or the pending motion to dismiss, Plaintiff does not address them here. Defendants also misstate the title of their Exhibit 5. It is not, as Defendants state in their RJN, "NETE: Net Element Enters Into a Letter of Intent to Merge With Electric Vehicle Company Mullen Technologies." *See* RJN at 1, 5, 9. As reflected in Defendants' Exhibit 5 (Dkt No. 53-6) and in the AC (¶141), its title is "NETE: Net Element Announces LOI for Reverse Merger With Mullen Technologies, Maker of EVs."

that their Exhibit 8 is "[a] copy of Mullen Tech's October 1, 2020 Press Release, titled, 'Mullen Technologies is Now Accepting Pre-Orders for Its MX-05 Pure Electric All-Wheel Drive SUV'," Defendants did not file a copy of the referenced press release. *See* RJN at 2, 6, 10. The AC alleges that statements in that press release were misleading. *See* ¶¶156-60. A copy of the October 1, 2020 press release is filed herewith as Plaintiff's **Exhibit C**.

Defendants' Exhibit 13 (Dkt No. 53-14) is a *partial* copy of an August 3, 2021 press release. This partial exhibit omits statements alleged to be misleading in the AC, omitting the entirety of the following paragraph:

> The initial Mullen ONE vehicle order will consist of 200 EV vans for Heights Dispensary's Houston and Dallas operations, to be delivered on or before the end of third quarter 2023. Additionally, Heights will purchase 1,000 Mullen ONEs by second quarter 2025. The Mullen ONE EV Cargo Van vehicles are a modified variant of the Mullen FIVE, an electric crossover SUV.

*See* ¶184; *compare* Defendants' Exhibit 13 (Dkt No. 53-14) *with* Plaintiff's **Exhibit D** (filed herewith, highlighting omitted text).

*Second*, and in addition to the above stated concerns about the accuracy of Defendants' exhibits, Plaintiff opposes the RJN to the extent that Defendants seek to use any of its exhibits for an improper purpose. It is well established that "courts may take judicial notice of matters of public record, but not of facts that may be subject to reasonable dispute." *In re Questcor Sec. Litig.*, 2013 WL 5486762, at *1 (C.D. Cal. Oct. 1, 2013) (Gee, J.). Specifically, on a motion to dismiss, "courts may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed," and "[t]his rule applies with equal force in the context of securities cases." *Id.; see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (disapproving of a "concerning pattern in securities cases" in which defendants seek to exploit judicial notice "improperly to defeat what would otherwise constitute adequately stated

claims at the pleading stage"). Therefore, the Court may take judicial notice of Defendants' press releases and SEC filings "to establish whether and when certain information was provided to the market, not the truth of the matters asserted therein." *Questcor*, 2013 WL 5486762 at *2.

To the extent that Defendants have submitted complete and accurate exhibits, and rely on them solely for the purpose of establishing what statements were published and when, Plaintiff does not oppose Defendants' RJN.

Dated: January 13, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Garth Spencer*
Robert V. Prongay (SBN 270796)
   *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
   *clinehan@glancylaw.com*
Garth A. Spencer (SBN 335424)
   *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff*
*Mejgan Mirbaz*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On January 13, 2023, I served true and correct copies of the foregoing document by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 13, 2023, at Wilmington, North Carolina.

*s/ Garth Spencer*
Garth A. Spencer