JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
JENNY PELAEZ (Bar No. 326765)
  *jpelaez@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

BRIAN P. MILLER (admitted *pro hac vice*)
  *bmiller@kslaw.com*
SAMANTHA J. KAVANAUGH (admitted *pro hac vice*)
  *skavanaugh@kslaw.com*
ROSS E. LINZER (admitted *pro hac vice*)
  *rlinzer@kslaw.com*
KING & SPALDING LLP
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, Florida, 33131
Telephone:  (305) 462-6000
Facsimile:   (305) 462-6100

Attorneys for Defendants
MULLEN AUTOMOTIVE INC.,
MULLEN TECHNOLOGIES, INC. AND DAVID MICHERY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
| | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Honorable Dolly M. Gee |

Defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies, Inc. ("Mullen Tech"), and David Michery ("Michery;" collectively, "Defendants"), by and through undersigned counsel, hereby submit this Answer and Affirmative Defenses to the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiff Mejgan Mirbaz ("Lead Plaintiff") on September 23, 2022 [ECF No. 42] ("Amended Complaint"). Defendants hereby respond to the correspondingly numbered paragraphs of the Amended Complaint, deny each and every allegation not expressly admitted, and assert their Affirmative Defenses as follows:

## **ANSWER**

Unless otherwise indicated, the answers and defenses contained in Defendants' Answer to the Amended Complaint are on behalf of all Defendants. By responding as to all Defendants, no representation is made as to whether any Defendant has sufficient knowledge to admit or deny a particular allegation. To the extent that any allegation in the Amended Complaint is directed at one of the Defendants, those other Defendants to whom the allegation is not directed (unless otherwise stated in this Answer) lack knowledge or information sufficient to admit or deny the allegation. Defendants generally deny all allegations contained in headings and non-numbered paragraphs.

Defendants respond to the non-numbered introductory statement in the Amended Complaint as follows: Defendants admit that Lead Plaintiff purports to bring this action individually and on behalf of those similarly situated. But Defendants deny that any of Lead Plaintiff's claims have any merit and deny that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23. Defendants lack knowledge or information sufficient to form a belief as to the basis for Lead Plaintiff's allegations and therefore deny the same.

With respect to the numbered paragraphs of the Amended Complaint, Defendants respond as follows:

1.      Defendants admit that Lead Plaintiff purports to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired securities of Mullen Auto or its predecessor between June 15, 2020 and April 18, 2022, both dates inclusive, pursuing remedies against Defendants under 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.  Defendants deny that any of Lead Plaintiff's claims have any merit and deny that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

2.      Defendants admit that Mullen Auto is an electric vehicle manufacturer and that Defendant Michery is the Chief Executive Officer ("CEO"), founder, President, and Chairman of the Board of Directors.  The remainder of the allegations in Paragraph 2 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required.  To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants state that Defendants' press releases speak for themselves and Defendants deny any inconsistent allegations in Paragraph 3.  The remainder of the allegations in Paragraph 3 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required.  To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      To the extent Paragraph 5 implies there is a valid class or that the Class Period as defined is appropriate, Defendants deny the allegations in Paragraph 5. Defendants further state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 5.

6.      Defendants state that the allegations in Paragraph 6 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations

in Paragraph 6.  Defendants otherwise deny the allegations in Paragraph 6.

7.     Defendants state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 7.  Defendants otherwise deny the remaining allegations in Paragraph 7.

8.     To the extent that Lead Plaintiff purports to describe the price of Net Element's publicly traded stock on certain dates, that is a matter of public record and requires no response.   To the extent the allegations in Paragraph 8 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants deny any such allegations as they relate to Defendants' actions.

9.     Defendants deny the allegations in Paragraph 9.

10.    Defendants admit that the reverse merger closed on November 5, 2021, but otherwise deny the remaining allegations characterizing the timing of the merger in Paragraph 10.  Defendants also state that Mullen Auto's press releases leading up to the date of the merger speak for themselves, and Defendants deny any inconsistent allegations in Paragraph 10.  Defendants otherwise deny the remaining allegations in Paragraph 10.

11.    Defendants state that the closing documents of the reverse merger referenced in this Paragraph speak for themselves and Defendants deny any inconsistent allegations in Paragraph 11.  To the extent that Lead Plaintiff purports to describe the price of Mullen Auto's stock on a certain date, that is a matter of public record and requires no response.  To the extent the allegations in Paragraph 11 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants deny any such allegations.

12.    Defendants deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13.

14.    Defendants admit that Hindenburg Research LLC ("Hindenburg Research") published the highly speculative short-sheller report on April 6, 2022, titled "Mullen Automotive: Yet Another Fast Talking EV Hustle" (the "Hindenburg

Report"). Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants state that while the Hindenburg Report purports to contain information from interviews with customers, former employees, and business associates, Defendants deny the allegations in Paragraph 14 to the extent they are derived from statements by an anonymous source or third party, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants otherwise deny the remaining allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 relate to claims expressly dismissed by the Court in its Order Granting in Part and Denying in Part Motion to Dismiss, dated September 28, 2023 [ECF No. 68] ("September 28, 2023 Order on Motion to Dismiss"). As such, no response is required, because the Court has previously dismissed all allegations relating to the April 18, 2022 press release. To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 16.

17. Defendants state that to the extent that Lead Plaintiff purports to describe the price of Mullen Auto's stock on a certain date, that is a matter of public record and requires no response. To the extent the allegations in Paragraph 17 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants deny any such allegations. Defendants further deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 consist of legal conclusions to which no response is required. To the extent a response may be deemed required, Defendants admit that Lead Plaintiff is pursuing remedies against Defendants under 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Defendants deny that any of Lead Plaintiff's claims have any merit and deny that any putative class should be certified

pursuant to Federal Rule of Civil Procedure 23.

21.   The allegations in Paragraph 21 consist of legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendants admit the allegations in Paragraph 21 for jurisdictional purposes only.

22.   The allegations in Paragraph 22 consist of legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendants admit the allegations in Paragraph 22 for venue purposes only.

23.   The allegations in Paragraph 23 consist of legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 23.

24.   Defendants state that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the remaining allegations in Paragraph 24, and Defendants therefore deny such allegations.

25.   Defendants admit that Mullen Auto is an electric vehicle manufacturer incorporated in Delaware and maintains its principal executive offices at 1405 Pioneer Street, Brea, California, 92821.  Defendants admit that Mullen Auto's shares are listed and trade on the NASDAQ exchange under the ticker symbol MULN and that its predecessor's shares were previously listed under the symbol NETE prior to the reverse merger.  Defendants admit that Net Element Inc.'s name was changed to Mullen Automotive Inc. following the reverse merger.  Defendants admit that Net Element, Inc. and Mullen Automotive Inc., Mullen Acquisition, Inc., and Mullen Technologies, Inc. agreed to the merger, and Defendants state that the details of that merger and the entities' relationships are in Net Element, Inc.'s Amendment No. 1 to Form S-4 filed with the SEC on July 22, 2021—which speaks for itself.  Defendants further state that the remaining allegations in Paragraph 25 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required.  To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 25.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

26.     Defendants admit that Mullen Tech was a private entity incorporated in California and maintained its principal executive offices at 1405 Pioneer Street, Brea, California, 92821, and state the details of the merger and Mullen Tech's relationship with the other entities is in Net Element, Inc.'s Amendment No. 1 to Form S-4 filed with the SEC on July 22, 2021—which speaks for itself. Defendant Michery served as Mullen Tech's CEO. Defendants further state that the remaining allegations in Paragraph 26 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required. To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants admit that Defendant Michery is Mullen Auto's CEO, founder, President, and Chairman of the Board of Directors. Defendants further state that the remaining allegations in Paragraph 27 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required. To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable.

29.     Defendants deny the allegations in Paragraph 29 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable.

30.     Defendants deny the allegations in Paragraph 30 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form

a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32.

33.    To the extent that Lead Plaintiff purports to describe the amount of employees reported by Mullen Auto's predecessor Net Element on a certain date, that is a matter of public record and requires no response.  Defendants deny any inconsistent allegations in Paragraph 33 that do not match Net Element's public filings.

34.    To the extent that Lead Plaintiff purports to describe the amount of employees reported by Mullen Auto's predecessor Net Element on a certain date, that is a matter of public record and requires no response.  Defendants deny any inconsistent allegations in Paragraph 34 that do not match Net Element's public filings.

35.    To the extent that Lead Plaintiff purports to describe the revenue, expenses, and net loss reported by Mullen Auto or its predecessor Net Element on certain dates, that is a matter of public record and requires no response.  Defendants deny any inconsistent allegations in Paragraph 35 that do not match Mullen Auto's or Net Element's public filings.  To the extent the allegations in Paragraph 35 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants also deny any such allegations.

36.    To the extent that Lead Plaintiff purports to describe the cash and cash equivalents, total assets, and total liabilities reported by Mullen Auto or its predecessor Net Element on certain dates, that is a matter of public record and requires no response.  Defendants deny any inconsistent allegations in Paragraph 36 that do not match Mullen Auto's or Net Element's public filings.  To the extent the allegations in Paragraph 36 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants also deny any such allegations.

37.     To the extent that Lead Plaintiff purports to describe the cash position and assets reported by Mullen Auto or its predecessor Net Element on certain dates, that is a matter of public record and requires no response.  Defendants deny any inconsistent allegations in Paragraph 37 that do not match Mullen Auto's or Net Element's public filings.  To the extent the allegations in Paragraph 37 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants also deny any such allegations.

38.     Defendants state that the financial statements referenced in this Paragraph speak for themselves and Defendants deny any inconsistent allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.

40.     Defendants deny the allegations in Paragraph 40 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of Mr. Gage's statements are reliable.  Defendants also state that the *Los Angeles Times* article referenced in this Paragraph speaks for itself, and though Defendants admit that Lead Plaintiff purports to quote from the referenced article, Defendants deny that Lead Plaintiff's selective quotation or paraphrasing is complete or presented with full context, and Defendants do not concede the accuracy of the article's contents.

41.     Defendants deny the allegations in Paragraph 41 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of Mr. Gage's

statements are reliable.

42.     Defendants admit that Mullen Auto imported at least one electric cargo van from China in November 2021, and at least another one in February 2022, but deny Paragraph 42 to the extent Lead Plaintiff attempts to imply any conclusions related to the same.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50 to the extent they are

derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 51.

52. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 52 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants further deny the allegations in Paragraph 52 to the extent they are derived from statements by an anonymous source, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the anonymous source's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that

any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55 to the extent they are derived from Lead Plaintiff's counsel's purported interviews with anonymous "former employees and business partners," as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the anonymous sources' alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 56.

57.    Defendants deny the allegations in Paragraph 57 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the former employee's alleged statements are reliable.  Defendants otherwise deny the allegations in Paragraph 57.

58.    Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg

Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 58 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants further deny the allegations in Paragraph 58 to the extent they are derived from statements by an anonymous source, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the anonymous source's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of Mr. Gage's statements are reliable.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 61 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants further deny the allegations in Paragraph 61 to the extent they are derived from statements by an anonymous source, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the

1    anonymous source's alleged statements are reliable.  Defendants otherwise deny the

2    allegations in Paragraph 61.

3        62.    Defendants admit that Hindenburg Research published the highly

4    speculative short-seller Hindenburg Report.  Defendants deny that the Hindenburg

5    Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing

6    within quotation marks in Paragraph 62 purports to reflect statements in the

7    Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is

8    complete or presented with full context.  Defendants respectfully refer the Court to

9    the Hindenburg Report itself, without conceding the accuracy of any of its contents,

10   and instead expressly denying the same.  Defendants further deny the allegations in

11   Paragraph 62 to the extent they are derived from statements by anonymous third

12   parties, as Defendants lack knowledge and information sufficient to form a belief as

13   to the truth, falsity, or reliability of such allegations.  Defendants deny that any of the

14   anonymous third parties' alleged statements are reliable.  Defendants otherwise deny

15   the allegations in Paragraph 62.

16       63.    Defendants state that Mullen Auto's public statements, reports, and

17   disclosures speak for themselves and Defendants deny any inconsistent allegations

18   in Paragraph 63.

19       64.    Defendants admit that Hindenburg Research published the highly

20   speculative short-seller Hindenburg Report.  Defendants deny that the Hindenburg

21   Report supports Lead Plaintiff's claims.   Defendants admit that Paragraph 64

22   purports to paraphrase statements in the Hindenburg Report, but Defendants deny

23   that Lead Plaintiff's selective paraphrasing is complete or presented with full context.

24   Defendants respectfully refer the Court to the Hindenburg Report itself, without

25   conceding the accuracy of any of its contents, and instead expressly denying the

26   same.  Defendants otherwise deny the allegations in Paragraph 64.

27       65.    Defendants admit that Hindenburg Research published the highly

28   speculative short-seller Hindenburg Report.  Defendants deny that the Hindenburg

Report supports Lead Plaintiff's claims. Defendants admit that Paragraph 65 purports to paraphrase statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective paraphrasing is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants further state that Mullen Auto's February 28, 2022 and August 10, 2020 press releases speak for themselves, and Defendants deny any inconsistent allegations in Paragraph 65. Defendants otherwise deny the remaining allegations in Paragraph 65.

66.     Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants state that while the Hindenburg Report purports to contain information from an interview with Tom Gage, Defendants deny the allegations in Paragraph 66 to the extent they are derived from statements by Mr. Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants also admit that the text appearing within quotation marks in Paragraph 66 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants otherwise deny the remaining allegations of Paragraph 66.

67.     Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants state that while the Hindenburg Report purports to contain information from an interview with Tom Gage, Defendants deny the allegations in Paragraph 67 to the extent they are derived from statements by Mr. Gage, as Defendants lack knowledge and information sufficient to

form a belief as to the truth, falsity, or reliability of such allegations.  Defendants also admit that the text appearing within quotation marks in Paragraph 67 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants otherwise deny the remaining allegations of Paragraph 67.

68.    Defendants deny the allegations in Paragraph 68 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of Mr. Gage's statements are reliable.  Defendants otherwise deny the remaining allegations of Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of Mr. Gage's statements are reliable.

70.    Defendants deny the allegations in Paragraph 70 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of Mr. Gage's statements are reliable.  Defendants also state that the August 10, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth,

falsity, or reliability of such allegations. Defendants deny that any of Mr. Gage's statements are reliable. Defendants also state that the February 28, 2022 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of Mr. Gage's statements are reliable. Defendants also state that the February 28, 2022 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 72. Defendants otherwise deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 73.

74. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 74 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants further state that Mullen Auto's press releases and other announcement speak for themselves, and Defendants deny any inconsistent allegations in Paragraph 74. Defendants otherwise deny the

remaining allegations of Paragraph 74.

75.     Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.   Defendants admit that Paragraph 75 purports to paraphrase statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective paraphrasing is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.   Defendants further state that Mullen Auto's 2018 announcement of the Washington facility referenced in this Paragraph speaks for itself, and Defendants deny any inconsistent allegations in Paragraph 75.  Defendants otherwise deny the allegations that Mullen Auto "promptly abandoned" the Washington facility.

76.     The allegations in Paragraph 76 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 relate to claims expressly dismissed by

the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 80.

81.    The allegations in Paragraph 81 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 81.

82.    Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 82 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants further deny the allegations in Paragraph 82 to the extent they are derived from statements by third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 82.

83.    Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg

Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 83 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants otherwise deny the allegations in Paragraph 83.

84.    Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 84 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.

85.    Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants state that while the Hindenburg Report purports to contain information from interviews and other sources, Defendants deny the allegations in Paragraph 85 to the extent they are derived from statements by third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants further state that the remaining allegations in Paragraph 85 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required.  To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 85.  Defendants otherwise deny the allegations in Paragraph 85.

86.    Defendants admit that Hindenburg Research published the highly

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS
ACTION COMPLAINT

speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants state that while the Hindenburg Report purports to contain information from interviews and other sources, Defendants deny the allegations in Paragraph 86 to the extent they are derived from statements by third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants further state that the remaining allegations in Paragraph 86 consist of Lead Plaintiff's own characterizations and conclusions, to which no response is required. To the extent a response may be deemed required, Defendants deny the remaining allegations in Paragraph 86. Defendants otherwise deny the allegations in Paragraph 86.

87. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 87 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants otherwise deny the allegations in Paragraph 87.

88. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 88 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants otherwise deny the allegations

in Paragraph 88.

89.     Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 89 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants deny the allegations in Paragraph 89 to the extent they are derived from third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 90 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants deny the allegations in Paragraph 90 to the extent they are derived from third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.

91.     Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 91 purports to reflect statements in the

Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants further deny the allegations in Paragraph 91 to the extent they are derived from interviews with third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 91.

92.   Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 92 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants further deny the allegations in Paragraph 92 to the extent they are derived from interviews with anonymous sources and third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 92.

93.   Defendants deny the allegations in Paragraph 93.

94.   Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants deny the allegations in Paragraph 94 to the extent they are derived from interviews with anonymous sources and third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  As to the allegations regarding the partnership with NextMetals Ltd. ("NextMetals"), those allegations

relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss. As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the NextMetals partnership. To the extent a response may be deemed required, Defendants deny the allegations relating to the NextMetals partnership in Paragraph 94. Defendants otherwise deny the allegations in Paragraph 94.

95. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 95 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants deny the allegations in Paragraph 95 to the extent they are derived from anonymous sources or third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.

96. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims. Defendants admit that the text appearing within quotation marks in Paragraph 96 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context. Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same. Defendants deny the allegations in Paragraph 96 to the extent they are derived from anonymous sources or third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants otherwise deny the

1    allegations in Paragraph 96.

2        97.    Defendants state that documents filed in the litigation between Qiantu

3    and Mullen Auto referenced in this Paragraph, including the November 11, 2019

4    letter attached as Exhibit B, speak for themselves, and Defendants deny any

5    inconsistent allegations in Paragraph 97.  Defendants respectfully refer the Court to

6    the documents themselves, without conceding the accuracy of their contents.

7    Defendants otherwise deny the allegations in Paragraph 97.

8        98.    Defendants deny the allegations in Paragraph 98 to the extent they are

9    derived from Lead Plaintiff's counsel's purported interview with an anonymous

10   former employee, as Defendants lack knowledge and information sufficient to form

11   a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that

12   any of the former employee's alleged statements are reliable.  Defendants otherwise

13   deny the allegations in Paragraph 98.

14       99.    Defendants deny the allegations in Paragraph 99 to the extent they are

15   derived from Lead Plaintiff's counsel's purported interview with an anonymous

16   former employee, as Defendants lack knowledge and information sufficient to form

17   a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that

18   any of the former employee's alleged statements are reliable.  Defendants otherwise

19   deny the allegations in Paragraph 99.

20       100.    Defendants admit that Hindenburg Research published the highly

21   speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg

22   Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing

23   within quotation marks in Paragraph 100 purports to reflect statements in the

24   Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is

25   complete or presented with full context.  Defendants respectfully refer the Court to

26   the Hindenburg Report itself, without conceding the accuracy of any of its contents,

27   and instead expressly denying the same.  Defendants deny the allegations in

28   Paragraph 100 to the extent they are derived from anonymous sources or third parties,

as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 100.

101.  Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 101 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants deny the allegations in Paragraph 101 to the extent they are derived from anonymous sources or third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 101.

102.  Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 102 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants deny the allegations in Paragraph 102 to the extent they are derived from anonymous sources or third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 102.

103.  Defendants admit that Hindenburg Research published the highly

speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 103 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants deny the allegations in Paragraph 103 to the extent they are derived from anonymous sources or third parties, such as an unnamed "senior executive with detailed knowledge of the supposed JV," as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 103.

104.   The allegations in Paragraph 104 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the NextMetals partnership.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 104.

105.   The allegations in Paragraph 105 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the NextMetals partnership.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 105.

106.   The allegations in Paragraph 106 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the NextMetals partnership.  To the

extent a response may be deemed required, Defendants deny the allegations in Paragraph 106.

107.   Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg Report supports Lead Plaintiff's claims.  Defendants admit that the text appearing within quotation marks in Paragraph 107 purports to reflect statements in the Hindenburg Report, but Defendants deny that Lead Plaintiff's selective quotation is complete or presented with full context.  Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.  Defendants deny the allegations in Paragraph 107 to the extent they are derived from anonymous sources or third parties, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants otherwise deny the allegations in Paragraph 107.

108.   The allegations in Paragraph 108 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to the April 18, 2022 press release.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 108.

109.   Defendants deny the allegations in Paragraph 109.

110.   Defendants admit that Net Element's stock was publicly traded on the NASDAQ and that Mullen Auto would take over Net Element's corporate form and NASDAQ stock listing, with a change of corporate name and stock ticker symbol from NETE to MULN, but Defendants otherwise deny the allegations in Paragraph 110.

111.   Defendants admit that the merger required the approval of Net Element shareholders, but Defendants otherwise deny the remaining allegations in Paragraph 111.

112.   Defendants state that the June 12, 2020 Letter of Intent referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 112.

113.   Defendants state that the Form S-4 filed by Net Element on May 14, 2021 referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 113.

114.   Defendants state that the Form S-4 filed by Net Element on May 14, 2021 referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 114.

115.   Defendants admit that a special meeting of Net Element shareholders was held on August 26, 2021 and was adjourned to August 31, 2021, but Defendants otherwise state the public announcements and notices referenced in this Paragraph speak for themselves and Defendants deny any inconsistent allegations in Paragraph 115.

116.   Defendants admit that the Net Element and Mullen Auto merger closed on November 5, 2021, but Defendants otherwise state that the November 5, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 116.

117.   Defendants deny the allegations in Paragraph 117.

118.   To the extent that Lead Plaintiff purports to describe the price or trading volume of Mullen Auto's stock on a certain date, that is a matter of public record and requires no response.   To the extent the allegations in Paragraph 118 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants deny any such allegations.

119.   To the extent that Lead Plaintiff purports to describe the financing activities and common stock issuance of Mullen Auto on a certain date, that is a matter of public record and requires no response.   To the extent the allegations in Paragraph 119 otherwise characterize or imply any conclusions related to the

aforementioned numbers, Defendants deny any such allegations.

120. Defendants state that the Securities Purchase Agreement ("SPA") between Mullen Auto and Esousa Holdings LLC referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 120.

121. Defendants state that the SPA between Mullen Auto and Esousa Holdings LLC referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 121.

122. Defendants state that the SPA dated May 7, 2021 and the other financing arrangements referenced in this Paragraph speak for themselves and Defendants deny any inconsistent allegations in Paragraph 122. To the extent that Lead Plaintiff purports to describe the public financing arrangements over a specific period of time, that is a matter of public record and requires no response. To the extent the allegations in Paragraph 122 otherwise characterize or imply any conclusions related to the aforementioned arrangements, Defendants deny any such allegations.

123. Defendants state that the January 11, 2022 Form S-3 filed by Mullen Auto referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 123.

124. Defendants state that Defendant Michery's January 19, 2022 Statement of Changes in Beneficial Ownership referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 124.

125. Defendants state that the February 2, 2022 amended Form S-3 filed by Mullen Auto referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 125.

126. Defendants state that the SPA referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 126. To the extent that Plaintiff purports to describe the price or trading volume of Mullen Auto's stock on certain dates, that is a matter of public record and requires no response. To the extent the allegations in Paragraph 126 otherwise characterize or imply any

conclusions related to the aforementioned numbers, Defendants deny any such allegations.

127. Defendants state that the Loan Commitment with NuBridge Commercial Lending referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 127.

128. Defendants state that Defendant Michery's March 18, 2022 Statement of Changes in Beneficial Ownership referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 128.

129. Defendants state that Kent Puckett's April 6, 2022 Statement of Changes in Beneficial Ownership referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 129.

130. Defendants state that Defendant Michery's March 31, 2022 Statement of Changes in Beneficial Ownership referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 130.

131. Defendants state that Defendant Michery's various Statements of Changes in Beneficial Ownership referenced in this Paragraph speak for themselves and Defendants deny any inconsistent allegations in Paragraph 131.

132. Defendants state that Defendant Michery's March 28, 2022 Form S-3 speaks for itself and Defendants deny any inconsistent allegations in Paragraph 132.

133. Defendants state that Jonathan New's April 4, 2022 Statement of Changes in Beneficial Ownership referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 133.

134. Defendants state that Mullen Auto's disclosure in the Form 10-Q referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. To the extent Paragraph 136 implies there is a valid class or that the Class Period as defined is appropriate, Defendants deny the allegations in Paragraph

136.  Defendants further state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 136.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 136.

137.  Defendants state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 137.

138.  Defendants state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 138.

139.  Defendants state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 139.

140.  Defendants state that the June 15, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 140.

141.  Defendants state that the June 16, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 141.

142.  Defendants state that the June 16, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 142.

143.  Defendants state that the June 16, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 143.

144.  Defendants deny the allegations in Paragraph 144.

145.  Defendants state that the August 10, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in

Paragraph 145.

146.   Defendants state that the August 10, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 146.

147.   Defendants state that the August 10, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 147.

148.   Defendants state that the August 10, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 148.

149.   Defendants deny the allegations in Paragraph 149.

150.   The allegations in Paragraph 150 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 150.

151.   The allegations in Paragraph 151 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 151.

152.   To the extent the allegations in Paragraph 152 relate to claims about the Monrovia facility expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 152. Defendants otherwise state that the September 24, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any

inconsistent allegations in Paragraph 152.

153.   The allegations in Paragraph 153 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 153.

154.   The allegations in Paragraph 154 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 154.

155.   Defendants deny the allegations in Paragraph 155.

156.   Defendants state that the October 1, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 156.

157.   The allegations in Paragraph 157 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 157.

158.   The allegations in Paragraph 158 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 158.

159.   To the extent the allegations in Paragraph 159 relate to claims about the Monrovia facility expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss, no response is required, because the Court has previously

dismissed all allegations relating to alleged misrepresentations about the Monrovia facility. To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 159. Defendants otherwise state that the October 1, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 159.

160. The allegations in Paragraph 160 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss. As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Monrovia facility. To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 160. Defendants otherwise deny the allegations in Paragraph 160.

161. Defendants state that the December 30, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 161.

162. Defendants state that the December 30, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 162.

163. Defendants state that the December 30, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 163.

164. Defendants state that the December 30, 2020 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 164.

165. Defendants deny the allegations in Paragraph 165.

166. Defendants state that the March 8, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 166.

167. Defendants state that the March 8, 2021 press release referenced in this

Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 167.

168.    Defendants state that the March 8, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants state that the March 11, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 170.

171.    Defendants state that the March 11, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 171.

172.    Defendants state that the March 11, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 172.

173.    Defendants state that the March 11, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 173.

174.    Defendants state that the March 11, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 relate to claims expressly dismissed

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 relate to claims about the Memphis facility expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 178.  Defendants otherwise state that the March 18, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 relate to claims about the Memphis facility expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 179.  Defendants otherwise state that the March 18, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180 relate to claims about the Memphis facility expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss, no response is required, because the Court has previously dismissed all allegations relating to alleged misrepresentations about the Memphis facility.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 180.  Defendants otherwise state that the March 18, 2021 press release referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 180.

1   181.   Defendants deny the allegations in Paragraph 181.

2   182.   Defendants state that the August 3, 2021 press release referenced in this
3   Paragraph speaks for itself and Defendants deny any inconsistent allegations in
4   Paragraph 182.

5   183.   Defendants state that the August 3, 2021 press release referenced in this
6   Paragraph speaks for itself and Defendants deny any inconsistent allegations in
7   Paragraph 183.

8   184.   Defendants state that the August 3, 2021 press release referenced in this
9   Paragraph speaks for itself and Defendants deny any inconsistent allegations in
10   Paragraph 184.

11   185.   Defendants state that the August 3, 2021 press release referenced in this
12   Paragraph speaks for itself and Defendants deny any inconsistent allegations in
13   Paragraph 185.

14   186.   Defendants deny the allegations in Paragraph 186.

15   187.   Defendants state that the September 21, 2021 press release referenced
16   in this Paragraph speaks for itself and Defendants deny any inconsistent allegations
17   in Paragraph 187.  Defendants otherwise deny the remaining allegations in Paragraph
18   187.

19   188.   Defendants state that the September 21, 2021 press release referenced
20   in this Paragraph speaks for itself and Defendants deny any inconsistent allegations
21   in Paragraph 188.

22   189.   Defendants state that the September 21, 2021 press release referenced
23   in this Paragraph speaks for itself and Defendants deny any inconsistent allegations
24   in Paragraph 189.

25   190.   To the extent that Lead Plaintiff purports to describe the price of Mullen
26   Auto's stock on a certain date, that is a matter of public record and requires no
27   response.  To the extent the allegations in Paragraph 190 otherwise characterize or
28   imply any conclusions related to the aforementioned numbers, Defendants deny any

1   such allegations.

2       191.   Defendants admit that Hindenburg Research published the highly

3   speculative short-sheller Hindenburg Report.  Defendants deny that the Hindenburg

4   Report supports Lead Plaintiff's claims.  Defendants admit that Paragraph 191

5   purports to paraphrase statements in the Hindenburg Report, but Defendants deny

6   that Lead Plaintiff's selective paraphrasing is complete or presented with full context.

7   Defendants respectfully refer the Court to the Hindenburg Report itself, without

8   conceding the accuracy of any of its contents, and instead expressly denying the

9   same.  Defendants otherwise deny the allegations in Paragraph 191.

10      192.   Defendants deny the allegations in Paragraph 192.

11      193.   Defendants state that the February 28, 2022 press release referenced in

12  this Paragraph speaks for itself and Defendants deny any inconsistent allegations in

13  Paragraph 193.

14      194.   Defendants state that the February 28, 2022 press release referenced in

15  this Paragraph speaks for itself and Defendants deny any inconsistent allegations in

16  Paragraph 194.

17      195.   Defendants state that the February 28, 2022 press release referenced in

18  this Paragraph speaks for itself and Defendants deny any inconsistent allegations in

19  Paragraph 195.

20      196.   Defendants deny the allegations in Paragraph 196.

21      197.   Defendants state that the March 30, 2022 interview referenced in this

22  Paragraph speaks for itself and Defendants deny any inconsistent allegations in

23  Paragraph 197.

24      198.   Defendants state that the March 30, 2022 interview referenced in this

25  Paragraph speaks for itself and Defendants deny any inconsistent allegations in

26  Paragraph 198.  Defendants admit that the text appearing within quotation marks in

27  Paragraph 198 purports to reflect statements in the interview, but Defendants deny

28  that Lead Plaintiff's selective quotation is complete or presented with full context.

199. Defendants deny the allegations in Paragraph 199.

200. To the extent that Lead Plaintiff purports to describe the price or trading volume of Mullen's stock on a certain date, that is a matter of public record and requires no response. To the extent the allegations in Paragraph 200 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants deny any such allegations. To the extent the allegations in Paragraph 200 relate to the April 18, 2022 press release, such claims were expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss. As such, no response is required, because the Court has previously dismissed all allegations relating to the April 18, 2022 press release. To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 200. Defendants otherwise deny the remaining allegations in Paragraph 200.

201. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Plaintiff's claims. Defendants state that while the Hindenburg Report purports to contain information from interviews with customers, former employees, and business associates, Defendants deny the allegations in Paragraph 201 to the extent they are derived from statements by an anonymous source or third party, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.

202. Defendants admit that Hindenburg Research published the highly speculative short-sheller Hindenburg Report. Defendants deny that the Hindenburg Report supports Plaintiff's claims. Defendants state that while the Hindenburg Report purports to contain information from interviews with customers, former employees, and business associates, Defendants deny the allegations in Paragraph 202 to the extent they are derived from statements by an anonymous source or third party, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants otherwise deny the

allegations in Paragraph 202.

203.   Defendants state that the Seeking Alpha and Bloomberg articles referenced in this Paragraph speak for themselves and Defendants respectfully refer the Court to those articles without conceding the accuracy of their contents. Defendants also aver that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the remaining allegations in Paragraph 203 related to third parties' knowledge, and Defendants therefore deny such allegations.

204.   To the extent that Lead Plaintiff purports to describe the price or trading volume of Mullen Auto's stock on a certain date, that is a matter of public record and requires no response.   To the extent the allegations in Paragraph 204 otherwise characterize or imply any conclusions related to the aforementioned numbers, Defendants deny any such allegations.

205.   Defendants state that podcast referenced in this Paragraph speaks for itself and Defendants respectfully refer the Court to that podcast without conceding the accuracy of its contents.   Defendants also aver that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the allegations in Paragraph 205 related to third parties' knowledge, and Defendants therefore deny such allegations.

206.   Defendants deny that they had any obligation to issue specific public responses to the Hindenburg Report and otherwise deny that they did not publicly address issues raised in the Hindenburg Report.   Defendants therefore deny the allegations in Paragraph 206.

207.   Defendants admit that Mullen Auto did not release press releases from April 6, 2022 to April 18, 2022, but Defendants deny Lead Plaintiff's implicit characterization and conclusions regarding the same in Paragraph 207.

208.   The allegations in Paragraph 208 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.   As such, no response is required, because the Court has previously dismissed all allegations

relating to the April 18, 2022 press release.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 208.

209.   The allegations in Paragraph 209 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to the April 18, 2022 press release.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 209.

210.   The allegations in Paragraph 210 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to the April 18, 2022 press release.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 210.

211.   The allegations in Paragraph 211 relate to claims expressly dismissed by the Court in its September 28, 2023 Order on Motion to Dismiss.  As such, no response is required, because the Court has previously dismissed all allegations relating to the April 18, 2022 press release.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 211.

212.   Defendants admit that Lead Plaintiff purports to bring a class action on behalf of a putative class of persons who purchased or otherwise acquired securities of Mullen Auto or its predecessor between June 15, 2020 and April 18, 20222, both dates inclusive.  Defendants deny that any of Lead Plaintiff's claims have any merit and deny that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

213.   Defendants deny that any of Lead Plaintiff's claims have any merit and deny that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.  To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 213.

214.   Defendants deny that any of Lead Plaintiff's claims have any merit and

1    deny that any putative class should be certified pursuant to Federal Rule of Civil
2    Procedure 23.  To the extent a response may be deemed required, Defendants deny
3    the allegations in Paragraph 214.

4         215.   Defendants deny that any of Lead Plaintiff's claims have any merit and
5    deny that any putative class should be certified pursuant to Federal Rule of Civil
6    Procedure 23.  To the extent a response may be deemed required, Defendants deny
7    the allegations in Paragraph 215.

8         216.   Defendants deny that any of Lead Plaintiff's claims have any merit and
9    deny that any putative class should be certified pursuant to Federal Rule of Civil
10   Procedure 23.  To the extent a response may be deemed required, Defendants deny
11   the allegations in Paragraph 216.

12        217.   Defendants deny that any of Lead Plaintiff's claims have any merit and
13   deny that any putative class should be certified pursuant to Federal Rule of Civil
14   Procedure 23.  To the extent a response may be deemed required, Defendants deny
15   the allegations in Paragraph 217.

16        218.   Defendants deny the allegations in Paragraph 218.

17        219.   Defendants deny the allegations in Paragraph 219.

18        220.   Defendants deny the allegations in Paragraph 220.

19        221.   Defendants deny the allegations in Paragraph 221.

20        222.   Defendants deny the allegations in Paragraph 222.

21        223.   Defendants deny the allegations in Paragraph 223.

22        224.   Defendants deny the allegations in Paragraph 224.

23        225.   Defendants deny the allegations in Paragraph 225.

24        226.   Defendants deny the allegations in Paragraph 226.

25        227.   Defendants deny the allegations in Paragraph 227.

26        228.   Defendants deny the allegations in Paragraph 228.

27        229.   Defendants deny the allegations in Paragraph 229.

28        230.   Defendants deny the allegations in Paragraph 230.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations.  Defendants deny that any of Mr. Gage's statements are reliable.

233.    Defendants state that the podcast referenced in this Paragraph speaks for itself and Defendants respectfully refer the Court to the podcast, without conceding the accuracy of its contents.  Defendants also aver that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the remaining allegations in Paragraph 233 related to third parties' knowledge, and Defendants therefore deny such allegations.

234.    Defendants state that the Schedule 13G/A filed on February 14, 2022 referenced in this Paragraph speaks for itself and Defendants deny any inconsistent allegations in Paragraph 234.

235.    Defendants state that the podcast referenced in this Paragraph speaks for itself and Defendants respectfully refer the Court to the podcast, without conceding the accuracy of its contents.  Defendants also aver that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the remaining allegations in Paragraph 235 related to third parties' knowledge, and Defendants therefore deny such allegations.

236.    Defendants state that the podcast referenced in this Paragraph speaks for itself and Defendants respectfully refer the Court to the podcast, without conceding the accuracy of its contents.  Defendants also aver that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the remaining allegations in Paragraph 236 related to third parties' knowledge, and Defendants therefore deny such allegations.

237.    Defendants state that the April 8, 2022 Tweet and the podcast episode

referenced in this Paragraph speak for themselves and Defendants respectfully refer the Court to the Tweet and the podcast, without conceding the accuracy of their contents. Defendants also aver that they are without knowledge sufficient to form a belief as to the truth, falsity, or reliability of the remaining allegations in Paragraph 237 related to third parties' knowledge, and Defendants therefore deny such allegations.

238. Defendants deny the allegations in Paragraph 238 to the extent they are derived from Lead Plaintiff's counsel's purported interview with Tom Gage, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of Mr. Gage's statements are reliable.

239. Defendants deny the allegations in Paragraph 239.

240. Defendants admit that Frank McMahon was previously Mullen Tech's Chief Technology and Chief Engineer, but otherwise lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of the remainder of the allegations in Paragraph 240.

241. Defendants deny the allegations in Paragraph 241 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 241.

242. Defendants deny the allegations in Paragraph 242 to the extent they are derived from Lead Plaintiff's counsel's purported interview with an anonymous former employee, as Defendants lack knowledge and information sufficient to form a belief as to the truth, falsity, or reliability of such allegations. Defendants deny that any of the former employee's alleged statements are reliable. Defendants otherwise deny the allegations in Paragraph 242.

243.   Defendants deny the allegations in Paragraph 243.

244.   Defendants deny the allegations in Paragraph 244.

245.   Defendants deny the allegations in Paragraph 245.

246.   Defendants deny the allegations in Paragraph 246.

247.   The allegations in Paragraph 247 consist of legal conclusions to which no response is required.   To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 247.

248.   Defendants deny the allegations in Paragraph 248.

## FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5(a) – (c)

### Promulgated Thereunder

### Against All Defendants

249.   Defendants repeat and reallege their responses to Paragraphs 1 through 248 above as if fully set forth herein.

250.   Defendants deny the allegations in Paragraph 250.

251.   Defendants deny the allegations in Paragraph 251.

252.   Defendants deny the allegations in Paragraph 252.

253.   Defendants deny the allegations in Paragraph 253.

254.   Defendants deny the allegations in Paragraph 254.

255.   Defendants deny the allegations in Paragraph 255.

256.   Defendants deny the allegations in Paragraph 256.

257.   Defendants deny the allegations in Paragraph 257.

258.   Defendants deny the allegations in Paragraph 258.

259.   Defendants deny the allegations in Paragraph 259.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against Defendant Michery

260.   Defendants repeat and reallege their responses to Paragraphs 1 through

259 above as if fully set forth herein.

261.   Defendants deny the allegations in Paragraph 261.

262.   Defendants deny the allegations in Paragraph 262.

263.   Defendants deny the allegations in Paragraph 263.

## **PRAYER FOR RELIEF**

Defendants deny Lead Plaintiffs' Prayer for Relief in all respects.

## **GENERAL DENIAL**

1.   Defendants state that the Hindenburg Report referenced in Exhibit A to the Amended Complaint speaks for itself, and Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.

2.   Defendants state that the Letter from Mark V. Hesuel, Esq. to Frank McMahon and William L. Miltner, Esq. referenced in Exhibit B to the Amended Complaint speaks for itself, and Defendants respectfully refer the Court to the Hindenburg Report itself, without conceding the accuracy of any of its contents, and instead expressly denying the same.

3.   Defendants deny each and every allegation of the Amended Complaint to which it has not otherwise made a specific response in this Answer.

## **AFFIRMATIVE DEFENSES**

Defendants will rely on all defenses available to them at the time of trial of this matter and reserve the right to amend their Answer and Affirmative Defenses. For their Affirmative Defenses, Defendants plead as follows, without assuming the burden of proof where it otherwise rests with Lead Plaintiff:

## **First Defense**

The Amended Complaint fails to state a claim upon which relief may be granted.

## **Second Defense**

Lead Plaintiff and other alleged members of the putative class lack standing to

1  bring this action and pursue their claims.

### Third Defense

3  Lead Plaintiff's claims are barred, in whole or in part, by the doctrines of
4  assumption of risk, waiver, ratification, estoppel and/or laches.

### Fourth Defense

6  The Amended Complaint fails to allege fraud with particularity as required by
7  Federal Rule of Civil Procedure 9(b).

### Fifth Defense

9  The Amended Complaint fails to comply with the pleading standards
10  and requirements of the Private Securities Litigation Reform Act of 1995.

### Sixth Defense

12  Defendants did not act with the requisite scienter to give rise to any claims
13  against them under Section 10(b) of the Securities Exchange Act of 1934 or SEC Rule
14  10b-5.

### Seventh Defense

16  The purported false statements or omissions alleged in the Amended
17  Complaint were not material.

### Eighth Defense

19  The Amended Complaint is barred on the grounds and to the extent that
20  the statements alleged were true and accurate when made.

### Ninth Defense

22  Lead Plaintiff's claims are barred because they are based upon forward-looking
23  statements, which are protected by the safe harbor provided under the Private
24  Securities Litigation Reform Act of 1995.

### Tenth Defense

26  Lead Plaintiff's claims are barred by the bespeaks caution doctrine.

### Eleventh Defense

28  Defendants acted in good faith and had no knowledge or belief, and were not

reckless in not knowing, that any statement or omission alleged in the Amended Complaint was false or misleading at the time it was made.

### Twelfth Defense

Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Lead Plaintiff.

### Thirteenth Defense

Lead Plaintiff's purported claims are barred because Defendants' actions or inactions are not the cause in fact, nor the legal cause, nor the proximate cause of Lead Plaintiff's alleged losses or damages.

### Fourteenth Defense

Any injury or damage which may have been suffered by Lead Plaintiff resulted wholly or in substantial part from the misconduct of parties other than Defendants, for which Defendants are in no way liable.

### Fifteenth Defense

To the extent Lead Plaintiff knew the truth of the alleged misrepresented or omitted facts, Lead Plaintiff's claims are barred.

### Sixteenth Defense

To the extent that the truth of the alleged misrepresented or omitted facts were available to or within the market for the Company's stock, Lead Plaintiff's claims are barred.

### Seventeenth Defense

Lead Plaintiff assumed and accepted the risks associated with her investment in Mullen Auto's common stock, and any drop in the market price of Mullen Auto's common stock was due to superseding causes.

### Eighteenth Defense

Any damages suffered by Lead Plaintiff are barred by Lead Plaintiff's failure to mitigate her injuries or damages, if any.

## Nineteenth Defense

Any injury or damage which may have been suffered by Lead Plaintiff resulted wholly or in substantial part from Lead Plaintiff's failure to exercise due care and to reasonably protect herself.

## Twentieth Defense

In the event that Lead Plaintiff prevails in this action, Defendants are entitled to a set-off and/or reduction of any damages awarded equal to any payment to, or recovery by, Lead Plaintiff from other sources.

## Twenty-First Defense

This action may not be properly maintained as a class action.

## Twenty-Second Defense

Lead Plaintiff is not a proper or adequate class representative.

## Twenty-Third Defense

Lead Plaintiff's claims are not typical of the claims of the putative class of persons whom Lead Plaintiff seeks to represent; there are not questions of law or fact common to the members of the putative class, if any; and alternatively, to the extent that there may be questions of law or fact common to the members of the putative class, if any, those questions do not predominate over questions affecting only individual members, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.  Lead Plaintiff's claims do not otherwise satisfy the requirements of Federal Rule of Civil Procedure 23 for class treatment.

## Twenty-Fourth Defense

Lead Plaintiff is not entitled to rely on the fraud-on-the-market presumption, and is therefore required to prove individual reliance on any alleged misstatements or omissions.

## Twenty-Fifth Defense

To the extent Defendants are found liable, any liability must be apportioned

pursuant to the terms of the Private Securities Litigation Reform Act of 1995 and other applicable law.

### **Twenty-Sixth Defense**

Lead Plaintiff's claims are barred because factors other than the alleged misconduct, including but not limited to the condition and volatility of the stock market and economy, and business and industry conditions, were the actual and/or legal cause of any alleged damages or injury.

### **Twenty-Seventh Defense**

Lead Plaintiff's claims are barred because any damage or injury suffered by Lead Plaintiff and others alleged to be members of the putative class is speculative and not recoverable.

### **Twenty-Eighth Defense**

Lead Plaintiff's claims are barred because Lead Plaintiff and others alleged to be members of the putative class did not reasonably rely on any alleged misstatements or omissions.

### **Twenty-Ninth Defense**

Lead Plaintiff's claims are barred because Lead Plaintiff and others alleged to be members of the putative class did not suffer any damages or injury.

### **Thirtieth Defense**

Lead Plaintiff's claims are barred because Defendants acted in accordance with the rules and regulations set forth by the SEC and other administrative, regulatory, and government agencies.

### **Thirty-First Defense**

Lead Plaintiff's claims are barred because the statements at issue were vague and immaterial and thus not actionable.

### **Thirty-Second Defense**

Defendants did not directly or indirectly induce or foster any violation of the securities laws.

1

## **Thirty-Third Defense**

2     Defendants' purported false statements were not the cause of any drop in the

3 market price of Mullen Auto's stock during the putative class period.

4

## **Thirty-Fourth Defense**

5     The Amended Complaint does not establish loss causation.

6

## **Thirty-Fifth Defense**

7     Lead Plaintiff's claims are barred by the "truth on the market" doctrine because

8 the truth concerning any alleged misrepresentation or omission was at all relevant

9 times already publicly available and/or known to the market and could therefore not

10 defraud the market.

11

## **Thirty-Sixth Defense**

12     Lead Plaintiff's claims are barred because the substance of the information

13 alleged to have been omitted or misrepresented was in fact publicly disclosed by

14 Defendants, and was otherwise publicly available and known by the public.

15

## **Thirty-Seventh Defense**

16     Lead Plaintiff's claims are barred, in whole or in part, because Lead

17 Plaintiff had knowledge of the alleged untruths or omissions at the time she acquired

18 the securities in question.

19

## **Thirty-Eighth Defense**

20     Lead Plaintiff's claims fail to the extent they rely on unproven allegations

21 made in other litigation and/or articles relating thereto.

22

## **Thirty-Ninth Defense**

23     Lead Plaintiff's claims fail because any alleged misstatements contained

24 sufficient cautionary language and risk disclosure.

25

## **Fortieth Defense**

26     Lead Plaintiff and other alleged members of the putative class would have

27 acquired Mullen Auto's stock even if, when acquired, they had known of the alleged

28 misrepresentations or omissions.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS
ACTION COMPLAINT

1

### **Forty-First Defense**

2    Lead Plaintiff's damages, if any, resulted from ongoing economic events, over

3    which Defendants had no control.

4

### **Forty-Second Defense**

5    Any recovery for damages allegedly incurred by Lead Plaintiff and members

6    of the putative class, if any, is subject to offset in an amount including, but not limited

7    to, any tax benefits actually received by Lead Plaintiff or each member of the putative

8    class through its/his/her investments.

9

### **Forty-Third Defense**

10    Defendants hereby reserves their right to assert, at a later date, third-party

11    complaints or cross- claims against other parties for contribution or indemnity.

12    WHEREFORE, Defendants, having fully answered Lead Plaintiff's Amended

13    Complaint, prays:

14    (1)    that the Amended Complaint be dismissed with prejudice;

15    (2)    that judgment be entered in Defendants' favor;

16    (3)    that all costs of this action be taxed against Lead Plaintiff;

17    (4)    that Defendants' attorneys' fees be taxed against Lead Plaintiff

18    pursuant to the  Private Securities Litigation Reform Act of 1995; and

19    (5)    for such other and further relief as the Court deems just and proper.

20

21    Dated: October 24, 2023          **KING & SPALDING LLP**

22

23    By:  */s/Joseph N. Akrotirianakis*
      JOSEPH N. AKROTIRIANAKIS

24    JENNY PELAEZ
      BRIAN P. MILLER

25    SAMANTHA J. KAVANAUGH
      ROSS E. LINZER

26    Attorneys for Defendants
      MULLEN AUTOMOTIVE INC.,

27    MULLEN TECHNOLOGIES, INC.
      AND DAVID MICHERY

28