# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**JOINT RULE 26(f) REPORT** |

Lead Plaintiff Mejgan Mirbaz ("Lead Plaintiff") and Defendants Mullen Automotive, Inc., Mullen Technologies, Inc., and David Michery ("Defendants" and together with Lead Plaintiff, the "Parties") by and through their undersigned counsel, hereby submit this joint report and discovery plan following their Rule 26(f) conference held via telephone on October 25, 2023.

**(1) initial disclosures, preservation of discoverable information, and a discovery plan, including a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date**

The Parties served their initial disclosures on November 8, 2023.

The Parties have discussed negotiating a stipulated confidentiality order and protocol regarding the production of electronically stored information ("ESI"), to be submitted for the Court's approval once agreed. The parties expect these stipulations to address issues regarding disclosure, discovery, preservation, and production form of ESI, among other issues.

The Parties propose a fact discovery cut-off date of October 25, 2024, as reflected in the attached Schedule of Pretrial & Trial Dates Worksheet. The Parties propose that methods of written and deposition discovery may be used in any

sequence within the discovery period, and that the timing of responses to discovery requests shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

Due to the complexity and scope of this securities class action, Lead Plaintiff may request leave of Court to exceed the 10-deposition default number contained in Fed. R. Civ. P. 30(a)(2)(A)(i), depending on the development of facts in discovery. Defendants reserve their right to object to such a request.

**(2) a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date**

The Parties propose a dispositive motion cut-off date of March 25, 2025, following the conclusion of fact discovery on October 25, 2024, and the conclusion of expert discovery on February 28, 2025. Lead Plaintiff plans to file a motion for class certification, and the parties have agreed to June 27, 2024 as the deadline for the motion for class certification.

**(3) a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-15.4 (specifically excluding any statement of the terms discussed)**

The parties have not yet engaged in mediation or alternative dispute resolution. As reflected in the Request: ADR Procedure Selection form filed with this joint report, the parties select ADR Procedure No. 3, private dispute resolution.

**(4) an estimated length of trial and a proposed date for the final pretrial conference and for trial**

The Parties estimate that trial will last approximately two to three weeks. The Parties propose Tuesday, June 24, 2025 for the final pretrial conference, and Tuesday, July 22, 2025 for trial.

**(5) a discussion of other parties likely to be added**

The Parties are not presently aware of any other parties likely to be added.

**(6) whether trial will be by jury or to the court**

1  Trial will be by jury.

2  **(7) any other issues affecting the status or management of the case**

3  The Parties are not presently aware of any other issues affecting the status or management of the case.

**(8) proposals regarding severance, bifurcation or other ordering of proof**

The Parties do not propose any severance, bifurcation, or other ordering of proof.

**(9) a short synopsis of the principal issues in the case**

Lead Plaintiff alleges, on behalf of herself and a proposed class of similarly situated investors, that between June 15, 2020 and April 18, 2022, Defendants knowingly made materially misleading statements and omissions concerning their startup electric vehicle business, in violation of Securities Exchange Act sections 10(b) and 20(a).[1] Defendants deny the allegations and deny wrongdoing. The Parties submit that principal issues in the case are likely to include: whether Defendants' statements and omissions were materially misleading; whether Defendants acted with scienter; whether Defendants caused investors' losses, whether a class can be certified, and the issues raised by Defendants in their Affirmative Defenses [ECF No. 71].

**(10) a statement of whether pleadings are likely to be amended**

Lead Plaintiff does not presently intend to amend the complaint, but reserves the right to seek leave of Court to do so at a later time, if warranted, in accordance with Federal Rule of Civil Procedure 15. Defendants reserve their right to object to such a request.

---

[1] In light of the Court's recent Order Granting In Part And Denying In Part Motion To Dismiss (Dkt No. 68), the Parties presume the Court's familiarity with the allegations in the case and so for the sake of brevity do not provide a detailed description herein.

3

**(11) a statement as to issues which any party believes may be determined by motion**

Lead Plaintiff plans to file a motion for class certification, which Defendants will oppose.

**(12) a statement as to whether the parties consent to a mutually agreeable Magistrate Judge from the Court's Voluntary Consent List**

The Parties do not consent to proceed before a Magistrate Judge.

Dated: November 17, 2023

| | |
|---|---|
| **GLANCY PRONGAY & MURRAY LLP**<br><br>By: *s/ Garth Spencer*<br>Robert V. Prongay (SBN 270796)<br>　rprongay@glancylaw.com<br>Charles Linehan (SBN 307439)<br>　clinehan@glancylaw.com<br>Garth Spencer (SBN 335424)<br>　gspencer@glancylaw.com<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br><br>*Lead Counsel for Lead Plaintiff Mejgan Mirbaz* | **KING & SPALDING LLP**<br><br>By: *s/ Brian P. Miller*<br>JOSEPH N. AKROTIRIANAKIS<br>JENNY PELAEZ<br>BRIAN P. MILLER<br>SAMANTHA J. KAVANAUGH<br>ROSS E. LINZER<br><br>Attorneys for Defendants<br>MULLEN AUTOMOTIVE, INC.,<br>MULLEN TECHNOLOGIES, INC.<br>AND DAVID MICHERY |

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No. 2:22-cv-03026-DMG-AGR-     Case Name: In re Mullen Automotive, Inc. Securities Litigation

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**   [ ] Court   [ X ] Jury<br><br>Duration Estimate: 2-3 weeks | July 22, 2025<br><br>(Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | June 24, 2025<br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | October 25, 2024 |
| Motion Cut-Off   (filing deadline) | at least 13 wks before FPTC | March 25, 2025 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | November 22, 2024 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | January 24, 2025 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | February 28, 2025 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | April 25, 2025 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | May 9, 2025 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | June 6, 2025 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) **Motion for class certification** | | June 27, 2024 |

**EXHIBIT A**

---

[3] Trials commence on Tuesdays.  Final pretrial conferences are held on Tuesdays.

## ATTESTATION

I, Garth Spencer, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 17, 2023         *s/ Garth Spencer*
                                 Garth Spencer

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 17, 2023, I served true and correct copies of the foregoing document by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 17, 2023, at Wilmington, North Carolina.

                                 *s/ Garth Spencer*
                                 Garth Spencer