# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
| | Honorable Alicia G. Rosenberg |
| | **STIPULATION AND CONFIDENTIALITY ORDER** |
| | NOTE CHANGES MADE BY COURT |

The parties to this Stipulated Confidentiality Order ("Order") are engaged in proprietary activities, and could be harmed if certain non-public personal, business, or other sensitive confidential information or documents were disclosed publicly. The parties have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.     Scope.**   All materials produced or adduced in the course of discovery, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material discussed verbally, provided, produced, or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The parties further acknowledge, as set forth in Section 8 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     Confidential Information.**   As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party. Any producing party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order. This includes, but is not limited to, material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including personal financial information such as trading records; (d) medical information concerning any individual; (e)

1

STIPULATION AND CONFIDENTIALITY ORDER

personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records or portions thereof that reveal private information.  Information or documents that are available to the public should not be designated as Confidential Information.

**3.    Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL" by the producing party.  Any producing party may designate any material as "Highly Confidential" under the terms of this Order if such party in good faith believes that the information (regardless of how it is generated, stored, or maintained) that (i) constitutes particularly sensitive trade secrets, technical, commercial, financial, personal, competitive, proprietary, or business information; (ii) for which there is a substantial and imminent risk that absent such designation, disclosure would cause competitive and/or economic harm to the Producing or Designating Party; and (iii) that requires protection beyond that afforded by a Confidential Information designation and should be designated for attorneys' eyes only.

**4.    Designation.**

**a.**    Each party or non-party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material and on all copies in a manner that will not interfere with the legibility of the document.  For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the Confidential Information (e.g., CD-ROM, DVD).  To avoid undue burden and expense, the designating party may choose to designate as Confidential or Highly Confidential an entire document or family of documents,

deposition, transcript, or other material that contains Confidential Information or Highly Confidential Information.  For information produced in some form other than documentary and for any other tangible items, the Producing Party may designate the item as containing Confidential Information or Highly Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

b.      As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

5.      **Depositions.**  All depositions and other pretrial testimony outside of court shall be treated as Highly Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph.  Depositions and other pre-trial testimony outside of court may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony, that either a specific portion of the testimony or the entire transcript shall be treated as Confidential Information or Highly Confidential Information; or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness.  Counsel for the

STIPULATION AND CONFIDENTIALITY ORDER

person being deposed shall, within thirty (30) days after receiving the deposition transcript, designate those portions of the transcript which contain testimony containing Confidential Information or Highly Confidential Information, which shall be protected by the terms of this Order.  The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are [Confidential or Highly Confidential] and Subject to a Protective Order."  Until expiration of the 30-day period, if invoked, the entire deposition transcript will be treated as Highly Confidential, unless designated otherwise at the time of the deposition.

The parties may modify this procedure for any particular deposition or other pre-trial testimony outside of court through agreement on the record at such deposition or testimony, without further order of the Court.

To the extent that testimony is sought concerning Confidential Information or Highly Confidential Information during any deposition or in any other pre-trial venue other than court, any party may exclude any person from the deposition or other venue other than court during such testimony if the Confidential Information or Highly Confidential Information may not be disclosed to such person under the terms of this Order.

**6.      Protection of Confidential or Highly Confidential Material.**

**a.      General Protections.**      Confidential Information, Highly Confidential Information, and information derived therefrom shall be used solely for purposes of this litigation, including any appeal thereof, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

STIPULATION AND CONFIDENTIALITY ORDER

**b.    Limited Third-Party Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(11).  Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information only to the extent reasonably necessary:

1.    Counsel. Outside counsel of record and in-house counsel (as well as their support staff);

2.    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.  Confidential Information may be disclosed only to the named plaintiffs or proposed class representatives and not to any other member of the putative class unless and until a class including the putative member has been certified;

3.    The Court and its personnel;

4.    A court of competent jurisdiction in a proceeding by a party made in connection with this action (e.g., a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits same under seal.

5.    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

STIPULATION AND CONFIDENTIALITY ORDER

6. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored information;

7. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation, litigation, and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

8. Author or recipient. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information. In the event that a non-party witness is authorized to receive protected material that is to be used during his/her deposition but is represented by an attorney not authorized under this Stipulated Protective Order to receive such protected material, prior to commencement of the deposition, the non-party witness' attorney must provide an executed "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A). In the event such attorney declines to sign the "Acknowledgment of Understanding and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the

STIPULATION AND CONFIDENTIALITY ORDER

attorney from disclosing Protected Material in order for the deposition to proceed.

9. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered;

10. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

11. Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**c. Limited Third-Party Disclosures of Highly Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Every person to whom Highly Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order. Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information only to the extent reasonably necessary:

1. Counsel. Outside counsel of record and in-house counsel (as well as their support staff);

2. The Court and its personnel;

3. A court of competent jurisdiction in a proceeding by a party made in connection with this action (e.g., a subpoena or similar discovery request made to obtain discovery material

for use in this action), provided that the disclosing party submits same under seal.

4.  Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

5.  Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored information;

6.  Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation, litigation, and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7.  Author or recipient. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information. In the event that a non-party witness is authorized to receive protected material that is to be used during his/her deposition but is represented by an attorney not authorized under this Stipulated Protective Order to receive such protected material, prior to commencement of the deposition, the non-party witness' attorney must provide an executed "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A). In the event such

STIPULATION AND CONFIDENTIALITY ORDER

attorney declines to sign the "Acknowledgment of Understanding and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

**8.** Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered; and

**9.** Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**d.** This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose. Nothing in this Order shall prevent a producing party from disclosing its own Confidential Information or Highly Confidential Information.

**7. Security and Data Breach**

**a.** Any person in possession of another party's Confidential Information or Highly Confidential Information shall exercise the same care with regard to the storage, custody, or use of such Confidential Information or Highly Confidential Information as they would apply to their own material of the same or comparable sensitivity.

**b.** Receiving parties must take reasonable precautions to protect Confidential Information or Highly Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction.

**c.** If the receiving party discovers a breach (confirmed unauthorized access to any data related to this matter) of security relating to the Confidential Information or Highly Confidential Information of another party, or that it has

STIPULATION AND CONFIDENTIALITY ORDER

disclosed Confidential Information or Highly Confidential Information to any person or in any circumstance not authorized under this Order, by inadvertence or otherwise, the receiving party shall: (1) provide written notice to the designating party of such breach no later than twenty-four (24) hours from receiving party's discovery of the breach; (2) investigate and remediate the effects of the breach or disclosure, and provide designating party with assurance reasonably satisfactory to designating party that such breach shall not recur; (3) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach; (4) use its best efforts to retrieve all unauthorized copies of the Confidential Information or Highly Confidential Information, (5) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (6) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

d.    If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement, or order through legal means. The receiving party agrees to provide reasonable cooperation to the designating party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

8.    **Failure to Designate.** A failure to designate a document as Confidential Information or Highly Confidential Information does not waive the right to so designate the document. A producing party may designate as Confidential or Highly Confidential any discovery material that has already been produced, including discovery material that the producing party failed to designate as Confidential or Highly Confidential, by notifying in writing the party to whom the production has been made that the material constitutes confidential information. If a party designates

a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  The receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information or Highly Confidential Information.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

**9.    Filing of Confidential Information or Highly Confidential Information.**  All Confidential Information or Highly Confidential Information shall be filed with the Court only to the extent necessary to establish a claim or defense or support a motion or opposition.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures for filing under seal set forth in Local Rule 79-5 and ECF Rules of this District, and the Court's Individual Rules.  Where a party seeks to file a document designated as Confidential Information or Highly Confidential Information, the party shall file a motion with the Court seeking to maintain such Confidential Information or Highly Confidential Information under seal.

**10.    Challenges by a Party to Designation as Confidential Information or Highly Confidential Information.**  The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party consistent with the case scheduling order.  Unless and until the challenge

STIPULATION AND CONFIDENTIALITY ORDER

is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information or Highly Confidential Information. The following procedure shall apply to any such challenge.

a. **Meet and Confer.** A party challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party under Local Rule 37-1, et seq. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fifteen (15) business days. Any discovery motion must strictly comply with the assigned judge's procedures and procedures set forth in Local Rules 37-1, 37-2, and 37-3.

b. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of production and persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

11. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be made consistent with the Court's Individual Rules. Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as

Confidential Information or Highly Confidential Information.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12.    Use of Confidential or Highly Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  This order does not govern the use of Confidential or Highly Confidential Information at trial.  Such Information used at trial becomes public absent a separate order by the court upon a legally sufficient showing.  A party that intends to present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case management or other pre trial order, or by a motion in limine.  However, the parties recognize that Ninth Circuit law establishes that any court filed information to be introduced at trial that was previously designated as confidential or maintained pursuant to this protective order would become public upon filing, and that the Court would need to be provided with compelling reasons supported by specific factual findings to rule otherwise.  *See Kamakana v. City and Cty. of Honolulu,* 447 F.3d 1172, 1180-81 (9th Cir. 2006).  As such, the parties may move for such relief.

**13.    Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**a.**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

**b.**    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**c.**    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued.

**d.**    The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  Compliance by a receiving party with a court order directing production will not constitute a violation of this Order.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Information by the other party to this case.

**14.    Disclosure of Privileged Material.**  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, the disclosure of any document or information subject to an applicable privilege shall not be deemed to waive – in this action or in any other federal or state proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

**a.**    Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable

STIPULATION AND CONFIDENTIALITY ORDER

privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

**b.** The receiving party shall, upon request, (i) refrain from disclosure of the privileged materials and refrain from examining the materials any more than is essential to ascertain if the materials may be privileged, (ii) within three business days, return to the producing party, sequester or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court. Within ten business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials. The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information is in fact privileged or entitled to protections of immunity.

**c.** The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged, however, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing. Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. If such a sealed filing is made or is being promptly prepared, the receiving party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity. The producing party must preserve the information until the claim is resolved.

**d.**    If any information, document, or thing has been offered at a deposition, ~~or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion~~ and the producing party claims that such information, document, or thing filed under seal or in redacted form was produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the producing party, within five (5) business days of the deposition ~~or filing and service of the dispositive motion or opposition to dispositive motion,~~ shall identify the disclosed material and simultaneously produce to all parties a privilege log specifically identifying the disclosed material and a basis for the claim of privilege or work-product immunity.  Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue.  If, after the parties meet and confer, they cannot reach agreement, the producing party shall, within five (5) business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise.  Any portion of the deposition transcript discussing or reflecting the disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved.  Nothing in this Protective Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege.  Nothing in this Protective Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim.

If the disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion ~~for a protective order under Rule 26(c)~~ shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

STIPULATION AND CONFIDENTIALITY ORDER

**15.   Obligations on Conclusion of Litigation.**

**a.   Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**b.   Obligations at Conclusion of Litigation.**  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal or final disposition, all Confidential Information or Highly Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(b), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  The Court is not obligated to return or destroy any exhibits or documents that have been made part of the record.

**c.   Retention of Work Product and one set of Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, provided that such counsel maintain the confidentiality thereof.  Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

**16.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**19.** **Third Parties.** Third parties producing documents in this action may also designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to the same protections, obligations, and constraints as the parties to the action. A copy of this Stipulated Confidentiality Order shall be served along with any subpoena or document request served on third parties in connection with this action. All documents produced by such third parties shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL unless otherwise specified by the third party, for a period of 14 days from the date of their receipt, and during that period any party or the third party may designate such documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Stipulated Confidentiality Order.

**SO ORDERED.**

**Dated:** December 29, 2023

_____
Honorable Alicia G. Rosenberg
U.S. Magistrate Judge

18
STIPULATION AND CONFIDENTIALITY ORDER

WE SO MOVE and agree to abide by the terms of this Order.

Dated: December 28, 2023

| GLANCY PRONGAY & MURRAY LLP | KING & SPALDING LLP |
|---|---|

By: *s/ Garth Spencer*  
Robert V. Prongay (SBN 270796)  
  *rprongay@glancylaw.com*  
Charles Linehan (SBN 307439)  
  *clinehan@glancylaw.com*  
Garth Spencer (SBN 335424)  
  *gspencer@glancylaw.com*  
GLANCY PRONGAY & MURRAY LLP  
1925 Century Park East, Suite 2100  
Los Angeles, California 90067  
Telephone: (310) 201-9150  
Facsimile: (310) 201-9160  

*Lead Counsel for Lead Plaintiff Mejgan Mirbaz*

By: *s/ Jenny Pelaez*  
JOSEPH N. AKROTIRIANAKIS  
JENNY PELAEZ  
BRIAN P. MILLER  
SAMANTHA J. KAVANAUGH  
ROSS E. LINZER  

Attorneys for Defendants  
MULLEN AUTOMOTIVE, INC.,  
MULLEN TECHNOLOGIES, INC.  
AND DAVID MICHERY

19

STIPULATION AND CONFIDENTIALITY ORDER

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1.      I, _____, state that:

2.      My address is, _____.

3.      My current employer is, _____.

4.      My present occupation or job title is _____.

5.      I hereby acknowledge that I have read the Confidentiality Order dated _____, 2023 in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms.

6.      I submit to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Confidentiality Order and understand that the terms of the Confidentiality Order obligate me to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm or concern.

7.      I further understand that I am to retain all copies of all protected material provided to me in the Action in a secure manner, and that all copies of such protected material are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such protected material will be returned to counsel who provided me with such protected material.

1

STIPULATION AND CONFIDENTIALITY ORDER

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name (print):_____          Job Title: _____

Signature:_____          Employer: _____

Date:_____          Business Address: _____

_____

_____

STIPULATION AND CONFIDENTIALITY ORDER

**ATTESTATION**

I, Garth Spencer, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 28, 2023                 *s/ Garth Spencer*
                                          Garth Spencer

0
STIPULATION AND CONFIDENTIALITY ORDER