# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE TO THE CLASS** |

WHEREAS, a consolidated class action is pending in this Court entitled *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 2:22-cv-03026-DMG (AGR) (the "Action");[1]

WHEREAS, subject to approval of this Court, Lead Plaintiff Mejgan Mirbaz, on behalf of herself and the Settlement Class, and defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech") and David Michery, (the "Individual Defendant"; and, together with Mullen Auto and Mullen Tech, the "Defendants"; and together with Lead Plaintiff, the "Parties") have agreed to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation; and

WHEREAS, Lead Plaintiff has made an application, pursuant to Federal Rule of Civil Procedure ("Rule") 23, for an order preliminarily approving the Settlement, certifying the Settlement Class for purposes of the Settlement only, and approving the form and manner of providing notice of Settlement to Settlement Class Members, in accordance with the Stipulation, as more fully described herein.

THEREFORE, the Court having read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and exhibits annexed thereto (the "Exhibits"),

IT IS HEREBY ORDERED THAT:

1.    **Preliminary Approval of Settlement** – Pursuant to Rule 23(e), the Court preliminarily approves the Settlement, in accordance with the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them as in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation").

consideration at the Settlement Hearing to be conducted as described below in paragraph 4 of this Order.

2. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3), the Court certifies, solely for purposes of effectuating the proposed Settlement, the Settlement Class as defined in the Stipulation.

3. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action. The Court hereby finds and concludes that pursuant to Rule 23, and for the purposes of the Settlement only, Lead Plaintiff is an adequate class representative and certifies her as Class Representative for the Settlement Class. The Court also appoints Lead Counsel, the law firm of Glancy Prongay & Murray LLP, including Garth Spencer, Esq., as Class Counsel for the Settlement Class, pursuant to Rule 23(g).

4. **Settlement Hearing and Motions Relating Thereto** – The Court will hold a final fairness hearing (the "Settlement Hearing") on _____, 2024 at __:__ _.m. in Courtroom 8C of the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, a date that is at least one hundred (100) calendar days from the entry of this Order, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and warrants final approval by the Court; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the Fee and Expense Application should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be provided to Settlement Class Members as set forth in paragraph 6 of this Order.

5.      **Settlement Hearing Process** – The Court reserves the right to adjourn the date of the Settlement Hearing, or hold the Settlement Hearing by video or telephonically, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  In the event the Court adjourns the date of the Settlement Hearing, or elects to hold the Settlement Hearing by video or telephonically, notice of the change shall be posted by Class Counsel on the Settlement Website.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

6.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)     within ten (10) business days of the date of entry of this Order, Mullen Auto shall use its best efforts to provide or cause to be provided to Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, Lead Plaintiff, or the Claims Administrator) reasonably available transfer records reflecting ownership or acquisition of Mullen Securities during the Settlement Class Period, in electronic searchable form, such as Excel, containing relevant

information including, without limitation, names, mailing addresses and email addresses, if available.

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Postcard Notice by First-Class Mail to all potential Settlement Class Members who can be identified with reasonable efforts, including through the records provided by Mullen Auto pursuant to paragraph 6(a).

(c)    contemporaneously with the commencement of the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Stipulation (and the Exhibits), the Notice, the Summary Notice, the Claim Form, and this Order to be posted on the Settlement Website, from which copies of those documents can be downloaded.  The Claims Administrator shall also post copies of the Fee and Expense Application and the motion for final approval on the Settlement Website once they become available;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    No later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall provide the Court, and all parties to the Action, proof of the mailing the Postcard Notice and publication of the Summary Notice, by way of an affidavit or declaration.

7.    **Payment of Notice Expenses** – All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid for by the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendants' Parties bear any responsibility for such fees, costs, or expenses; except, as provided in paragraph 6(a) herein, Mullen Auto shall be responsible for the costs and expenses of providing to Lead Counsel or the Claims Administrator

reasonably available transfer records, for purposes of disseminating notice of Settlement to the Class, as set forth in the Stipulation.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content the Notice, the Proof of Claim and Release Form, the Summary Notice, and the Postcard Notice annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively; and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Stipulation, the Notice, the Proof of Claim and Release Form, and this Order, and other relevant documents online, and the publication of the Summary Notice in the manner and form set forth in paragraph 6(d) of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's Fee and Expense Application, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's Fee and Expense Application, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (as amended).  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Mullen Securities during the Settlement Class Period for the benefit of another Person shall, within seven (7) calendar days of receipt of the Postcard Notice: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7)

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Proof of Claim and Release Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice themselves for mailing. Postcard Notices may only be printed by the Claims Administrator.

10.      **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim and Release Form in accordance with the instructions contained therein.   Unless the Court orders otherwise, all Proof of Claim and Release Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept late-submitted claims for

processing by the Claims Administrator, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. **<u>Proof of Claim and Release Form</u>** – Each Proof of Claim and Release Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of paragraph 10; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim and Release Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12. **<u>Failure to Submit Proof of Claim and Release Form</u>** – Any Settlement Class Member who does not timely and validly submit a Proof of Claim and Release Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions of the proceeds of the Net Settlement Fund; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and

(d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10.

13.   **Exclusion From the Settlement Class** – Any Settlement Class Member who wishes to exclude himself, herself or itself from or "opt out" of the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice (a "Request for Exclusion"), which shall provide that: (a) any such Request for Exclusion from the Settlement Class must be mailed or delivered such that it is received by, or postmarked no later than, thirty (30) calendar days prior to the Settlement Hearing, at the following address:  *In re Mullen Automotive Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each Request for Exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 22-3026-DMG (AGR)"; (iii) provide a list identifying the number and type of Mullen Securities that the Person requesting exclusion purchased, acquired, wrote and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing; and (iv) be signed by the Person requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the required information and is received by, or postmarked within, the time stated above, or is otherwise accepted by the Court.

a.   Lead Counsel and/or the Claims Administrator shall provide copies of all Requests for Exclusion to Defendants' Counsel no later than five (5) business days after their receipt by the Claims Administrator.  Notwithstanding the foregoing, all Requests for Exclusion shall be provided to Defendants' Counsel no

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

later than twenty-one (21) calendar days before the Settlement Hearing. Any later-received Requests for Exclusion shall be provided to Defendants' Counsel within two (2) business days of receipt by Lead Counsel. Lead Counsel and/or the Claims Administrator shall also provide Defendants' Counsel any written revocation of Requests for Exclusion promptly upon receipt and as expeditiously as possible.

b. Any Settlement Class Member who or which timely and validly requests exclusion in compliance with the terms stated in this Order and in the time and manner set forth in the Notice, and is excluded from the Settlement Class, shall have no rights under the Settlement, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement, or any orders or Judgment in the Action, if entered, and shall not receive any payment out of the Net Settlement Fund.

c. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order and in the time and manner set forth in the Notice: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including but not limited to the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

14. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14(a) below, such that it is received no later than

twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

a.    Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application unless that Person has submitted a written objection to the Claims Administrator and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received by, or postmarked no later than, twenty-eight (28) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | King & Spalding LLP |
| Garth Spencer, Esq. | Brian P. Miller, Esq. |
| 1925 Century Park East, Suite 2100 | 200 S. Biscayne Boulevard, Suite 4700 |
| Los Angeles, CA 90067 | Miami, FL 33131 |

b.    Any written objections, filings, and/or other submissions by the objecting Settlement Class Member must include: (a) the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the objecting Settlement Class Member wishes to bring to the Court's attention; and (c) documents sufficient to prove membership in the Settlement Class, including the number and

type of Mullen Securities that the Person objecting purchased, acquired, wrote and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing.

c.      The deadline to file any replies to any objections shall be fourteen (14) calendar days prior to the Settlement Hearing.

d.      Any Settlement Class Member or other Person who timely and validly objects may attend the Settlement Hearing, but is not required to do so. Persons who wish to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate their intention to appear at the Settlement Hearing in their written objection.  Persons who intend to appear and present evidence at the Settlement Hearing in support of their objection must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence.

e.      Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the Fee and Expense Application, or from otherwise being heard concerning the Settlement, the Plan of Allocation or Fee and Expense Application, in this or any other proceeding.

15.    **Stay of Action and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to implement the Settlement or carry out or enforce the terms and conditions of the Stipulation or other agreement of the Parties.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff from commencing or prosecuting, directly, indirectly, representatively, or in any other capacity, any and all of the Released Plaintiff's Claims against each and all of the

Released Defendants' Parties in any court of law or equity, arbitration tribunal, or administrative forum.

16. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

17. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Released Defendants' Parties Responsibility** – None of the Released Defendants' Parties shall have any responsibility for: (a) the Plan of Allocation; (b) the preparation of tax returns or any payment of Taxes owed with respect to the Settlement Fund; or (c) the Fee and Expense Application submitted by Lead Counsel. Such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and the Settlement of the Action.

20.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of May 16, 2024, as provided in the Stipulation.

21.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded

the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.     **Supporting Papers** – Lead Counsel shall file their opening briefs in support of final approval of the Settlement, the Plan of Allocation, and their Fee and Expense Application no later than forty-two (42) calendar days prior to the Settlement Hearing, providing all documents in support thereof.  Reply papers, if any, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing

23.     **Class Action Fairness Act** – At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. ("CAFA").  Defendants shall be responsible for all costs and expenses related to providing the CAFA notice.

24.     **Joint Status Report** – If the Parties encounter any difficulties in connection with the matters governed by this Order, they shall forthwith file a joint status report to alert the Court of any such development.

25.   **<u>Retention of Jurisdiction</u>** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Dolly M. Gee
United States District Judge

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE