# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of August 14, 2024 (the "Stipulation")[1] is entered into by and among: (i) Mejgan Mirbaz ( "Lead Plaintiff"), on behalf of herself and the Settlement Class; and (ii) defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech"), and David Michery ("Michery"; together with Mullen Auto and Mullen Tech, the "Defendants"), by and through their respective counsel. This Stipulation embodies the terms and conditions of the Parties' settlement of the above-captioned action (the "Action"). Subject to the approval of the United States District Court for the Central District of California (the "Court") and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims against Defendants.

I.     **THE LITIGATION**

The Action is pending in the Court before the Honorable Dolly M. Gee, United States District Judge for the Central District of California. The initial class action complaint in this Action was filed on May 5, 2022, styled *Schaub v. Mullen Automotive, Inc. et al.*, Case No. 2:22-

---

[1]  All capitalized terms used but not otherwise defined shall have the meanings ascribed to them in § IV.1 herein, and § IV.1 shall control over any conflicting definition of a capitalized term.

cv-03026-DMG (AGR).  A second class action complaint was filed in the Court on May 12, 2022, styled *Gru v. Mullen Automotive, Inc. et al.*, Case No. 8:22-cv-00976-DMG (AGR).

By order dated August 4, 2022, the Court ordered that the cases be consolidated under the caption *In re Mullen Automotive, Inc., Securities Litigation*, Case No. 2:22-cv-03026-DMG (AGRx).  ECF No. 28.  The Court also appointed Mejgan Mirbaz Lead Plaintiff for the consolidated action, and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).  *Id*.

On September 23, 2022, Lead Plaintiff filed and served the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against: (i) Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) defendant Michery under Section 20(a) of the Exchange Act.  ECF No. 42.  The Complaint alleged that throughout the putative class period (June 15, 2020 through April 18, 2022, inclusive), before and after Mullen Tech's reverse merger with Net Element Inc. ("Net Element") the Defendants allegedly made materially false and misleading statements and/or omitted material information, causing Mullen Auto's (and its predecessor, Net Element's) common stock to trade at artificially inflated prices, until the market learned of the purported misrepresentations and/or omissions, resulting in the decline in price of Mullen Auto common stock.  *See id*.

On November 22, 2022, Defendants filed a motion to dismiss the Complaint.  ECF Nos. 52-53.  On January 13, 2023, Lead Plaintiff filed her papers in opposition to the motion to dismiss. ECF Nos. 56-58.  On February 13, 2023, Defendants filed their reply papers in support of their motion to dismiss.  ECF No. 62.  Lead Plaintiff and Defendants also filed requests for leave to file

notices of recent decisions (ECF Nos. 59, 65), which were granted by the Court. ECF Nos. 60, 66.

By order dated September 28, 2023, the Court granted in part, and denied in part Defendants' motion to dismiss the Complaint. ECF No. 68. Defendants answered the Complaint on October 24, 2023. ECF No. 71.

Between October 2023 and April 2024, the Parties actively engaged in discovery in the Action. On October 25, 2023, the Parties held their Rule 26(f) conference. The Parties' Joint Scheduling Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure was filed on November 17, 2023. ECF No. 73. Lead Plaintiff produced documents to Defendants, which included, among other things, brokerage account documents, records of transactions in Mullen Auto stock, Twitter posts, and her LinkedIn profile. Defendants produced approximately 3,000 documents to Lead Plaintiff (over 15,000 pages), including certain of Defendants' emails and business records. The Parties also engaged in third-party discovery, issuing subpoenas *duces tecum* to non-parties, who produced over 2,000 documents in response to those subpoenas. Lead Plaintiff deposed a third-party during this time.

On February 22, 2024, the Court entered the Scheduling and Case Management Order For Jury Trial. ECF No. 80. On February 23, 2024, the Court referred the case to private mediation, in accordance with the Parties' ADR procedure selection. ECF No. 81.

On April 2, 2024, the Parties attended a full-day, in-person mediation session before Robert A. Meyer, Esq. of JAMS. In advance of that session, the Parties exchanged, and provided to Mr. Meyer, detailed mediation statements and exhibits, which addressed the issues of both liability and damages. At the mediation session, Mr. Meyer ultimately made a mediator's recommendation to resolve the Action for $7,250,000.00 in cash, which the Parties accepted, subject to certain terms

and conditions memorialized in a term sheet dated May 16, 2024 (the "Term Sheet"). The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $7,250,000.00 for the benefit of the Settlement Class, subject to certain terms and conditions, execution of a customary "long form" stipulation and agreement of settlement and related papers, and approval by the Court. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

## II.   LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Based upon their investigation, prosecution and mediation of the Action, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of her counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiff in this Action and any wrongdoing whatsoever. This Stipulation shall in no event be construed or deemed to be evidence of or an

admission or concession on the part of any of the Defendants with respect to any actual or potential claim, or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted on behalf of any of the Defendants. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have determined that it is desirable to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiff Parties shall be compromised, settled and released, and the Action shall be dismissed with prejudice, without costs as to the Lead Plaintiff or Defendants (except as hereafter provided), subject to the terms and conditions set forth below.

1.    **Definitions**

As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

1.1.    "Action" means the above-captioned securities class action, styled *In re Mullen Automotive, Inc. Securities Litigation*, Case No. 2:22-cv-03026-DMG-AGR (C.D. Cal.), and includes all actions consolidated therein.

1.2.    "Authorized Claimant" means a Settlement Class Member that submits a Proof of Claim and Release Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

1.3.    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release Form or an electronic claim that is submitted to the Claims Administrator.

1.4.    "Claimant" means any Person who or which submits a Proof of Claim and Release Form seeking to share in the distribution of the Net Settlement Fund.

1.5.    "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.6.    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.7.    "Defendants" means Mullen Automotive Inc., Mullen Technologies Inc., and David Michery.

1.8.    "Defendants' Counsel" means King & Spalding LLP.

1.9.    "Derivative Actions" means, collectively: (a) *In re Mullen Automotive, Inc. Derivative Litigation*, Case No. 2:22-cv-05336 (C.D. Cal.); (b) *Hany Morsy v. David Michery, et*

*al.*, Case No. 2:22-cv-07139-DMG-AGR (C.D. Cal.); (c) *Trinon Coleman v. David Michery*, Case No. 2023-1228 (Delaware Court of Chancery); and (d) *Marius Martis v. David Michery, et al.*, Case No. 2:24-cv-02908-BRM-AME (D.N.J.) (voluntarily dismissed by plaintiff on June 13, 2024, and not refiled as of entry into this Stipulation).

1.10.    "D&O Insurers" means Defendants' D&O liability insurance carriers.

1.11.    "Effective Date" or the date upon which this Settlement becomes effective, means the first date by which all of the events and conditions specified in ¶ 7.1 of this Stipulation have been met and have occurred or have been waived.

1.12.    "Escrow Account" means an interest-bearing escrow account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

1.13.    "Escrow Agent" means The Huntington National Bank.

1.14.    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

1.15.    "Excluded Claims" means any claims: (i) relating to the enforcement of the Settlement; (ii) of any Person who or which submits a request for exclusion that is accepted by the Court; or (iii) asserted derivatively on behalf of Mullen Auto or Mullen Tech, including in any of the Derivative Actions.

1.16.    "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

1.17.    "Fee and Expense Application" means an application to the Court for an award for attorneys' fees to Lead Counsel, and Litigation Expenses, to be paid solely from (and out of) the Settlement Fund.

1.18.    "Final" means, with respect to any order of the Court, including without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or materially altered and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order becomes Final when: (a) either no appeal has been filed and the expiration date for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment, has passed; or (b) an appeal has been filed and either, (i) the court of appeals has either affirmed the order or Judgment or dismissed the appeal and the time for any reconsideration or further appellate review has passed, or (ii) the United States Supreme Court has granted further appellate review and has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; (ii) the Plan of Allocation (as submitted or subsequently modified); or (iii) determinations by the Claims Administrator related to Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.19. "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law; with "spouse" meaning a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.20. "Judgment" means the Final Judgment and Order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.21. "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

1.22. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to her representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

1.23. "Mullen Securities" means the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., publicly traded call options on such stock, and publicly traded put options on such stock.

1.24. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Court-awarded attorneys' fees, Litigation Expenses, and interest thereon; and (iv) any other Court approved deductions.

1.25. "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form

attached hereto as Exhibit A-1, which shall be made available online at a website maintained by the Claims Administrator (the "Settlement Website") or mailed to Settlement Class Members upon request.

1.26.    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred by the Escrow Agent in connection with the Escrow Account.

1.27.    "Officer(s)" means any officer as that term is defined in Exchange Act Rule 16a-1(f).

1.28.    "Parties" means Defendants, and Lead Plaintiff on behalf of herself and the Settlement Class.  Each of the Parties is a "Party."

1.29.    "Person(s)" means any individual, corporation (including all divisions), partnership, limited liability partnership, company or corporation, limited partnership, professional corporation, association, joint venture, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of business or legal entity.

1.30.    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

1.31.    "Postcard Notice" means the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to Settlement Class Members.

1.32.   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

1.33.   "Proof of Claim and Release Form" or "Proof of Claim" means the form, substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.34.   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

1.35.   "Released Claims" means, collectively, all Released Plaintiff's Claims and all Released Defendants' Claims.

1.36.   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, against the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

1.37.   "Released Defendants' Parties" means (i) each Defendant; (ii) Defendant Mullen Auto's predecessor Net Element; (iii) Michery's Immediate Family Members; (iv) whether or not identified in any complaint filed in the Action, each of Defendants' and Net Element's respective past and current parents, associates, affiliates, subsidiaries, officers, directors, executives, agents,

representatives, successors, predecessors, assigns, assignees, partnerships, partners, general partners, limited partners, principals, shareholders, joint venturers, employees, contractors, consultants, experts, auditors, accountants, financial advisors, trustees, trusts, heirs, executors, administrators, insurers, reinsurers, underwriters, professional advisors, law firms and attorneys affiliated with such law firms, in their capacities as such; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

1.38.   "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint [ECF No. 42]; or (ii) could have asserted in any forum that arise out of or are based upon, or relate to (a) the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings; and (c) the purchase, sale, or acquisition of publicly traded Mullen Securities during the Settlement Class Period.  Released Plaintiff's Claims will not include any claims: (i) relating to the enforcement of the Settlement; (ii) of any Person who or which submits a request for exclusion that is accepted by the Court; or (iii) asserted derivatively on behalf of Mullen Auto or Mullen Tech, including in any of the Derivative Actions.

1.39.   "Released Plaintiff Parties" means (i) Lead Plaintiff, all other Settlement Class Members, any other plaintiffs in the Action and their counsel, and Lead Counsel, and (ii) each of

their respective Immediate Family Members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such. Released Plaintiff Parties do not include any Person who would otherwise be a Settlement Class Member, but who validly and timely requests exclusion from the Settlement Class.

1.40.   "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Plaintiff Parties.

1.41.   "Releases" means the releases set forth in ¶¶ 4.2-4.4 of this Stipulation.

1.42.   "Settlement" means the resolution of the Action in accordance with the terms and conditions set forth in this Stipulation.

1.43.   "Settlement Amount" means $7,250,000.00 (Seven Million, Two Hundred and Fifty Thousand U.S. Dollars) in cash to be paid by check or wire transfer to the Escrow Agent pursuant to ¶ 2.1 hereof.

1.44.   "Settlement Class" means all Persons that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the Settlement Class Period, and who suffered economic losses as a proximate result of the alleged wrongdoing. Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants, Net Element, and the Excluded Entities; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any Person

who served as an Officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities during the Settlement Class Period and their Immediate Family Members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which Michery is the settler or which is for the benefit of Michery and/or his Immediate Family Members; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any Persons who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are Persons that directly or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants.

1.45.   "Settlement Class Member" means each Person who or which is a member of the Settlement Class.

1.46.   "Settlement Class Period" means the period commencing on June 15, 2020 and ending on April 17, 2022, both dates inclusive.

1.47.   "Settlement Fund" means the Settlement Amount, plus any and all interest earned thereon.

1.48.   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.49.   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.50.    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

1.51.    "Term Sheet" means the Settlement term sheet executed on behalf of the Parties and dated May 16, 2024.

1.52.    "Unknown Claims" means: (i) any Released Plaintiff's Claim which Lead Plaintiff, any other Settlement Class Member, or any other Person legally entitled to bring Released Plaintiff's Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims; and (ii) any Released Defendants' Claims which Defendants, or any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims; which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

    **2.**      **The Settlement**

        **a.**      **The Settlement Fund**

    2.1.    In consideration of the terms of this Stipulation and the full and final settlement, resolution, release and discharge of the Released Plaintiff's Claims against the Released Defendants' Parties, Defendants and/or their D&O Insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' counsel's receipt from Lead Counsel of (i) the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, as well as the name and phone number of a person who can verify the wire instructions; and (ii) a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

    2.2.    If Defendants fail to cause the Settlement Amount to be paid, or if the entire Settlement Amount is not timely deposited into the Escrow Account in accordance with the terms of this Stipulation: (a) Defendants cannot terminate the Settlement; and (b) Lead Plaintiff may apply to the Court to enforce the terms of the Settlement, and if Defendants have not paid or caused

to be paid the Settlement Amount within ten (10) calendar days of the Court's ruling granting such motion, Lead Counsel may terminate the Settlement.

2.3.     Other than the obligation to pay or cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 2.1 herein, Defendants shall have no obligation to cause any other payment, or make any other payment, into the Escrow Account or Settlement Fund pursuant to this Stipulation.

2.4.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶ 5.8 below.

### b.     The Escrow Agent

2.5.     Except as provided in this Stipulation, or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order(s) of the Court.

2.6.     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 hereof, and any other funds in the Escrow Account, exclusively in short term United States Agency or Treasury Securities or other instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the

proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund, and the Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.7.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or order of the Court, Notice and Administration Costs, to include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred, and fees charged, by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants or any other Person who or which paid any portion of the Settlement Amount.

**c.    Taxes**

2.8.    Pursuant to § 468B of the Internal Revenue Code of 1986 and the Treasury regulations promulgated thereunder, the Parties agree that:

a.    The Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed timely all informational and other federal, state, or local

tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund. The Released Defendants' Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Settlement Fund to be treated as coming into existence as a qualified settlement fund at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

b.      All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants' Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred by Lead Counsel, the Escrow Agent, or their agents in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs

and expenses relating to filing (or failing to file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.

        c.    In all events the Released Defendants' Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or Tax Expenses, or for the acts or omissions of Lead Counsel, the Escrow Agent, or their agents with respect to the payment of Taxes, as described herein.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendants' Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund pursuant to the disbursement instructions to be set forth in the Escrow Agreement without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2($l$)(2)); the Released Defendants' Parties and their counsel shall have no liability or responsibility whatsoever with respect thereto.  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

        2.9.    The Settlement is not a claims-made settlement.  As of the Effective Date, no Defendant, Released Defendants' Party, D&O Insurer, or any other Person who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims

submitted, the collective amount of recognized Claims of Authorized Claimants, the percentage of
recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement
Fund.  The Released Defendants' Parties shall not be liable for the loss of any portion of the
Settlement Fund, nor shall they have any liability, obligation, or responsibility for the payment of
Claims, Taxes, Tax Expenses, or any other expenses payable from the Settlement Fund, other than
the obligation of Defendants and/or their D&O Insurers to pay or cause to be paid the Settlement
Amount as set forth in ¶ 2.1.

**d.     Termination of Settlement**

2.10.    In the event that this Stipulation is not approved or the Settlement is not approved
by the Court, or is terminated as provided in this Stipulation, or the Effective Date otherwise fails
to occur (including, without limitation, in the event the Judgment is reversed or vacated or
materially altered following any appeal taken therefrom, or is successfully collaterally attacked),
the Settlement Fund (including accrued interest) less Notice and Administration Costs, Taxes and
Tax Expenses paid, incurred, or due and owing pursuant to ¶¶ 2.7 and 2.8 herein, shall be refunded
to the Party or Person(s) who originally paid the Settlement Amount into the Escrow Account, in
proportion to their respective contribution in accordance with ¶ 2.1 hereof.

**3.     Notice Order and Settlement Hearing**

3.1.    Within ten (10) business days after execution of this Stipulation, Lead Counsel shall
use best efforts to submit this Stipulation with the Exhibits annexed hereto to the Court and apply
for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit
A, requesting, *inter alia*, (i) preliminary approval of the Settlement; (ii) certification of the
Settlement Class for purposes of the Settlement only; (iii) authorization to provide notice of the
Settlement to the Settlement Class through the posting of the Notice on the Settlement Website

(substantially in the form attached hereto as Exhibit A-1), publication of the Summary Notice (substantially in the form attached hereto as Exhibit A-3), and mailing of the Postcard Notice (substantially in the form attached hereto as Exhibit A-4); and (iv) scheduling of a hearing for consideration of final approval of the Settlement; the relief sought shall be unopposed by Defendants.

3.2.    Lead Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the Court's entry of the Preliminary Approval Order, the Court hold a Settlement Hearing to approve the Settlement of the Action pursuant to this Stipulation.

3.3.    At the Settlement Hearing, the Lead Plaintiff shall apply for, and Defendants will support, entry of the Judgment, substantially in form of Exhibit B, requesting, *inter alia*, (i) final approval of the Settlement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23; (ii) final certification of the Settlement Class; (iii) dismissal of the Action against all Defendants with prejudice, without cost to any party, except as provided for herein; (iv) a permanent bar and enjoinment of any Released Plaintiff Parties from prosecuting, directly or indirectly, representatively, or in any other capacity, any and all of the Released Plaintiff's Claims against any of the Released Defendants' Parties in any court of law or equity, arbitration tribunal, or administrative forum; (v) a permanent bar and enjoinment of any Released Defendants' Parties from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties in any court of law or equity, arbitration tribunal, or administrative forum; and (vi) the reservation of the Court's jurisdiction over the Action, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation.

3.4.    At or after the Settlement Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.5.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 et seq. ("CAFA").  Defendants shall be responsible for all costs and expenses related thereto.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

**4.    Release of Claims**

4.1.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.2.     Upon the Effective Date of the Settlement, as defined in ¶ 7.1 hereof, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.  This release shall not apply to any Excluded Claim.

4.3.     Any Proof of Claim and Release Form that is executed by Settlement Class Members shall release all Released Plaintiff's Claims against the Released Defendants' Parties

23

and shall be substantially in the form of Exhibit A-2 attached hereto, subject to approval by the Court.

4.4.     Upon the Effective Date of the Settlement, as defined in ¶ 7.1 hereof, Defendants, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  This release shall not apply to any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4.5.     The Parties have negotiated and agreed to a bar order to be included in the Court's Final Judgment that provides: "Without further action by anyone, upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Action (i) by any Person against any of Released Defendants' Parties, or (ii) by any of Released Defendants' Parties against any other Person, other than a Person whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); provided, however, the Bar Order shall not (i) release any claims relating to the enforcement of the Settlement or any claims of any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (ii) preclude the Defendants from seeking to enforce any rights of contribution or indemnification that any Defendant may have under any contract, corporate charter, or bylaw, or any right for insurance coverage under any insurance, reinsurance, or indemnity policy.  For the avoidance of

doubt, the Bar Order does not bar or impair (i) any claims asserted derivatively on behalf of Mullen Auto or Mullen Tech in the Derivative Actions; (ii) any claims relating to the enforcement of the Settlement; (iii) any claims by Defendants against their D&O Insurers; or (iv) any Excluded Claims."

4.6.    Notwithstanding ¶¶ 4.2-4.5 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

5.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1.    As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator, subject to approval by the Court, and such supervision and direction of Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members, including but not limited to the process of receiving, reviewing and approving or denying Claims, and shall oversee distribution of the Net Settlement Fund, as defined herein, to Authorized Claimants.  Other than Mullen Auto's obligation to provide its securities holders records as provided in ¶ 5.2 below, none of the Released Defendants' Parties shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person, including, but not limited to Lead Plaintiff, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2.    For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Mullen Auto shall

use its best efforts to provide, or cause to be provided, to Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, Lead Plaintiff, or the Claims Administrator) reasonably available transfer records reflecting ownership or acquisition of Mullen Securities during the Settlement Class Period, in electronic searchable form, such as Excel, containing relevant information including, without limitation, names, mailing addresses and email addresses, if available.

5.3.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to: (i) post downloadable copies of the Notice and Proof of Claim on the Settlement Website; and (ii) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  Defendants shall have the right to approve the URL address for the Settlement Website maintained for the purposes of providing information to the Settlement Class prior to its creation, provided that such approval shall not be unreasonably withheld.  It shall be solely Lead Counsel's responsibility to disseminate the Notice, Postcard Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Defendants' Parties with respect to any claims they may have that arise from any failure of the notice process.

5.4.    The Notice shall state that Settlement Class Members must submit Claims to be eligible to share in the Net Settlement Fund.  The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid and timely Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized

Claimant's recognized Claim compared to the total recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.5.    Defendants will take no position with respect to the Plan of Allocation.  The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Released Defendants' Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Released Defendants' Parties, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

5.6.    Any Settlement Class Member who does not submit a valid Proof of Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

5.7.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Released Defendants' Parties, shall be permitted to review, contest or

object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

5.8.    The Settlement Fund shall be applied as follows:

(a)    To pay all Notice and Administration Costs;

(b)    To pay the Taxes and Tax Expenses;

(c)    To pay attorneys' fees of Lead Counsel and Litigation Expenses as awarded by the Court; and

(d)    After the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or by the order(s) of the Court.

5.9.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant eligible for payment from the Net Settlement Fund, the following conditions shall apply:

(a)    Each Settlement Class Member seeking payment from the Net Settlement Fund shall be required to timely submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Proof of Claim forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who

fails to timely submit a Proof of Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants' Parties with respect to any Released Plaintiff's Claims. Provided that it is mailed by the claim-submission deadline, a Proof of Claim and Release Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Proof of Claim forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

5.10.   All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.11.   Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net

Settlement Fund to Authorized Claimants from the Escrow Account.

5.12.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any and all Released Defendants' Parties with respect to any and all of the Released Plaintiff's Claims.

5.13.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

5.14.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including but not limited to, any adjustments to an Authorized Claimants' Claim set forth therein, is not a necessary term or a condition of this Stipulation and is intended by the Parties to be considered by the Court separately from the Court's consideration of the fairness,

reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Therefore, it is the Parties' understanding that the time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been approved.

### 6.     Lead Counsel's Fee and Expense Application

6.1.     Lead Counsel will submit its Fee and Expense Application, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to her representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's Fee and Expense Application is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

6.2.     The allowance or disallowance by the Court of any applications by any Lead Counsel for fees and expenses to be paid out of the Settlement Fund is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein, and is intended by the Parties to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal therefrom or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth herein, or any other orders entered pursuant to the Stipulation.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to an

award of attorneys' fees or Litigation Expenses.

  6.3. The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and/or Litigation Expenses awarded by the Court shall be paid to Lead Counsel solely from the Settlement Fund, as ordered, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (i) receiving from Defendants' Counsel notice of the termination of the Settlement; or (ii) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  The Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3.1 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 2.1 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to ¶¶ 7.3 and 7.4 hereof;

(d)    Lead Plaintiff has not exercised her option to terminate the Settlement pursuant to pursuant to the provisions of this Stipulation, including ¶¶ 7.3 and 7.5 hereof;

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(f)    the Court has entered the Judgment, substantially in the form of Exhibit B attached hereto; and

(g)    the Judgment has become Final, as defined in ¶ 1.18 hereof.

7.2.    Upon the Effective Date, any and all remaining interest or right of the Defendants or the D&O Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.  If all the conditions specified in ¶ 7.1 hereof are not met, then the Settlement shall be terminated, unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement. For the avoidance of doubt, as set forth in ¶ 2.2, if Defendants fail to cause the Settlement Amount to be paid, or if the entire

Settlement Amount is not timely deposited into the Escrow Account in accordance with the terms of this Stipulation, Defendants cannot terminate the Settlement.

7.3.    Lead Plaintiff and Defendants shall each have the right to terminate the Settlement, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of the failure of any of the conditions precedent identified in ¶ 7.1.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the award or allocation of attorneys' fees awarded by the Court to Lead Counsel or Litigation Expenses shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.4.    Defendants, provided they unanimously agree, shall have the right to withdraw from and terminate the Settlement in its entirety and render the Stipulation null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of Mullen Auto common stock subject to this Settlement exclude themselves from the Settlement Class, as set forth in a separate agreement executed between Lead Plaintiff and Defendants, by and through their respective counsel (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which has been executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will seek to have the Supplemental Agreement

submitted to the Court *in camera* or filed under seal. Notwithstanding the foregoing, Defendants may include a redacted copy of the Supplemental Agreement with any notice provided pursuant to CAFA.

7.5.     Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 2.1 above, by providing written notice of the election to terminate to Defendants' Counsel.

7.6.     Unless otherwise ordered by the Court, in the event the Effective Date does not occur, or this Stipulation terminates as provided for herein, or the Settlement otherwise fails to become effective (including, without limitation, as set forth above in ¶ 7.3), then:

(a)      Within twenty (20) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon), less Notice and Administration Costs incurred, paid, or payable, and less Taxes and Tax Expenses which have either been disbursed pursuant to ¶ 2.7 and/or ¶ 2.8 hereof, or are chargeable to the Settlement Fund pursuant to ¶ 2.7 and/or ¶ 2.8 hereof, and any change in value as a result of the investment of the Settlement Fund, shall be refunded by the Escrow Agent to the Party or Person(s) who originally paid the Settlement Amount into the Escrow Account, in proportion to their respective contribution. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Party or Person(s) in the same manner as the Settlement Fund described in this paragraph. Any such refunds shall be paid to the party or parties who originally paid the Settlement Amount into the Escrow Account, in proportion of their respective contribution.

(b)      The Parties shall be restored to their respective positions in the Action as of May 16, 2024.  In such event, the terms and provisions of this Stipulation, with the exception of ¶¶ 1.1-1.52, 2.5-2.8, 2.10, 6.3, 7.6, 9.1, 10.18, and 10.24-10.25 hereof, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc.

(c)      Neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶ 2.7 or 2.8.  In addition, any amounts already incurred pursuant to ¶¶ 2.7 or 2.8 hereof, at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with subparagraph (a) above and ¶ 2.10 hereof.

### 8.    Class Certification

8.1.    Solely for purposes of the Settlement and for no other purpose, and subject to approval of the Court in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

### 9.    No Admission of Wrongdoing

9.1.    Neither the Settlement, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation

37

and Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any liability, negligence, fault or wrongdoing, by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted in the Action, or the deficiency of any defense that was or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties, or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

      (b)     shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

      (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be

or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**10.    Miscellaneous Provisions**

10.1.    The Parties: (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final Court approval of the Settlement.

10.2.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.    Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

10.3.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff or any other Settlement Class Members against the Released Defendants' Parties with respect to the Released Plaintiff's Claims.    Accordingly, Lead Plaintiff and her counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.    No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution,

defense, or settlement of this Action.  The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Robert A. Meyer, Esq. of JAMS, and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

10.4.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any public statement, will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.

10.5.    Defendants and/or the Released Defendants' Parties may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Parties may file this Stipulation and/or Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

10.6.    Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any Persons contributing to the payment of the Settlement Amount, were not insolvent,

nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

10.7.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 7.6 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 7.6.

10.8.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

10.9.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.10. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other

plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

10.11.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party or a waiver of any other prior or subsequent breach of this Stipulation.  The waiver of any portion of this Stipulation by any Party must be in writing.

10.12.  This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement, other than those contained and memorialized in such documents.

10.13.  This Stipulation may be executed in one or more counterparts, including by signature, or by a .pdf/.tif image of the signature, transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.14.  This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

10.15.  The construction, interpretation, operation, effect and validity of this Stipulation and the Supplemental Agreement and all documents necessary to effectuate them shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

10.16.  Any action arising under, or to enforce, this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

10.17.  This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

10.18.  Nothing in this Stipulation, or the negotiations relating thereto, is intended to, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including without limitation, attorney-client privilege, joint defense privilege, or work production protection.

10.19.  Unless otherwise provided herein, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

10.20.  Lead Counsel represents that it is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by Lead Plaintiff on behalf of the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation for Lead Plaintiff on behalf of the Settlement Class that it deems necessary and appropriate.

10.21.  All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

10.22.  All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt to the intended recipient as set forth below:

If to Lead Plaintiff or Lead Counsel:    Glancy Prongay & Murray LLP
Attn:  Garth Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Email: gspencer@glancylaw.com

If to Defendants:    King & Spalding LLP
Attn:  Brian P. Miller, Esq.
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000
Email: bmiller@kslaw.com

10.23.  Except as otherwise expressly provided herein, each Party shall bear its own costs.

10.24.  Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

10.25.  All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

10.26.  Pending approval of the Court of this Stipulation and its exhibits, all proceedings in the Action shall be stayed, subject to approval by the Court.

10.27.  No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 14, 2024.

**GLANCY PRONGAY & MURRAY LLP**

By: _Garth Spencer_  (by JDC w/ Permission)

Garth Spencer
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Email: gspencer@glancylaw.com

*Lead Counsel for Lead Plaintiff*
*and the Proposed Settlement Class*

**KING & SPALDING LLP**

By: _____

Brian P. Miller
Samantha J. Kavanaugh
200 S Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000
Email: bmiller@kslaw.com
Email: skavanaugh@kslaw.com

*Counsel for Defendants*

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 14, 2024.

**GLANCY PRONGAY & MURRAY LLP**

By: _____
    Garth Spencer
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: gspencer@glancylaw.com

*Lead Counsel for Lead Plaintiff
and the Proposed Settlement Class*

**KING & SPALDING LLP**

By: _____
    Brian P. Miller
    Samantha J. Kavanaugh
200 S Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000
Email: bmiller@kslaw.com
Email: skavanaugh@kslaw.com

*Counsel for Defendants*

# EXHIBIT A

**Exhibit A**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
| | Honorable Dolly M. Gee |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE TO THE CLASS** |

WHEREAS, a consolidated class action is pending in this Court entitled *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 2:22-cv-03026-DMG (AGR) (the "Action");[1]

WHEREAS, subject to approval of this Court, Lead Plaintiff Mejgan Mirbaz, on behalf of herself and the Settlement Class, and defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech") and David Michery, (the "Individual Defendant"; and, together with Mullen Auto and Mullen Tech, the "Defendants"; and together with Lead Plaintiff, the "Parties") have agreed to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation; and

WHEREAS, Lead Plaintiff has made an application, pursuant to Federal Rule of Civil Procedure ("Rule") 23, for an order preliminarily approving the Settlement, certifying the Settlement Class for purposes of the Settlement only, and approving the form and manner of providing notice of Settlement to Settlement Class Members, in accordance with the Stipulation, as more fully described herein.

THEREFORE, the Court having read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and exhibits annexed thereto (the "Exhibits"),

IT IS HEREBY ORDERED THAT:

1.    **Preliminary Approval of Settlement** – Pursuant to Rule 23(e), the Court preliminarily approves the Settlement, in accordance with the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them as in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation").

consideration at the Settlement Hearing to be conducted as described below in paragraph 4 of this Order.

2.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3), the Court certifies, solely for purposes of effectuating the proposed Settlement, the Settlement Class as defined in the Stipulation.

3.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.  The Court hereby finds and concludes that pursuant to Rule 23, and for the purposes of the Settlement only, Lead Plaintiff is an adequate class representative and certifies her as Class Representative for the Settlement Class. The Court also appoints Lead Counsel, the law firm of Glancy Prongay & Murray LLP, including Garth Spencer, Esq., as Class Counsel for the Settlement Class, pursuant to Rule 23(g).

4.    **Settlement Hearing and Motions Relating Thereto** – The Court will hold a final fairness hearing (the "Settlement Hearing") on _____, 2024 at __:__ _.m. in Courtroom 8C of the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, a date that is at least one hundred (100) calendar days from the entry of this Order, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and warrants final approval by the Court; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be

entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the Fee and Expense Application should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be provided to Settlement Class Members as set forth in paragraph 6 of this Order.

5. **Settlement Hearing Process** – The Court reserves the right to adjourn the date of the Settlement Hearing, or hold the Settlement Hearing by video or telephonically, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. In the event the Court adjourns the date of the Settlement Hearing, or elects to hold the Settlement Hearing by video or telephonically, notice of the change shall be posted by Class Counsel on the Settlement Website. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

6. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    within ten (10) business days of the date of entry of this Order, Mullen Auto shall use its best efforts to provide or cause to be provided to Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, Lead Plaintiff, or the Claims Administrator) reasonably available transfer records reflecting ownership or acquisition of Mullen Securities during the Settlement Class Period, in electronic searchable form, such as Excel, containing relevant

information including, without limitation, names, mailing addresses and email addresses, if available.

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Postcard Notice by First-Class Mail to all potential Settlement Class Members who can be identified with reasonable efforts, including through the records provided by Mullen Auto pursuant to paragraph 6(a).

(c)    contemporaneously with the commencement of the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Stipulation (and the Exhibits), the Notice, the Summary Notice, the Claim Form, and this Order to be posted on the Settlement Website, from which copies of those documents can be downloaded.  The Claims Administrator shall also post copies of the Fee and Expense Application and the motion for final approval on the Settlement Website once they become available;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    No later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall provide the Court, and all parties to the Action, proof of the mailing the Postcard Notice and publication of the Summary Notice, by way of an affidavit or declaration.

7.    **Payment of Notice Expenses** – All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid for by the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendants' Parties bear any responsibility for such fees, costs, or expenses; except, as provided in paragraph 6(a) herein, Mullen Auto shall be responsible for the costs and expenses of providing to Lead Counsel or the Claims Administrator

reasonably available transfer records, for purposes of disseminating notice of Settlement to the Class, as set forth in the Stipulation.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content the Notice, the Proof of Claim and Release Form, the Summary Notice, and the Postcard Notice annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively; and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Stipulation, the Notice, the Proof of Claim and Release Form, and this Order, and other relevant documents online, and the publication of the Summary Notice in the manner and form set forth in paragraph 6(d) of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's Fee and Expense Application, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's Fee and Expense Application, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (as amended). The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Mullen Securities during the Settlement Class Period for the benefit of another Person shall, within seven (7) calendar days of receipt of the Postcard Notice: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7)

calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Proof of Claim and Release Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.  Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice themselves for mailing. Postcard Notices may only be printed by the Claims Administrator.

10. **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim and Release Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept late-submitted claims for

processing by the Claims Administrator, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.    **Proof of Claim and Release Form** – Each Proof of Claim and Release Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of paragraph 10; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim and Release Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.    **Failure to Submit Proof of Claim and Release Form** – Any Settlement Class Member who does not timely and validly submit a Proof of Claim and Release Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions of the proceeds of the Net Settlement Fund; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and

(d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10.

13. **Exclusion From the Settlement Class** – Any Settlement Class Member who wishes to exclude himself, herself or itself from or "opt out" of the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice (a "Request for Exclusion"), which shall provide that: (a) any such Request for Exclusion from the Settlement Class must be mailed or delivered such that it is received by, or postmarked no later than, thirty (30) calendar days prior to the Settlement Hearing, at the following address: *In re Mullen Automotive Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each Request for Exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 22-3026-DMG (AGR)"; (iii) provide a list identifying the number and type of Mullen Securities that the Person requesting exclusion purchased, acquired, wrote and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing; and (iv) be signed by the Person requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the required information and is received by, or postmarked within, the time stated above, or is otherwise accepted by the Court.

a. Lead Counsel and/or the Claims Administrator shall provide copies of all Requests for Exclusion to Defendants' Counsel no later than five (5) business days after their receipt by the Claims Administrator. Notwithstanding the foregoing, all Requests for Exclusion shall be provided to Defendants' Counsel no

later than twenty-one (21) calendar days before the Settlement Hearing.  Any later-received Requests for Exclusion shall be provided to Defendants' Counsel within two (2) business days of receipt by Lead Counsel.  Lead Counsel and/or the Claims Administrator shall also provide Defendants' Counsel any written revocation of Requests for Exclusion promptly upon receipt and as expeditiously as possible.

b.      Any Settlement Class Member who or which timely and validly requests exclusion in compliance with the terms stated in this Order and in the time and manner set forth in the Notice, and is excluded from the Settlement Class, shall have no rights under the Settlement, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement, or any orders or Judgment in the Action, if entered, and shall not receive any payment out of the Net Settlement Fund.

c.      Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order and in the time and manner set forth in the Notice: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including but not limited to the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

14.      **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14(a) below, such that it is received no later than

twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

a.    Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application unless that Person has submitted a written objection to the Claims Administrator and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received by, or postmarked no later than, twenty-eight (28) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | King & Spalding LLP |
| Garth Spencer, Esq. | Brian P. Miller, Esq. |
| 1925 Century Park East, Suite 2100 | 200 S. Biscayne Boulevard, Suite 4700 |
| Los Angeles, CA 90067 | Miami, FL 33131 |

b.    Any written objections, filings, and/or other submissions by the objecting Settlement Class Member must include: (a) the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the objecting Settlement Class Member wishes to bring to the Court's attention; and (c) documents sufficient to prove membership in the Settlement Class, including the number and

type of Mullen Securities that the Person objecting purchased, acquired, wrote and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing.

c.    The deadline to file any replies to any objections shall be fourteen (14) calendar days prior to the Settlement Hearing.

d.    Any Settlement Class Member or other Person who timely and validly objects may attend the Settlement Hearing, but is not required to do so. Persons who wish to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate their intention to appear at the Settlement Hearing in their written objection. Persons who intend to appear and present evidence at the Settlement Hearing in support of their objection must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence.

e.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the Fee and Expense Application, or from otherwise being heard concerning the Settlement, the Plan of Allocation or Fee and Expense Application, in this or any other proceeding.

15.    **Stay of Action and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to implement the Settlement or carry out or enforce the terms and conditions of the Stipulation or other agreement of the Parties. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff from commencing or prosecuting, directly, indirectly, representatively, or in any other capacity, any and all of the Released Plaintiff's Claims against each and all of the

Released Defendants' Parties in any court of law or equity, arbitration tribunal, or administrative forum.

16. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

17. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Released Defendants' Parties Responsibility** – None of the Released Defendants' Parties shall have any responsibility for: (a) the Plan of Allocation; (b) the preparation of tax returns or any payment of Taxes owed with respect to the Settlement Fund; or (c) the Fee and Expense Application submitted by Lead Counsel. Such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and the Settlement of the Action.

20.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of May 16, 2024, as provided in the Stipulation.

21.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded

14
ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.    **Supporting Papers** – Lead Counsel shall file their opening briefs in support of final approval of the Settlement, the Plan of Allocation, and their Fee and Expense Application no later than forty-two (42) calendar days prior to the Settlement Hearing, providing all documents in support thereof.  Reply papers, if any, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing

23.    **Class Action Fairness Act** – At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. ("CAFA").  Defendants shall be responsible for all costs and expenses related to providing the CAFA notice.

24.    **Joint Status Report** – If the Parties encounter any difficulties in connection with the matters governed by this Order, they shall forthwith file a joint status report to alert the Court of any such development.

25.    **<u>Retention of Jurisdiction</u>** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Dolly M. Gee
United States District Judge

# EXHIBIT A-1

EXHIBIT A-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A United States Court authorized this Notice.  This is not a solicitation from a lawyer.*

TO:    ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF MULLEN AUTOMOTIVE INC. OR NET ELEMENT INC., AND/OR PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED CALL OPTIONS ON SUCH STOCK, AND/OR WROTE PUBLICLY TRADED PUT OPTIONS ON SUCH STOCK, FROM JUNE 15, 2020 TO APRIL 17, 2022, BOTH DATES INCLUSIVE, AND WHO SUFFERED ECONOMIC LOSSES AS A PROXIMATE RESULT OF THE ALLEGED WRONGDOING (THE "SETTLEMENT CLASS").[1]

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if you purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock ("Mullen Securities"), during the period from June 15, 2020 to April 17, 2022, both dates inclusive ("Settlement Class Period"), and suffered economic losses as a proximate result of the alleged wrongdoing.

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff, Mejgan Mirbaz ("Lead Plaintiff"), on behalf of herself and the Settlement Class (as defined in ¶ 22 below), has agreed to a proposed settlement of the Action for $7,250,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at www.MullenSecuritiesSettlement.com.

of the Settlement Class, your legal rights will be affected whether or not you act.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact any Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 93 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech") and David Michery, (the "Individual Defendant"; and, together with Mullen Auto and Mullen Tech, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Mullen Auto and Mullen Tech's electric vehicle business. A more detailed description of the Action is set forth in paragraphs 11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 22 below.

2.    **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of herself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $7,250,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 47-76 below.

3.    **Estimate of Average Amount of Recovery Per Share of Mullen Common Stock:**  Assuming that all Settlement Class Members elect to participate in the Settlement, Lead Plaintiff estimates that the average cash recovery per eligible share of Mullen Common Stock will be approximately $0.03, before the deduction of any Court-approved fees, expenses and costs as described herein.  Settlement Class Members should note, however, that the foregoing average recovery per Mullen Security is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Mullen Securities they purchased, when and at what prices they purchased/acquired or sold/wrote their Mullen Securities, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 47-76 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Mullen Security:**  Lead Plaintiff and Defendants (the "Parties") do not agree on the average amount of damages per Mullen Security that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), which have been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in 2022, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay

expenses necessarily incurred to prosecute this Action.  Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $136,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Settlement Class in an amount not to exceed $25,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of Mullen Common Stock, if the Court approves Lead Counsel's Fee and Expense Application, is $0.01.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Garth Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

7.    **Reasons for the Settlement:**  Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate to, and in the best interest of the Settlement Class.  Lead Plaintiff and Lead Counsel reached this conclusion after investigating and considering, among other things, the strengths and weakness of Lead Plaintiff's claims against Defendants, including Defendants' contentions that the claims are entirely without merit, the uncertainties of complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the settlement to the Settlement Class Members.  The Parties vigorously disagree on both liability and damages and continuing with the case could have resulted in dismissal or loss at trial.  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  ***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any Party to this Action.***

| YOUR LEGAL RIGHTS AND OPTIONS IN THE PROPOSED SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 30 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 31 below), so it is in your interest to submit a Proof of Claim Form. |

3

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the Fee and Expense Application unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2024 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Submitting a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Proof of Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page 5

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

What Are Lead Plaintiff's Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . Page 8

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

How Are Settlement Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . .Page 11

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page 12

4

What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page 22
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 23
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page 23
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . .Page 25
Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . .Page 26

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased, acquired, or written one or more of the Mullen Securities (listed above) during the Settlement Class Period.    The Court also directed that this Notice be posted online at www.MullenSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application by Lead Counsel (the "Settlement Hearing").  *See* paragraph 83 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    This litigation is about allegedly misleading statements made by Defendants concerning Mullen Auto and Mullen Tech's electric vehicle business.

12.    On May 5, 2022 and May 12, 2022, respectively, class action complaints were filed in the Court, styled *Schaub v. Mullen Automotive, Inc. et al.*, Case No. 2:22-cv-03026-DMG (AGR), and *Gru v. Mullen Automotive, Inc. et al.*, Case No. 8:22-cv-00976-DMG (AGR).

13.    By order dated August 4, 2022, the Court: (i) ordered that the cases be consolidated under the caption *In re Mullen Automotive, Inc. Securities Litigation*, Case No. 2:22-cv-03026-DMG (AGR); (ii) appointed Mejgan Mirbaz to serve as Lead Plaintiff for the consolidated action; and (iii) approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class.

14.    On September 23, 2022, Lead Plaintiff filed and served the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against: (i) defendants Mullen Auto, Mullen Tech, and David Michery under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendant under Section 20(a) of the Exchange Act.    Among other things, the Complaint alleged that before and after Mullen Tech's reverse merger (the "Reverse Merger") with Net Element Inc. ("Net Element") the Defendants materially misled investors regarding Mullen Auto and Mullen Tech's electric vehicle business with respect to its customer orders, battery testing, manufacturing facilities, and commercial partnerships.    The Complaint further alleged that the prices of Mullen Auto's and Net Element's publicly-traded securities were artificially inflated during the putative class period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was purportedly revealed.

15.    On November 22, 2022, Defendants filed a motion to dismiss the Complaint.    On January 13, 2023, Lead Plaintiff filed her papers in opposition to the motion to dismiss.    On February 13, 2023, Defendants filed their reply papers.    The Court took Defendants' motion to dismiss under submission, and on September 28, 2023, issued an order granting, in part, and denying, in part, the motion to dismiss.

16.    On October 24, 2023, Defendants filed their answer to the Complaint.

17.    Between October 2023 and April 2024, the Parties actively engaged in discovery in the Action.    During the course of discovery, Defendants produced approximately 3,000 documents to Lead Plaintiff consisting of over 15,000 pages, including certain of Defendants' emails and business records.    In addition, Lead Plaintiff obtained over 2,000 documents, consisting of over 10,000 pages, from non-parties.    Lead Counsel also deposed a third-party during this time.

18.    On April 2, 2024, the Parties participated in a full-day, in-person mediation session before a well-respected mediator of complex class actions, Robert A. Meyer, Esq. of JAMS.    In advance of that session, the Parties exchanged, and provided to Mr. Meyer, detailed mediation statements and exhibits, which addressed the issues of both liability and damages.    The mediation culminated in Mr. Meyer making a mediator's recommendation to resolve the Action for $7,250,000 in cash, for the benefit of the Settlement Class.    The Parties accepted that recommendation, subject to certain terms and conditions memorialized in a term sheet dated May 16, 2024 (the "Term Sheet").

19.    Based upon their investigation, prosecution and mediation of the Action, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.    Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of her counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiff in this Action and any wrongdoing whatsoever. The Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Released Defendants' Parties (defined in ¶ 31 below), with respect to any actual or potential claim, or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted on behalf of any of the Defendants. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Lead Plaintiff of, any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21. On _____ __, 2024, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

22. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all Persons that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing.

Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants, Net Element, and the Excluded Entities[2]; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any person who served as an officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities, during the Settlement Class Period and their Immediate Family Members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which the Individual Defendant is the settler or which is for the benefit of the Individual Defendant and/or member(s) of his Immediate Family; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any Persons who or which submit a request for exclusion from the Settlement Class that is accepted by the Court (*See* "What If I Do Not Want To Be A

---

[2] "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

Member Of The Settlement Class?  How Do I Exclude Myself," on page 23 below).  For the avoidance of doubt, "affiliates" are Persons that directly or indirectly through one or more intermediaries, control, are controlled by, or are under common control with, one of the Defendants.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release Form that is available online at www.MullenSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____ __, 2024.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

23.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff recognizes, however, the expense and length of continued proceedings necessary to pursue her claims against Defendants through trial and appeals, as well as the very substantial risks she would face in establishing liability and damages.  In response to Defendants' motion to dismiss, the Court had already dismissed Lead Plaintiff's claims relating to certain of the misleading statements alleged in the Complaint.  Moreover, as to the remaining claims, Lead Plaintiff and Lead Counsel recognize that Defendants had numerous avenues of attack that could preclude a recovery.  For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, those statements was not made with the requisite state of mind to support the securities fraud claim alleged.  Lead Counsel expects that Defendants would argue that many of their challenged statements about Mullen Auto's business prospects were honestly held opinions about future events, and that they had disclosed the relevant risks to investors.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly misleading statements would be hotly contested.  Lead Counsel expects that Defendants would continue to argue that any decrease in the price of Mullen Securities was caused by short selling and dissemination of inaccurate information about Mullen Auto, rather than by the revelation of any previously concealed facts.  Lead Plaintiff would have to prevail at several stages – motions for summary judgment and trial – and if she prevailed on those, on the appeals that were likely to follow.  Thus, there are very significant risks attendant to the continued prosecution of the Action.

24.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $7,250,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

25.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

26.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of her claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

27.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 23 below.

28.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 23 below.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 23 below.

29.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 30 below) against the Defendants and the other Released Defendants' Parties (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

30.  "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint [ECF No. 42]; or (ii) could have asserted in any forum that arise out of or are based upon, or relate to (a) the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings; and (c) the purchase, sale, or acquisition of publicly traded Mullen Securities during the Settlement Class Period.  Released Plaintiff's Claims will not include any claims: (i) relating to the enforcement of the Settlement; (ii) of any Person who or which submits a request for exclusion that is accepted by the Court; or (iii) asserted derivatively on behalf of Mullen Auto or Mullen Tech, including in any of the Derivative Actions.[3]

31.  "Released Defendants' Parties" means (i) each Defendant; (ii) Defendant Mullen Auto's predecessor Net Element; (iii) the Individual Defendant's Immediate Family Members; (iv) whether or not identified in any complaint filed in the Action, each of Defendants' and Net Element's respective past and current parents, associates, affiliates, subsidiaries, officers, directors, executives, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, general partners, limited partners, principals, shareholders, joint venturers, employees, contractors, consultants, experts, auditors, accountants, financial advisors, trustees, trusts, heirs, executors, administrators, insurers, reinsurers, underwriters, professional advisors, law firms and attorneys affiliated with such law firms, in their capacities as such; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

32.  "Unknown Claims" means: (i) any Released Plaintiff's Claim which Lead Plaintiff, any other Settlement Class Member, or any other Person legally entitled to bring Released Plaintiff's Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (ii) any Released Defendants' Claims which Defendants, or any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims; which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common

---

[3] "Derivative Actions" means, collectively: (a) *In re Mullen Automotive, Inc. Derivative Litigation*, Case No. 2:22-cv-05336 (C.D. Cal.); (b) *Hany Morsy v. David Michery, et al.*, Case No. 2:22-cv-07139-DMG-AGR (C.D. Cal.); (c) *Trinon Coleman v. David Michery*, Case No. 2023-1228 (Delaware Court of Chancery); and (d) *Marius Martis v. David Michery, et al.*, Case No. 2:24-cv-02908-BRM-AME (D.N.J.).

law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Lead Plaintiff and the Released Plaintiff Parties (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

34.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, against the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

35.    "Released Plaintiff Parties" means (i) Lead Plaintiff, all other Settlement Class Members, any other plaintiffs in the Action and their counsel, and Lead Counsel, and (ii) each of their respective Immediate Family Members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.  Released Plaintiff Parties do not include any Person who would otherwise be a Settlement Class Member, but who validly and timely requests exclusion from the Settlement Class.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

36.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Proof of Claim and Release

Form with adequate supporting documentation **postmarked no later than _____ __, 2024**. A Proof of Claim and Release Form is available on the website maintained by the Claims Administrator for the Settlement, www.MullenSecuritiesSettlement.com, or you may request that a Proof of Claim and Release Form be mailed to you by calling the Claims Administrator toll free at 1-877-777-9307. Please retain all records of your ownership of and transactions in Mullen Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Proof of Claim and Release Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
| --- |

37.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid Seven Million Two Hundred Fifty Thousand Dollars ($7,250,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred by the Claims Administrator in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other Court approved deductions) will be distributed to Settlement Class Members who submit valid Proof of Claim and Release Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

40.    Neither Defendants nor any other Person that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, payment of Claims, Taxes, Tax Expenses, or any other expenses payable from the Settlement Fund, the disbursement of the Net Settlement Fund, or the plan of allocation.

41.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim and Release Form postmarked on or before _____ __, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 30 above)

against the Released Defendants' Parties (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Proof of Claim and Release Form.

43.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Mullen Securities held through the ERISA Plan in any Proof of Claim and Release Form that they may submit in this Action.  They should include ONLY those Mullen Securities that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Mullen Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other Persons excluded from the Settlement Class are participants in the ERISA Plan, such Persons shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.    Only Settlement Class Members, *i.e.*, Persons who purchased, acquired or wrote Mullen Securities during the Settlement Class Period and were damaged as a result, will be eligible to share in the distribution of the Net Settlement Fund.  Persons that are excluded from the Settlement Class by definition, or that exclude themselves from the Settlement Class pursuant to request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim and Release Forms.  The only securities that are included in the Settlement are the Mullen Securities, as defined above.

## PROPOSED PLAN OF ALLOCATION

47.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below ("Recognized Loss").

48.    A Recognized Loss will be calculated for each share of publicly traded common stock of Mullen Automotive Inc. or of Net Element Inc. ("Mullen Common Stock"), and each publicly traded call option on such stock ("Mullen Call Options"), purchased or otherwise acquired during the Settlement Class Period, and each publicly traded put option on such stock ("Mullen Put Options") sold (written) during the Settlement Class Period.[4, 5]  The calculation of Recognized

---

[4] During the Settlement Class Period, Mullen Common Stock was listed and traded on the Nasdaq Stock Market.  At the opening of trading on November 5, 2021, the ticker symbol for Mullen Common Stock changed from "NETE" to "MULN."

[5] After the Settlement Class Period, Mullen Common Stock underwent three reverse stock splits: 1-for-25 on May 4, 2023; 1-for-9 on August 11, 2023; and 1-for-100 on December 21, 2023.

Loss will depend upon several factors, including when the Mullen Securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably to the extent that it is economically feasible.

49.     The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Mullen Common Stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Mullen Common Stock during the Settlement Class Period is reflected in Table 1, below. The computation of the estimated alleged artificial inflation in the price of Mullen Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

50.     The U.S. securities laws allow investors to seek to recover losses caused by disclosures that correct the defendants' previous misleading statements or omissions. In this Action, Lead Plaintiff would argue that corrective disclosures removed the artificial inflation in the price of Mullen Common Stock on the following dates: September 21, 2021; April 7, 2022; and April 18, 2022 (the "Corrective Disclosure Dates"). Defendants deny that they made any misleading statements or omissions and therefore also deny that corrective disclosures were made. In order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to Mullen Common Stock and Mullen Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held at the opening of trading on at least one of the Corrective Disclosure Dates; and, with respect to Mullen Put Options, those options must have been sold (written) during the Settlement Class Period and still outstanding at the opening of trading on at least one of the Corrective Disclosure Dates.

| Table 1 Artificial Inflation in Mullen Common Stock** | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| Monday, June 15, 2020 | Monday, September 20, 2021 | $1.30 |
| Tuesday, September 21, 2021 | Wednesday, April 6, 2022 | $0.57 |
| Thursday, April 7, 2022 | Thursday, April 14, 2022[6] | $0.32 |
| Monday, April 18, 2022 | Thereafter | $0.00 |

** For each day during the Settlement Class Period, the artificial inflation in Mullen Common Stock shall be limited to that day's closing price for the stock.

---

Herein references to Mullen share quantities and prices are *not* adjusted for these reverse stock splits.

[6] The U.S. Stock Market was closed on Friday, April 15, 2022 in observance of Good Friday.

51.    The per-share Recognized Loss for Mullen Common Stock shall be the Recognized Loss amount as described below in "Mullen Common Stock Recognized Loss Calculations."  The per-option Recognized Loss for Mullen Call Options and Mullen Put Options shall be the Recognized Loss amount as described below in "Mullen Call and Put Option Recognized Loss Calculations."

52.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Mullen Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Mullen Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period"[7]) cannot exceed the difference between the purchase price paid for such securities and its average price during the 90-Day Lookback Period.  The Recognized Loss on Mullen Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such securities and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

53.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Mullen Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

54.    A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Mullen Common Stock and Mullen Call Option contracts, and for each writing of Mullen Put Option contracts during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

## MULLEN COMMON STOCK RECOGNIZED LOSS CALCULATIONS

55.    For each share of Mullen Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, June 15, 2020 through April 17, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

I.    For each share purchased during the period June 15, 2020 through April 14, 2022, inclusive,

   a.    that was sold prior to September 21, 2021, the Recognized Loss is $0.00.

   b.    that was sold during the period September 21, 2021 through April 14, 2022, inclusive, the Recognized Loss is *the lesser of*:

      i.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

      ii.    the purchase price *minus* the sale price.

---

[7] The Settlement Class Period ends on April 17, 2022.  The 90-Day Lookback Period is April 18, 2022 through July 13, 2022, inclusive.

    c. that was sold during the period April 18, 2022 through July 13, 2022, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss is *the least of*:

       i. the amount of per-share price inflation on the date of purchase as appears in Table 1; or

       ii. the purchase price *minus* the sale price; or

       iii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2.

    d. that was still held as of the close of trading on July 13, 2022, the Recognized Loss is *the lesser of*:

       i. the amount of per-share price inflation on the date of purchase as appears in Table 1; or

       ii. the purchase price *minus* the average closing price for Mullen Common Stock during the 90-Day Lookback Period, which is $1.22.

II. For each share that was purchased on or after April 18, 2022, the Recognized Loss is $0.00.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 4/18/2022 | $1.84 | 5/16/2022 | $1.28 | 6/14/2022 | $1.22 |
| 4/19/2022 | $1.77 | 5/17/2022 | $1.27 | 6/15/2022 | $1.22 |
| 4/20/2022 | $1.65 | 5/18/2022 | $1.26 | 6/16/2022 | $1.22 |
| 4/21/2022 | $1.59 | 5/19/2022 | $1.25 | 6/17/2022 | $1.22 |
| 4/22/2022 | $1.56 | 5/20/2022 | $1.24 | 6/21/2022 | $1.23 |
| 4/25/2022 | $1.54 | 5/23/2022 | $1.24 | 6/22/2022 | $1.23 |
| 4/26/2022 | $1.50 | 5/24/2022 | $1.23 | 6/23/2022 | $1.24 |
| 4/27/2022 | $1.48 | 5/25/2022 | $1.22 | 6/24/2022 | $1.24 |
| 4/28/2022 | $1.47 | 5/26/2022 | $1.21 | 6/27/2022 | $1.24 |
| 4/29/2022 | $1.45 | 5/27/2022 | $1.20 | 6/28/2022 | $1.24 |
| 5/2/2022 | $1.44 | 5/31/2022 | $1.21 | 6/29/2022 | $1.24 |
| 5/3/2022 | $1.43 | 6/1/2022 | $1.22 | 6/30/2022 | $1.24 |
| 5/4/2022 | $1.42 | 6/2/2022 | $1.22 | 7/1/2022 | $1.23 |
| 5/5/2022 | $1.41 | 6/3/2022 | $1.22 | 7/5/2022 | $1.23 |
| 5/6/2022 | $1.40 | 6/6/2022 | $1.22 | 7/6/2022 | $1.23 |
| 5/9/2022 | $1.38 | 6/7/2022 | $1.23 | 7/7/2022 | $1.22 |
| 5/10/2022 | $1.35 | 6/8/2022 | $1.23 | 7/8/2022 | $1.22 |
| 5/11/2022 | $1.32 | 6/9/2022 | $1.23 | 7/11/2022 | $1.22 |
| 5/12/2022 | $1.30 | 6/10/2022 | $1.23 | 7/12/2022 | $1.22 |
| 5/13/2022 | $1.28 | 6/13/2022 | $1.22 | 7/13/2022 | $1.22 |

## MULLEN CALL AND PUT OPTIONS RECOGNIZED LOSS CALCULATIONS

56.    For each Mullen Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss per option shall be calculated as follows:

I.    For each Mullen Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

II.    For each Mullen Call Option purchased during the period June 15, 2020 through April 14, 2022, inclusive, and held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a.    that was subsequently sold prior to the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the sale price.

b.    that was subsequently exercised prior to the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the intrinsic value of the Mullen Call Option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Mullen Common Stock on the date of exercise *minus* the strike price of the option.

c.    that expired unexercised prior to the close of trading on April 18, 2022, the Recognized Loss is equal to the purchase price.

d.    that was still held as of the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the intrinsic value of the Mullen Call Option as of the close of trading on April 18, 2022, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $1.84[8] *minus* the strike price of the option.

III.    For each Mullen Call Option purchased on or after April 18, 2022, the Recognized Loss is $0.00.

No Recognized Loss shall be calculated based upon the purchase or acquisition of any Mullen Call Option that had been previously sold or written.

57.    For each Mullen Put Option written during the Settlement Class Period, the Recognized Loss per option shall be calculated as follows:

I.    For each Mullen Put Option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

II.    For each Mullen Put Option sold during the period June 15, 2020 through April 14, 2022, inclusive, and still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

---

[8] $1.84 is the closing price of Mullen Common Stock on April 18, 2022.

a. that was subsequently purchased prior to the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the sale price.

b. that was subsequently exercised (*i.e.*, assigned) prior to the close of trading on April 18, 2022, the Recognized Loss is the intrinsic value of the Mullen Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Mullen Common Stock on the date of exercise.

c. that expired unexercised prior to the close of trading on April 18, 2022, the Recognized Loss $0.00.

d. that was still outstanding as of the close of trading April 18, 2022, the Recognized Loss is the intrinsic value of the Mullen Put Option as of the close of trading on April 18, 2022 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $1.84.

III.    For each Mullen Put Option sold on or after April 18, 2022, the Recognized Loss is $0.00.

No Recognized Loss shall be calculated based upon the sale or writing of any Mullen Put Option that had been previously purchased or acquired.

58.    **Maximum Recovery for Options:** Settlement proceeds available for Mullen Call Options purchased during the Settlement Class Period and Mullen Put Options written during the Settlement Class Period shall be limited to a total amount equal to 1.0% of the Net Settlement Fund.[9]

## ADDITIONAL PROVISIONS

59.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss amounts as calculated above with respect to all Mullen Securities.

60.    **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of any Mullen Security during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. With respect to Mullen Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period. For Mullen Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Mullen Put Options sold (written) during the Settlement Class Period in chronological order.

---

[9] Mullen Call and Put Option trading accounted for less than 1.0% of total dollar trading volume for Mullen Securities during the Settlement Class Period. Consequently, claims for Mullen Call and Put Option transactions are allotted 1.0% of the Settlement pursuant to the Plan of Allocation.

61.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Mullen Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Mullen Securities during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of these Mullen Securities for the calculation of a Claimant's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Mullen Securities unless (i) the donor or decedent purchased or otherwise acquired such Mullen Securities during the Settlement Class Period; and (ii) no Proof of Claim and Release Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Mullen Securities.

62.    **Short Sales:** With respect to Mullen Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock.  The date of a "short sale" is deemed to be the date of sale of the Mullen Common Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.

63.    In the event that a Claimant has a short position in Mullen Common Stock, the earliest purchases or acquisitions of Mullen Common Stock during the Settlement Class Period shall be matched against such short position, and shall not be entitled to a recovery, until that short position is fully covered.

64.    If a Settlement Class Member has "written" Mullen Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option.  The date on which the Mullen Call Option was written is deemed to be the date of sale of the Call Option.  In accordance with the Plan of Allocation, however, the Recognized Loss on "written" Mullen Call Options is zero.  In the event that a Claimant has a written position in Mullen Call Options, the earliest purchases or acquisitions of like Call Options during the Settlement Class Period shall be matched against such written position, and shall not be entitled to a recovery, until that written position is fully covered.

65.    If a Settlement Class Member has purchased or acquired Mullen Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option.  The date on which the Mullen Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option.  In accordance with the Plan of Allocation, however, the Recognized Loss on purchased/acquired Put Options is zero.  In the event that a Claimant has a long position in Mullen Put Options, the earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such position, and not be entitled to a recovery, until that long position is fully covered.

66.    **Mullen Common Stock Purchased/Sold Through the Exercise of Publicly Traded Options:** With respect to Mullen Common Stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option.  Any Recognized Loss arising from purchases of Mullen Common Stock acquired during the Settlement Class Period through the exercise of a publicly traded option on Mullen Common Stock shall be computed as provided for other purchases of Mullen Common Stock in the Plan of Allocation.

67.    **Mullen Common Stock Acquired Through the Exercise, Conversion or Exchange of Non-Publicly Traded Securities:** Notwithstanding any of the above, shares of Mullen Common Stock acquired through the exercise, conversion, or exchange of non-publicly traded securities of

Mullen and Net Element are not eligible to participate in the Settlement. For the avoidance of doubt, such securities shall include, but not be limited to: Series A Preferred Stock; Series B Preferred Stock; Series C Preferred Stock; warrants; options to purchase or rights to subscribe for Mullen Common Stock; convertible debt/notes; and any other non-publicly traded security convertible into, exchangeable or exercisable for Mullen Common Stock.

68. **Mullen Common Stock Issued to Mullen Technology Security Holders:** Notwithstanding any of the above, shares of Mullen Common Stock issued to former Mullen Technology, Inc. security holders pursuant to the closing of the Reverse Merger are not eligible to participate in the Settlement.

69. **Market Gains and Losses:** With respect to all Mullen Common Stock and Mullen Call Options purchased or acquired or Mullen Put Options sold (written) during the Settlement Class Period, the Claims Administrator will determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions in those shares and options during the Settlement Class Period. For purposes of making this calculation, with respect to Mullen Common Stock and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[10] and (ii) the sum of the Claimant's Sales Proceeds[11] and the Claimant's Holding Value.[12] For Mullen Common Stock and Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain. With respect to Mullen Put Options, the Claims Administrator shall determine the difference between (i) the sum of the

---

[10] For Mullen Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all such Mullen Securities purchased or acquired during the Settlement Class Period.

[11] For Mullen Common Stock and Call Options, the Claims Administrator shall match any sales of such Mullen Securities during the Settlement Class Period first against the Claimant's opening position in the like Mullen Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining like Mullen Securities sold during the Settlement Class Period is the "Sales Proceeds."

[12] For each share of Mullen Common Stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 14, 2022, the Claims Administrator shall ascribe a "Holding Value" of $1.84. For each Mullen Call Option purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 14, 2022, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be *the greater of*: (i) $0.00 or (ii) $1.84 *minus* the strike price of the option.

Claimant's Total Purchase Amount[13] and the Claimant's Holding Value;[14] and (ii) the Claimant's Sale Proceeds.[15]  For Mullen Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value _minus_ the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

70.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Mullen Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Mullen Securities during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

71.    **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its _pro rata_ share of the Net Settlement Fund.  The _pro rata_ share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

72.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed _pro rata_ to all Authorized Claimants entitled to receive payment.

73.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (_i.e._, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.  Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

74.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.

---

[13] For Mullen Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Mullen Put Options first against the Claimant's opening position in Mullen Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses).  The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

[14] For each Mullen Put Option sold (written) during the Settlement Class Period that was still outstanding as of the close of trading on April 14, 2022, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be _the greater of_: (i) $0.00 or (ii) the strike price of the option _minus_ $1.84.

[15] For Mullen Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Sales Proceeds."

To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

75.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants, and there shall be no appeal to any court, including the U.S. Court of Appeals for the Ninth Circuit. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be deemed to have knowingly and intentionally waived the right to appeal any decision of the Court with respect to the administration, processing, payment, and determination of Claims and the determination of all controversies relating thereto. No Person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel, or any of the Released Plaintiff Parties or the Released Defendants' Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Proof of Claim and Release Form; the nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

76.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with her damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. No Defendant, nor any other Released Defendants' Parties, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.MullenSecuritiesSettlement.com.

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?** |
|---|

77.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund.

At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $136,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Settlement Class in an amount not to exceed $25,000.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

78.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such Person mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Mullen Automotive, Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be received by, or postmarked no later than _____ __, 2024.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such Person "requests exclusion from the Settlement Class in *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 22-3026-DMG (AGR)"; (c) provide a list identifying the number and type of Mullen Securities that the Person requesting exclusion purchased, acquired, wrote and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing; and (d) be signed by the Person requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received by, or postmarked within, the time stated above, or is otherwise accepted by the Court.

79.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Defendants' Parties.

80.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81.    Defendants have the right to terminate the Settlement if valid Requests for Exclusion are received from Persons entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

82.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

83.   The Settlement Hearing will be held on _____ __, 2024 at __:__ _.m., before the Honorable Dolly M. Gee at the United States District Court for the Central District of California, United States Courthouse, Courtroom 8C, 350 West 1st Street, Los Angeles, California 90012. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's Fee and Expense Application, and/or any other matter related to the Settlement, at or after the Settlement Hearing, without further notice to the members of the Settlement Class.

84.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's Fee and Expense Application. Objections must be in writing.  You must submit any written objection, together with copies of all other papers and briefs supporting the objection, with the Claims Administrator at the address set forth below on or before _____ __, 2024.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are **received by, or postmarked no later than _____ __, 2024**.

| **Claims Administrator** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| *In re Mullen Automotive, Inc. Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173001 Milwaukee WI, 53217 | Glancy Prongay & Murray LLP Garth Spencer, Esq. 1925 Century Park East Suite 2100 Los Angeles, CA 90067 | King & Spalding LLP Brian P. Miller, Esq. 200 S. Biscayne Boulevard Suite 4700 Miami, FL 33131 |

85.   Any objection must include: (a) the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) documents sufficient to prove membership in the Settlement Class, including the number and type of Mullen Securities that the Person objecting purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's Fee and Expense Application if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86.   You may submit a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first submit and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's Fee and Expense Application, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before _____ __, 2024**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such Persons may be heard orally at the discretion of the Court.

88.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 84 above so that the notice is *received* **on or _____ __, 2024**.

89.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

90.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's Fee and Expense Application.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

91.    If you purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, for the beneficial interest of Persons other than yourself, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Proof of Claim and Release Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to *In re Mullen Automotive, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI 53217.  If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

92.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF.  POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

93.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Room 180, Los Angeles, CA 90012.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.MullenSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*In re Mullen Automotive, Inc.*                and/or                Garth Spencer, Esq.
*Securities Litigation*                                 GLANCY PRONGAY & MURRAY LLP
c/o A.B. Data, Ltd.                                        1925 Century Park East, Suite 2100
P.O. Box 173036                                            Los Angeles, CA 90067
Milwaukee, WI, 53217                                       (310) 201-9150
(877) 777-9307                                      settlements@glancylaw.com
www.MullenSecuritiesSettlement.com

***DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK
OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL
REGARDING THIS NOTICE.***

By Order of the Court
United States District Court
Central District of California

# EXHIBIT A-2

**Exhibit A-2**

***In Re Mullen Automotive, Inc. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173036**
**Milwaukee, WI 53217**
**Toll Free Number: 877-777-9307**
**Settlement Website: www.MullenSecuritiesSettlement.com**
**Email: info@MullenSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund[1] in connection with the Settlement of *In re Mullen Automotive, Inc., Securities Litigation*, Case No. 2:22-cv-03026-DMG (AGR), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it through the settlement website listed above, **so that it is postmarked or submitted no later than _____, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN MULLEN COMMON STOCK | 7 |
| PART IV – SCHEDULE OF TRANSACTIONS IN MULLEN CALL OPTIONS | 8 |
| PART V – SCHEDULE OF TRANSACTIONS IN MULLEN PUT OPTIONS | 9 |
| PART VI – RELEASE OF CLAIMS AND SIGNATURE | 11 |

---

[1] All capitalized terms used in this Proof of Claim and Release Form that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at www.MullenSecuritiesSettlement.com.

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|------|-------|----------|
|      |       |          |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
|-------------------------|-------------------------|
|                         |                         |

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[2]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other _____ (please specify)
- ☐ Trust

---

[2] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all Persons that purchased or otherwise acquired the publicly traded common stock ("Mullen Common Stock") of Mullen Automotive Inc. ("Mullen Auto") or Net Element Inc. ("Net Element"), and/or purchased or otherwise acquired publicly traded call options on such stock ("Mullen Call Options"), and/or wrote publicly traded put options on such stock ("Mullen Put Options"), during the period from June 15, 2020 to April 17, 2022, both dates inclusive (the "Settlement Class Period"), and who suffered economic losses as a proximate result of the alleged wrongdoing (together, the "Settlement Class").[3] Mullen Common Stock, Mullen Call Options, and Mullen Put Options are referred to collectively as "Mullen Securities." All Persons that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants, Net Element, and the Excluded Entities[4]; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any Person who served as an officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities, during the Settlement Class Period and their Immediate Family members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which the Individual Defendant is the settler or which is for the benefit of the Individual Defendant and/or member(s) of his Immediate Family; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any Persons who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "affiliates"

---

[3] On or about November 5, 2021 Mullen Technologies Inc. ("Mullen Tech") completed a reverse merger with Net Element, pursuant to which Net Element changed its name to Mullen Automotive Inc. and changed its NASDAQ stock ticker symbol from "NETE" to "MULN".

[4] "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

are Persons that directly or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants.

4.    If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.    If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiff's Claims against the Released Defendants' Parties.

6.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.    Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.    Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Mullen Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Mullen Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note:  Only Mullen Common Stock and Mullen Call Options purchased/acquired, and Mullen Put Options sold, during the Settlement Class Period (*i.e.*, from June 15, 2020 to April 17, 2022, both dates inclusive) are eligible under the Settlement. However, under the PSLRA "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Mullen Common Stock during the period from April 18, 2022 through July 13, 2022, will be used for purposes of calculating your Recognized Loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to process your claim, the requested purchase and sale information during the 90-Day Lookback Period must also be provided.

10.    You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Mullen Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have

information about your investments in Mullen Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Mullen Common Stock or Mullen Call Options, or sold Mullen Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Mullen Common Stock or Mullen Call Options, or sold Mullen Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of Persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other Person on whose behalf they are acting with respect to) the Mullen Securities; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the Person on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Mullen Securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

5

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., by email at info@MullenSecuritiesSettlement.com, or by toll-free phone at 877-777-9307, or you may    download    the    documents    from    the    Settlement    website, www.MullenSecuritiesSettlement.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.MullenSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 877-777-9307.**

**PART III – SCHEDULE OF TRANSACTIONS IN MULLEN COMMON STOCK**

Complete this Part III if and only if you purchased/acquired Mullen Common Stock during the period from June 15, 2020 through April 17, 2022, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Mullen Common Stock.[5]

| **1. BEGINNING HOLDINGS** – State the total number of shares of Mullen Common Stock held as of the opening of trading on June 15, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ |
|---|

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Mullen Common Stock from after the opening of trading on June 15, 2020, through and including the close of trading on April 17, 2022.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Ticker Symbol (NETE or MULN) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | If applicable, fill in below for each transaction "O" – Exercise of Stock Option  "NP" – Mullen Common Stock Acquired through the Exercise, Conversion or Exchange of Non-Publicly Traded Securities  "RM" – Mullen Common Stock issued to former Mullen Technology, Inc. security holders pursuant to closing of Reverse Merger |
|---|---|---|---|---|---|
| /    / | | | $ | $ | |
| /    / | | | $ | $ | |
| /    / | | | $ | $ | |
| /    / | | | $ | $ | |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD** – State the total number of shares of Mullen Common Stock purchased/acquired (including free receipts) from after the opening of trading on April 18, 2022, through and including the close of trading on July 13, 2022.  If none, write "zero" or "0."[6] _____

| **4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Mullen Common Stock from after the opening of trading on June 15, 2020, through and including the close of trading on July 13, 2022.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Ticker Symbol (NETE or MULN) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| /    / | | | $ | $ |

---

[5] Herein, "Mullen Common Stock" refers to: (i) the common stock of Net Element Inc., listed on the NASDAQ under the symbol "NETE" through November 4, 2021; and (ii) the common stock of Mullen Automotive Inc., that commenced trading on the NASDAQ on November 5, 2021, under the ticker symbol "MULN" following the merger of Mullen Tech and Net Element.

[6] **Please note**:  Information requested with respect to your purchases/acquisitions of Mullen Common Stock from after the opening of trading on April 18, 2022, through and including the close of trading on July 13, 2022, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| | | | $ | $ |
|---|---|---|---|---|
| / / | | | $ | $ |
| / / | | | $ | $ |
| / / | | | $ | $ |

**5. ENDING HOLDINGS** – State the total number of shares of Mullen Common Stock held as of the close of trading on July 13, 2022. (Must be documented.) If none, write "zero" or "0." _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

### PART IV– SCHEDULE OF TRANSACTIONS IN MULLEN CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired Mullen Call Options during the period from June 15, 2020 through April 17, 2022, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Mullen Call Options.[7]

| **1. BEGINNING HOLDINGS** – Separately list all positions in Mullen Call Option contracts in which you had an open interest as of the opening of trading on June 15, 2020. (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Mullen Call Option contracts from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

---

[7] Herein, "Mullen Call Options" refers to: (i) exchange traded call options with Net Element common stock (ticker symbol "NETE") as the underlying security through November 4, 2021; and (ii) exchange traded call options with Mullen Auto common stock (ticker symbol "MULN") as the underlying security commencing November 5, 2021. On November 5, 2021, the option symbol for Mullen Call Options changed from "NETE" to "MULN".

| 3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022 – Separately list each and every sale/disposition (including free deliveries) of Mullen Call Options from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022. (Must be documented.) | | | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
| /    / | $ | /    / | | | $ | $ |
| /    / | $ | /    / | | | $ | $ |
| /    / | $ | /    / | | | $ | $ |
| /    / | $ | /    / | | | $ | $ |

| 4. ENDING HOLDINGS – Separately list all positions in Mullen Call Option contracts in which you had an open interest as of the close of trading on April 18, 2022. (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN MULLEN PUT OPTIONS

Complete this Part V if and only if you sold (wrote) Mullen Put Options during the period from June 15, 2020 through April 17, 2022, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Mullen Put Options.[8]

| 1. BEGINNING HOLDINGS – Separately list all positions in Mullen Put Option contracts in which you had an open interest as of the opening of trading on June 15, 2020. (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

| 2. SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022 – Separately list each and every sale (writing) (including free deliveries) of Mullen Put Option contracts from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022. (Must be documented.) |
|---|

---

[8] Herein, "Mullen Put Options" refers to: (i) exchange traded put options with Net Element common stock (ticker symbol "NETE") as the underlying security through November 4, 2021; and (ii) exchange traded put options with Mullen Auto common stock (ticker symbol "MULN") as the underlying security commencing November 5, 2021. On November 5, 2021, the option symbol for Mullen Put Options changed from "NETE" to "MULN".

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |

**3.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Mullen Put Option contracts from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022.  (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |

**4.  ENDING HOLDINGS** – Separately list all positions in Mullen Put Option contracts in which you had an open interest as of the close of trading on April 18, 2022.  (Must be documented.) — **IF NONE, CHECK HERE** ○

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT BE REVIEWED</u>**

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN*

## *ON PAGE 12 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and on behalf of any other Person legally entitled to bring Released Plaintiff's Claims (as defined in the Stipulation and in the Settlement Notice) on my (our) behalf in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Defendants and the other Released Defendants' Parties (as defined in the Stipulation and in the Settlement Notice), and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the Person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) the Mullen Common Stock and Mullen Call Options and had an interest in the Mullen Put Options identified in the Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

5.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

6.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

7.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

8.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                          Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                      Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant          Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.*  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 5 OF THIS CLAIM FORM.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 877-777-9307.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@MullenSecuritiesSettlement.com, or toll-free at 877-777-9307, or visit www.MullenSecuritiesSettlement.com. Please DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2024**, ADDRESSED AS FOLLOWS:

*In re Mullen Automotive, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173036
Milwaukee, WI 53217
877-777-9307
www.MullenSecuritiesSettlement.com

**OR SUBMITTED ONLINE BY _____, 2024 AT www.MullenSecuritiesSettlement.com.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2024 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

Exhibit A-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:   All Persons[1] that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain Persons, Excluded Entities, and others who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $7,250,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____ __, 2024 at __:___ .m., before the Honorable Dolly M. Gee at the United States District Court for the Central District of California, United States Courthouse, Courtroom 8C, 350 West 1st Street, Los Angeles, California 90012, to determine

---

[1]  All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at www.MullenSecuritiesSettlement.com.

(i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and in the Notice should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's Fee and Expense Application should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.MullenSecuritiesSettlement.com.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Mullen Automotive, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI, 53217, (877) 777-9307.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____ __, 2024.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received by, or postmarked, no later than _____ __, 2024, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's Fee and Expense Application, must be delivered to the Claims Administrator, Lead Counsel and Defendants' Counsel such that they are received by, or postmarked no later than, _____ __, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Garth Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
info@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*In re Mullen Automotive, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173036
Milwaukee, WI, 53217
(877) 777-9307
www.MullenSecuritiesSettlement.com

By Order of the Court

# EXHIBIT A-4

**Exhibit A-4**

In re Mullen Automotive, Inc. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173036
Milwaukee, WI 53217

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*
**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Mullen Automotive, Inc. Securities Litigation*, Case No. 2:22-cv-03026-DMG-AGR (C.D. Cal.)

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.MULLENSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Mullen Automotive Inc., Mullen Technologies Inc. and their executive David Michery (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Lead Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about Mullen Automotive Inc.'s electric vehicle business, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, between June 15, 2020 to April 17, 2022, inclusive, and suffered economic losses as a proximate result of the alleged wrongdoing.

Defendants have agreed to pay a Settlement Amount of $7,250,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all Settlement details, read the Stipulation and full Notice, available at the Settlement website.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Mullen Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.03 per eligible share of Mullen Common Stock before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.MullenSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator (877-777-9307). **Claim Forms must be postmarked by _____ __, 2024**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____ __, 2024, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may submit an objection by _____ __, 2024. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____ __, 2024, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $136,000 for litigating the case and negotiating the Settlement, and reimbursement of Lead Plaintiff's costs and expenses in an amount not to exceed $25,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-777-9307) or visit the Settlement website and read the detailed Notice.

# EXHIBIT B

**Exhibit B**

1      **UNITED STATES DISTRICT COURT**

2      **CENTRAL DISTRICT OF CALIFORNIA**

3

| | |
|---|---|
| 4   IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
| 5 | |
| 6 | Honorable Dolly M. Gee |
| 7 | **[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| 8 | |
| 9 | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, a consolidated class action is pending in this Court entitled *In re*

2    *Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 2:22-cv-03026-DMG

3    (AGR) (the "Action");

4    WHEREAS, Lead Plaintiff Mejgan Mirbaz, on behalf of herself and the

5    Settlement Class (defined below), and defendants Mullen Automotive Inc. ("Mullen

6    Auto"), Mullen Technologies Inc. ("Mullen Tech") and David Michery, (the

7    "Individual Defendant"; and, together with Mullen Auto and Mullen Tech, the

8    "Defendants"; and together with Lead Plaintiff, the "Parties") have entered into a

9    Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation")

10    that provides for a complete dismissal with prejudice of the claims asserted against

11    Defendants in the Action on the terms and conditions set forth in the Stipulation,

12    subject to the approval of this Court (the "Settlement");

13    WHEREAS, unless otherwise defined in this Judgment, the capitalized terms

14    herein shall have the same meaning as they have in the Stipulation;

15    WHEREAS, by Order dated _____ __, 2024 (the "Preliminary Approval

16    Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the

17    Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that

18    notice of the proposed Settlement be provided to potential Settlement Class Members;

19    (d) provided Settlement Class Members with the opportunity either to exclude

20    themselves from the Settlement Class or to object to the proposed Settlement; and

21    (e) scheduled a hearing regarding final approval of the Settlement;

22    WHEREAS, pursuant to the Preliminary Approval Order, Lead Counsel

23    disseminated due and adequate notice to the Settlement Class;

24    WHEREAS, pursuant to the Preliminary Approval Order and Federal Rule of

25    Civil Procedure ("Rule") 23(e), the Parties seek final approval of the Settlement, in

26    accordance with the Stipulation, and for dismissal with prejudice upon the terms and

27    conditions set forth therein; and

28    WHEREAS, the Court conducted a hearing on _____ __, 2024 (the

2
FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

"Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants.

The Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation, and over all parties to the Action, including all Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____ __, 2024; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on _____ __, 2024.

3.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a Settlement Class consisting of all Persons that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing. Excluded from the Settlement Class are: (a) Persons who suffered no compensable

losses; and (b)(i) Defendants, Net Element, and the Excluded Entities[1]; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates[2] of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any person who served as an officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities, during the Settlement Class Period and their Immediate Family members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which the Individual Defendant is the settler or which is for the benefit of the Individual Defendant and/or member(s) of his Immediate Family; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof.  [Also excluded from the Settlement Class are the Persons listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to a request that has been accepted by the Court.]

        a.      Solely for the purposes of the Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 has been met: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the other members of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately protect the interests of the Settlement Class Members in connection with the Settlement; (e) common questions of law and fact

---

[1] "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

[2] For the avoidance of doubt, "affiliates" are Persons that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

predominate over questions affecting only individual Settlement Class Members; (f) resolution of the claims in this Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

        b.    Pursuant to Rule 23(e)(2), the Court approves the Settlement and finds that: (i) the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties; (ii) the Settlement is fair, reasonable, adequate; and (iii) the Settlement treats Settlement Class Members equitably relative to each other and is in the best interest of the Settlement Class.

        c.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, in addition to the terms and provisions herein[, except as to any individual claim of those Persons listed on Exhibit 1].

    4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for effectuating the Settlement, the Court hereby certifies Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

    5.    **Notice** – Pursuant to the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and the Due Process Clause of the United States Constitution, the Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; and (iii) were reasonably calculated, under all the circumstances, to

apprise Settlement Class Members of (a) the pendency of the Action and the definition of the Settlement Class, (b) the Settlement, as set forth in the Stipulation, and the effect of the proposed Settlement (including the Releases to be provided thereunder), (c) Lead Counsel's Fee and Expense Application, (d) Settlement Class Members' right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's Fee and Expense Application and to appear at the Settlement Hearing, and (e) Settlement Class Members' right to exclude themselves from the Settlement Class. Indeed, the nature and method of providing notice included direct notice to all the Settlement Class Members who could be identified through reasonable effort. Thus, no Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. Settlement Class Members were provided full opportunity to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

6. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby **dismissed with prejudice**. The Parties shall bear their own costs and expenses,

1  except as otherwise expressly provided in the Stipulation.

2  7.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall

3  be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class

4  Members (regardless of whether or not any individual Settlement Class Member

5  submits a Claim Form or seeks or obtains a distribution from the Net Settlement

6  Fund), as well as their respective successors and assigns.  [The Persons listed on

7  Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are

8  not bound by the terms of the Stipulation or this Judgment.]

9  8.  **Releases** – The Releases set forth in Section 4 of the Stipulation, together

10  with the definitions contained in Section 1 of the Stipulation relating thereto, are

11  expressly incorporated herein in all respects.  The Releases are effective as of the

12  Effective Date.  Accordingly, this Court orders that:

13  (a)  Without further action by anyone, upon the Effective Date of the

14  Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf

15  of themselves, and on behalf of any other Person legally entitled to bring Released

16  Plaintiff's Claims on behalf of the respective Settlement Class Member in such

17  capacity only, shall be deemed to have, and by operation of law and of the judgment

18  shall have, fully, finally and forever compromised, settled, released, resolved,

19  relinquished, waived, and discharged each and every Released Plaintiff's Claim

20  against the Defendants and the other Released Defendants' Parties, and shall forever

21  be barred and enjoined from prosecuting, directly or indirectly, representatively, or in

22  any other capacity, any or all of the Released Plaintiff's Claims against any of the

23  Released Defendants' Parties.  This Release shall not apply to any of the Excluded

24  Claims (as that term is defined in paragraph 1.15 of the Stipulation).

25  (b)  Without further action by anyone, upon the Effective Date of the

26  Settlement, Defendants, on behalf of themselves, and on behalf of any other Person

27  legally entitled to bring Released Defendants' Claims on behalf of the Defendants in

28  such capacity only, shall be deemed to have, and by operation of law and of the

judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties. [This Release shall not apply to any Person listed on Exhibit 1 hereto.]

(c)    Without further action by anyone, upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Action (i) by any Person against any of Released Defendants' Parties, or (ii) by any of Released Defendants' Parties against any other Person, other than a Person whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); provided, however, the Bar Order shall not (i) release any claims relating to the enforcement of the Settlement or any claims of any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (ii) preclude the Defendants from seeking to enforce any rights of contribution or indemnification that any Defendant may have under any contract, corporate charter, or bylaw, or any right for insurance coverage under any insurance, reinsurance, or indemnity policy.  For the avoidance of doubt, the Bar Order does not bar or impair (i) any claims asserted derivatively on behalf of Mullen Auto or Mullen Tech in the Derivative Actions; (ii) any claims relating to the enforcement of the Settlement; (iii) any claims by Defendants against their D&O Insurers; or (iv) any Excluded Claims.

(d)    No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the other Released Defendants' Parties with respect to: (a) any act, omission, or determination of Lead Counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or

distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) Lead Counsel's Fee and Expense Application; (g) any losses suffered by, or fluctuations in value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Settlement, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)  shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released

Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Lead Counsel's Fee and Expense Application in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action. Any Plan of Allocation submitted by Lead Counsel or Order entered by this Court regarding the Plan of Allocation or Lead Counsel's Fee

and Expense Application shall in no way disturb or affect the finality of this Judgment, or the Effective Date of the Settlement, and shall be considered separate from this Judgment.

12.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

13.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment (including its certification of the Settlement Class) shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 16, 2024, as provided in the Stipulation.

14.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.   Accordingly, the Court directs immediate entry of this Final Judgment by the Clerk of the Court.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Dolly M. Gee
United States District Judge

1

**Exhibit 1**

2

**[List of Persons Excluded from the Settlement Class Pursuant to Request]**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28