Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Casey Sadler (SBN 274241)
  *csadler@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff Mejgan Mirbaz*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Hearing Date: January 3, 2025<br>Time:        9:30 a.m.<br>Location:   350 West 1st Street<br>Courtroom: 8C |

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................1

II.     BACKGROUND ..................................................................................................1

        A.      Nature of the Action.................................................................................1

        B.      The Parties Entered Into The Settlement Agreement ...........................2

        C.      The Court Granted Preliminary Approval To The Settlement ...............3

        D.      Defendants Partially Fund The Settlement And The Parties Update
                The Court Via Joint Status Reports ........................................................4

        E.      The Settlement Amount Has Not Been Fully Paid, And Is Now
                Overdue ...................................................................................................5

        F.      Defendants Have Not Shown They Are Incapable Of Causing The
                Settlement Amount To Be Funded ..........................................................6

III.    STANDARDS FOR ENFORCING SETTLEMENT AGREEMENTS ...........7

IV.     ARGUMENT ......................................................................................................7

V.      CONCLUSION ...................................................................................................8

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Callie v. Near*,
   829 F.2d 888 (9th Cir. 1987) ...............................................................................7

*Caribbean Queen, Inc. v. Gracia Fashion Corp.*,
   2019 WL 8884095 (C.D. Cal. July 22, 2019) .......................................................7

*In re Stable Road Acquisition Corp. Sec. Litig.*,
   2023 WL 11892194 (C.D. Cal. Nov. 14, 2023) .....................................................8

*Jeff D. v. Andrus*,
   899 F.2d 753 (9th Cir. 1989) ...............................................................................7

*Kia Motors Corp. v. Keystone Auto. Indus., Inc.*,
   2009 WL 10672323 (C.D. Cal. June 26, 2009)..................................................7, 8

## I.   PRELIMINARY STATEMENT

Court-appointed lead plaintiff Mejgan Mirbaz ("Lead Plaintiff") respectfully requests that the Court order Defendants[1] to comply with the terms of the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Settlement Agreement"; ECF No. 91-1),[2] and further order that Defendants and/or their D&O Insurers promptly pay into the Escrow Account the unpaid $4.9 million portion of the total $7.25 million Settlement Amount.

The relevant facts are not in dispute, and so summary enforcement of the Settlement Agreement is appropriate.  The Settlement Agreement is a binding and valid contract, negotiated by sophisticated counsel and executed by all of the Parties. The full $7.5 million Settlement Amount was due to be paid by October 18, 2024, under the terms of the Settlement Agreement.  To date, total payments of $2,350,000 have been received into the Escrow Account, with a remaining outstanding balance of $4,900,000. This amount is overdue and should be paid so that the Settlement can proceed to final approval and compensation can be distributed to the Settlement Class who were harmed by Defendants' alleged securities fraud that gave rise to this action.

## II.   BACKGROUND

### A.   Nature of the Action

Lead Plaintiff's Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserts claims against: (i) Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) defendant Michery under Section 20(a) of the Exchange Act.  ECF No. 42.  The Complaint alleged that

---

[1] Defendants are Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech."), and David Michery ("Michery"; collectively, the "Defendants"; and together with Lead Plaintiff, the "Parties").

[2] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Settlement Agreement.

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

from June 15, 2020 through April 18, 2022, before and after Mullen Tech's reverse merger with Net Element Inc. ("Net Element"), the Defendants made materially false and misleading statements and/or omitted material information regarding Mullen Auto and Mullen Tech's electric vehicle business, causing Mullen Auto's (and its predecessor, Net Element's) common stock to trade at artificially inflated prices, until the market learned of the purported misrepresentations and/or omissions, resulting in the decline in price of Mullen Auto common stock. *See id.*

### B.    The Parties Entered Into The Settlement Agreement

On August 14, 2024, after a lengthy mediation and negotiation process, the Parties executed the Settlement Agreement. *See* ECF No. 90 at 4-5 (describing mediation and negotiation process culminating in execution of Settlement Agreement). The Settlement Agreement provides, *inter alia*, that:

> Defendants and/or their D&O Insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' counsel's receipt from Lead Counsel of (i) the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, as well as the name and phone number of a person who can verify the wire instructions; and (ii) a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

ECF No. 91-1 at ¶2.1. The "Settlement Amount" is defined as "$7,250,000.00 (Seven Million, Two Hundred and Fifty Thousand U.S. Dollars) in cash to be paid by check or wire transfer to the Escrow Agent pursuant to ¶ 2.1 hereof." *Id.* at ¶1.43.

The Settlement Agreement further provides that "[i]f Defendants fail to cause the Settlement Amount to be paid, or if the entire Settlement Amount is not timely deposited into the Escrow Account in accordance with the terms of this [Settlement Agreement]: (a) Defendants cannot terminate the Settlement; and (b) Lead Plaintiff may apply to the Court to enforce the terms of the Settlement." *Id.* at ¶2.2.

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

The Settlement Agreement also contained the following representation of Defendants' solvency and ability to pay the $7.25 million Settlement Amount:

> Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any Persons contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

*Id.* at ¶10.6.

The Settlement Agreement is governed by California law.  *Id.* at ¶10.15.  Moreover, "[a]ny action arising under, or to enforce, this [Settlement Agreement] or any portion thereof shall be commenced and maintained only in the [United States District Court for the Central District of California]."  *Id.* at ¶10.16.

### C.     The Court Granted Preliminary Approval To The Settlement

On August 16, 2024, Lead Plaintiff filed her Unopposed Motion for Preliminary Approval of Class Action Settlement and supporting papers.  *See* ECF Nos. 89-91.  The Court entered the original Order Preliminarily Approving Settlement and Providing for Notice dated September 13, 2024 and docketed on September 18, 2024, which was subsequently revised to correct a date typo in an order dated September 13, 2024 and docketed on September 23, 2024 ("Preliminary Approval Order"; ECF Nos. 98 and 99).

The Preliminary Approval Order, among other things, "preliminarily approve[d] the Settlement, in accordance with the [Settlement Agreement], as being fair, reasonable, and adequate to the Settlement Class."  *Id.* at ¶1.  The Preliminary Approval Order also "stay[ed] all proceedings in the Action other than proceedings necessary to implement the Settlement or carry out or enforce the terms and conditions of the [Settlement Agreement] or other agreement of the Parties."  *Id.* at ¶15.  In

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

addition, the Preliminary Approval Order provided that "[i]f the Parties encounter any difficulties in connection with the matters governed by this Order, they shall forthwith file a joint status report to alert the Court of any such development." *Id.* at ¶24. Finally, the Preliminary Approval Order stated that "[t]he Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement." *Id.* at ¶25.

On September 3, 2024, Lead Counsel provided to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account and a signed W-9 form, with Defendants' Counsel confirming receipt that same day. *See* Declaration of Garth Spencer (filed herewith) ("Spencer Decl.") at ¶5. Shortly thereafter, on September 18, 2024, the initial version of the Preliminary Approval Order was docketed. ECF No. 98. Because the Preliminary Approval Order was dated September 13, 2024, but docketed on September 18, 2024, the Parties agreed that the funding date would be October 18, 2024. Spencer Decl., Ex. A.

**D.    Defendants Partially Fund The Settlement And The Parties Update The Court Via Joint Status Reports**

On October 16, 2024, the Escrow Agent informed Lead Counsel that it had received a wire in the amount of $1,812,500. *See* Spencer Decl. at ¶8. On October 18, 2024, the Escrow Agent counsel informed Lead Counsel that it had received a wire in the amount of $500,000. *See id.* That same day, Lead Counsel informed Defendants' Counsel that the Escrow Agent had received a total of $2,312,500, and that $4,937,500 remained outstanding. *See id.*

Three days later, on October 21, 2024, the Parties filed the First Joint Status Report Regarding Settlement Funding with the Court. ECF No. 100. The report stated, in part, that:

> Mullen Auto intends to cause to be funded the outstanding balance of the Settlement Amount but has represented to Lead Plaintiff that, due to current circumstances that it expects to be resolved in the near future, it cannot immediately do so.

4

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

Based on Mullen Auto's representations, Lead Plaintiff believes that it is in the best interests of the Settlement Class to allow Defendants a brief additional time in which to fund the Settlement Amount. Lead Plaintiff reserves all rights under the Stipulation and does not waive any breach of the Stipulation arising from failure to timely fund the Settlement Amount.

*Id.*

On October 24, 2024, Defendants caused an additional $37,500 to be paid into the Escrow Account, bringing total payments to $2,350,000, with a remaining outstanding balance of $4,900,000.  Spencer Decl. at ¶9.

On November 15, 2024, the Parties filed the Second Joint Status Report Regarding Settlement Funding with the Court.  ECF No. 101.  The report provided, in pertinent part:

On November 14, 2024, Mullen Auto represented to Lead Plaintiff that it is unlikely to be able to fully fund the Settlement Amount until after it files with the SEC financial statements for the period ending September 30, 2024, which it expects to do in mid-December 2024. In an abundance of caution, and in light of the current schedule for administration and approval of the Settlement, Lead Plaintiff intends to move to enforce Defendants' compliance with the Stipulation's terms regarding funding of the Settlement Amount. Lead Plaintiff intends to file this motion by November 22, 2024, and to notice the motion for hearing in early January 2025. If the Settlement Amount is fully funded in the interim, Lead Plaintiff will withdraw the motion. Lead Plaintiff continues to reserve all rights under the Stipulation and does not waive any breach of the Stipulation arising from failure to timely fund the Settlement Amount. Defendants likewise continue to reserve all rights and defenses, including their right to oppose Lead Plaintiff's intended motion.

*Id.* (internal quote and citation omitted).

### E.    The Settlement Amount Has Not Been Fully Paid, And Is Now Overdue

As of the filing of this motion, only $2,350,000 has been paid into the Escrow Account, out of the $7.25 million total Settlement Amount.  *See* Spencer Decl. at ¶10.

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

The unpaid $4.9 million was due by October 18, 2024, under the express terms of the Settlement Agreement.

**F.      Defendants Have Not Shown They Are Incapable Of Causing The Settlement Amount To Be Funded**

Defendants have explained their failure to fully fund the Settlement Amount by representing that Mullen Auto is currently unable to pay the outstanding balance. *See* ECF Nos. 100, 101. Based on Mullen Auto's public SEC filings, it does appear that Mullen Auto is presently experiencing cash flow difficulties. *See* ECF No. 91-3 at 5 (as of June 30, 2024, Mullen Auto reported $3.5 million of cash and cash equivalents on its balance sheet); Spencer Decl. Ex. B (October 2, 2024 press release disclosing "monthly cash burn" of $12.8 million for Mullen Auto). However, Mullen Auto has also recently raised $21.9 million of financing. *See* Spencer Decl. Ex. B (stating that Mullen Auto has received $11.9 million from investors); Spencer Decl. Ex. C (October 28, 2024 press release announcing a Mullen Auto subsidiary's receipt of $10 million debt financing). Defendants have not shown that Mullen Auto is incapable of funding the outstanding $4.9 million balance of the Settlement Amount in whole or at least in part.

The Settlement Agreement's funding obligation is not limited to Mullen Auto, but requires "Defendants and/or their D&O Insurers" to pay the Settlement Amount, or cause it to be paid. ECF No. 91-1 at ¶2.1. Defendants have not shown that they are unable to obtain the outstanding $4.9 million from their D&O insurers. Nor have they shown that Defendants Mullen Tech or David Michery are unable to fund the outstanding balance in whole or in part. In fact, there is reason to believe that Defendant Michery has substantial personal assets that could be used to satisfy the outstanding balance. *See* Spencer Decl. Ex. D (Mullen proxy statement reflecting Mr. Michery's $750,000 salary and $48.9 million of stock awards in 2023); Ex. E (SEC Form 4 reflecting Mr. Michery's sale of over 14.9 million Mullen Auto shares on February 16, 2023 at $0.3164 per share, implying total proceeds of over $4.7 million);

ECF No. 42 at ¶54 (Complaint alleging that Defendant Michery at one point had 26 cars parked at Mullen Tech's garage, including Lamborghinis).

## III.   STANDARDS FOR ENFORCING SETTLEMENT AGREEMENTS

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement is appropriate, and an evidentiary hearing is not required, where the material facts are not in dispute. *See Kia Motors Corp. v. Keystone Auto. Indus., Inc.*, 2009 WL 10672323, at *3 (C.D. Cal. June 26, 2009) ("the Court concludes that no evidentiary hearing is required, as there are no material facts in dispute").

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). "Under California law, settlement agreements are governed by general principles of contract law." *Caribbean Queen, Inc. v. Gracia Fashion Corp.*, 2019 WL 8884095, at *2 (C.D. Cal. July 22, 2019).

## IV.   ARGUMENT

Lead Plaintiff respectfully submits that summary enforcement of the Settlement Agreement is warranted here. There can be no reasonable dispute that the Parties have entered into a valid agreement; indeed, the Court has already granted preliminary approval to the Settlement Agreement, which was signed by counsel for all Parties and filed with the Court. *See* Preliminary Approval Order at ¶1; Settlement Agreement at p. 45. Similarly, there can be no reasonable dispute that Defendants are in breach of the Settlement Agreement, which requires payment of the full $7.25 million Settlement Amount into the Escrow Account by October 18, 2024 (as confirmed by the Parties). *See* Settlement Agreement at ¶2.1; *see also* Spencer Decl. at ¶7, Ex. A. To date, only $2.35 million has been paid into the Escrow Account. *See* Spencer Decl. at ¶10. Therefore, because no material facts are in dispute, summary enforcement is appropriate, and the Court can and should find that Defendants have

breached the terms of the Settlement Agreement, and order Defendants and/or their D&O Insurers to promptly pay the outstanding $4.9 million. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2023 WL 11892194, at *3 (C.D. Cal. Nov. 14, 2023) (finding "summary enforcement" of settlement agreement in securities class action "is appropriate" and ordering that "[Defendant] and/or the Corporate Defendants' insurers shall promptly pay the outstanding $3.5 million."); *see also Kia Motors*, 2009 WL 10672323, at *5 (granting motion to enforce settlement agreement).

## V. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court order Defendants to comply with the terms of the Settlement Agreement, and further order Defendants and/or their D&O Insurers to pay or cause to be paid, on behalf of Defendants, the Settlement Amount into the Escrow Account no later than two business days after entry of the Court's order.

Dated: November 22, 2024      **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Garth Spencer*
Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
Casey Sadler (SBN 274241)
  *csadler@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff*
*Mejgan Mirbaz*

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Mejgan Mirbaz, certifies that this brief contains 2,484 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 22, 2024

*s/ Garth Spencer*
Garth Spencer

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 22, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 22, 2024, at Wilmington, North Carolina.

*s/ Garth Spencer*
Garth Spencer

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT