JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
JENNY PELAEZ (Bar No. 326765)
*jpelaez@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

BRIAN P. MILLER (admitted *pro hac vice*)
*bmiller@kslaw.com*
SAMANTHA J. KAVANAUGH (admitted *pro hac vice*)
*skavanaugh@kslaw.com*
ROSS E. LINZER (admitted *pro hac vice*)
*rlinzer@kslaw.com*
KING & SPALDING LLP
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, Florida, 33131
Telephone:   (305) 462-6000
Facsimile:   (305) 462-6100

Attorneys for Defendants
MULLEN AUTOMOTIVE INC.,
MULLEN TECHNOLOGIES, INC. AND DAVID MICHERY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
|---|---|
| | **DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| | Honorable Dolly M. Gee |
| | Date:   January 10, 2025<br>Time:  9:30 a.m.<br>Location:  350 West 1st Street<br>Courtroom:  8C |

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies, Inc. ("Mullen Tech"), and David Michery ("Michery;" collectively, "Defendants"), by and through undersigned counsel, hereby submit this response to Lead Plaintiff's Motion to Enforce Settlement Agreement filed by Lead Plaintiff Mejgan Mirbaz ("Lead Plaintiff") on November 22, 2024 [ECF No. 102] (the "Motion to Enforce"), as follows:

**INTRODUCTION**

Due to working capital needs and unforeseen delays in obtaining financing, defendant Mullen Auto was unable to fund the full Settlement Amount[1] by the original October 18, 2024, deadline.  To date, $3.25 million of the $7.25 million Settlement Amount has been funded into the Escrow Account.  Mullen Auto intends to effectuate payment of the remaining amounts into the Escrow Account pursuant to the following schedule, which Mullen Auto anticipates would allow it to draw from existing financing agreements while also maintaining sufficient working capital for operations:

- $1 million by January 17, 2025;
- $1 million by February 7, 2025;
- $1 million by February 21, 2025; and
- $1 million by March 14, 2025.

There is nothing to be gained by this Court ordering the remaining Settlement Amount to be paid within two business days – as requested by the Lead Plaintiff. Such a ruling would only serve to sabotage the settlement because Defendants would not be able to comply, and the Settlement Agreement likely would be terminated and the putative class would not receive any distributions.

Instead, this Court should deny the Motion to Enforce, and allow Mullen Auto to effectuate the remaining payments on the schedule proposed above.  This would

---

[1] Capitalized but undefined terms used herein have the meanings given them in the parties' Stipulation and Agreement of Settlement dated August 14, 2024 (the "Settlement Agreement") [ECF No. 91-1].

1

allow the parties to proceed with the settlement and fully fund the Settlement Amount sufficiently in advance of this Court's April 4, 2025, fairness hearing.

## **ARGUMENT**

On August 14, 2024, the parties entered into the Settlement Agreement. Section 2.1 required funding the $7.25 million Settlement Amount into the Escrow Account by certain deadlines keyed off other events, which ultimately led to an October 18, 2024, funding deadline.  By that date, $2,312,500.00 was funded into the Escrow Account.  An additional $37,500 was funded on October 24, 2024.  An additional $900,000 was funded on December 20, 2024.  That leaves a remaining balance of $4.0 million.

As noted in the parties' October 21, 2024, joint status report to this Court [ECF No. 100], counsel for Mullen Auto informed counsel for Lead Plaintiff of the funding delay, and noted that Mullen Auto could not effectuate additional payments by the original October 18, 2024, deadline.  At that time Lead Plaintiff indicated that she was not waiving any rights, but would allow additional time for funding the balance.

On November 15, 2024, the parties filed a second joint status report to this Court [ECF No. 101].  As noted in that status report, counsel for Mullen Auto explained to counsel for Lead Plaintiff that Mullen Auto could not effectuate payment of the remaining balance because a pending registration statement with the U.S. Securities and Exchange Commission (the "SEC") had not yet been declared effective, which could not happen until after Mullen Auto files its Form 10-K for the fiscal year ended September 30, 2024, because the registration statement required updated financial statements.

Rather than remain patient, Lead Plaintiff indicated that they would move to enforce the Settlement Agreement, which led to the instant motion.

On October 4, 2024, Mullen Auto filed the registration statement on Form S-1, File No. 333-282516, with the SEC that was referenced in the parties' joint status

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

reports.[2] That registration statement was to register the resale of 30 million shares of common stock issuable upon conversion of currently outstanding notes (the "Notes"). As described in the Form S-1, the Notes were issued in a private placement by which investors purchased a number of Notes initially and agreed to purchase additional notes only if certain conditions are satisfied, including an effective registration statement to allow for the resale of the shares of common stock underlying the Notes. Mullen Auto's Form S-1 registration statement remains on file with the SEC, but has not yet been declared effective.

Under applicable SEC rules, a registration statement must have current financial statements of the issuer that are not more than 134 days old. 17 C.F.R. § 210.8-08. In this case, these required updated financial statements consist of Mullen Auto's audited year-end financial statements that will be filed with Mullen Auto's Form 10-K. Mullen Auto's Form 10-K currently is due to be filed on or before December 30, 2024. The SEC cannot declare the registration statement effective until, among other things, the year-end financial statements are filed and included in the Form S-1.

Moreover, as described in a Form 8-K filed with the SEC on December 9, 2024,[3] Mullen Auto entered into a court-approved settlement with the purchasers of the Notes that provides for the exchange of shares of common stock for the claims represented by the Notes in reliance on an exemption provided for in Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10). And as described in a Form 8-K filed on December 13, 2024,[4] certain Note purchasers purchased additional Notes that are convertible into shares of common stock that Mullen Auto anticipates will be registered on the pending S-1 registration statement. It is important for the Court

---

[2] https://www.sec.gov/Archives/edgar/data/1499961/000182912624006661/0001829126-24-006661-index.htm

[3] https://www.sec.gov/ix?doc=/Archives/edgar/data/1499961/000182912624008158/mullenautomotive_8k.htm

[4] https://www.sec.gov/ix?doc=/Archives/edgar/data/1499961/000182912624008313/mullenautomotive_8k.htm

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

to note that, notwithstanding these developments, Mullen Auto also has substantial working capital needs for its continuing operations, to pay expenses such as payroll, rents, vendors, etc.

As a result, Mullen Auto has developed a conservative schedule to effectuate payment of the remaining Settlement Amount balance, which takes into account all of the timing and cash flow needs discussed above.[5]

In the Motion to Enforce, Lead Plaintiff argues that this Court should compel remaining payment (now $4.0 million) within two business days. That accelerated timing would be inappropriate, and not in the interest of putative class members. First, even under the terms of the Settlement Agreement (Section 2.2), Lead Plaintiff would not be entitled to terminate the settlement within that shortened time period. But more important, it would not be in the best interest of the putative class members to create a situation that would effectively force termination of the settlement. The $7.25 million Settlement Amount, which the Court has preliminarily approved, is a settlement that was reached after an arms' length mediation before a mediator experienced in mediating large securities class actions such as this case. If the settlement were to be terminated due to Mullen Auto's inability to effectuate payment within an unreasonably short window, then the putative class members will not recover that Settlement Amount and the parties would return to litigating a complex case with an uncertain outcome.

Instead, it would be more appropriate for this Court to allow Mullen Auto more time to effectuate the remaining payments toward the Settlement Amount, while also allowing Mullen Auto flexibility to satisfy other cash flow needs. This Court should set this case up for success, not failure.

Therefore, Defendants respectfully submit that the Court should deny the

---

[5] While the Motion to Enforce argues that individual defendant Michery allegedly possesses substantial assets, that is not relevant because any arguable financial obligation of Mr. Michery under the Settlement Agreement ultimately would be indemnified by Mullen Auto (or the D&O carriers to the extent of coverage).

4

Motion to Enforce, and allow Mullen Auto to effectuate payment under the following schedule:

- $1 million by January 17, 2025;
- $1 million by February 7, 2025;
- $1 million by February 21, 2025; and
- $1 million by March 14, 2025.

Dated: December 20, 2024              **KING & SPALDING LLP**

By: */s/Jenny Pelaez*
JOSEPH N. AKROTIRIANAKIS
JENNY PELAEZ
BRIAN P. MILLER
SAMANTHA J. KAVANAUGH
ROSS E. LINZER

Attorneys for Defendants
MULLEN AUTOMOTIVE INC.,
MULLEN TECHNOLOGIES, INC.
AND DAVID MICHERY

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT