Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Casey Sadler (SBN 274241)
  csadler@glancylaw.com
Garth Spencer (SBN 335424)
  gspencer@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff Mejgan Mirbaz*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br><br>Hearing Date: January 10, 2025<br>Time:          9:30 a.m.<br>Location:    350 West 1st Street<br>Courtroom:  8C |

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

# TABLE OF CONTENTS

I. DEFENDANTS DO NOT DISPUTE LEAD PLAINTIFF'S ARGUMENTS FOR ENFORCEMENT OF THE SETTLEMENT.................1

II. ENFORCEMENT OF THE SETTLEMENT REMAINS APPROPRIATE ...............................................................................3

III. LEAD PLAINTIFF SHOULD BE ALLOWED DISCOVERY, IF NECESSARY ....................................................................5

IV. DUE TO DEFENDANTS' DELAYED PAYMENT, THE REMAINING SETTLEMENT APPROVAL DATES SHOULD BE CONTINUED ......................................................................5

V. CONCLUSION ......................................................................7

## I. DEFENDANTS DO NOT DISPUTE LEAD PLAINTIFF'S ARGUMENTS FOR ENFORCEMENT OF THE SETTLEMENT

Defendants' Response To Lead Plaintiff's Motion To Enforce Settlement Agreement (ECF No. 106) ("Opposition") fails to dispute any of the key points raised in Lead Plaintiff's Motion To Enforce Settlement Agreement and its supporting papers (ECF Nos. 102-104) (the "Enforcement Motion").[1] Indeed, Defendants do not dispute that: (i) the Settlement Amount has not been fully funded and is now overdue; (ii) Lead Plaintiff is entitled to summary enforcement of the Settlement Agreement; and (iii) Defendant David Michery, Defendant Mullen Tech, or their D&O Insurers, are capable of fully funding the Settlement Amount.

Having failed to address the merits of Lead Plaintiff's motion, Defendants contend, without presenting any actual evidence of an inability to pay, that "[d]ue to working capital needs and unforeseen delays in obtaining financing" for Mullen Auto, *all* Defendants and the D&O Insurers should be allowed to avoid their obligations to fully fund the Settlement Amount that was due on October 18, 2024, and instead be granted a delayed payment schedule ending on March 14, 2025. However, that conclusion does not follow because, as shown in Lead Plaintiff's motion, each Defendant is jointly liable for the funding of the full Settlement Amount. *See* ECF No. 103 at 6; ECF No. 91-1 at ¶2.1.

Defendants' sole response to Lead Plaintiff's prima facie showing that Defendant Michery has substantial personal assets that could fund the outstanding Settlement Amount balance (*see* ECF No. 103 at 6-7) is to argue in a footnote that Mr. Michery's assets are "not relevant because any arguable financial obligation of

[1] Unless otherwise defined, all capitalized terms used but not defined herein have the same meanings as in the Stipulation And Agreement Of Settlement dated August 14, 2024 (ECF No. 91-1) ("Settlement Agreement"). Defendants are Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech."), and David Michery ("Michery"; collectively, the "Defendants"; and together with Lead Plaintiff, the "Parties").

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

Mr. Michery under the Settlement Agreement ultimately would be indemnified by Mullen Auto (or the D&O carriers to the extent of coverage)." ECF No. 106 at 4 n.5. This argument is a *non sequitur*—whether or not Mullen Auto or its insurers are obligated to indemnify Michery has no bearing on whether or not he has assets that could be used to satisfy his joint obligation to fully fund the Settlement Amount.

Even as to Mullen Auto, Defendants provide no *evidence* of an inability to pay, instead merely providing argument from Defendants' counsel based on Mullen Auto's SEC filings. If Defendants wish to establish that Mullen Auto is in fact incapable of presently funding the Settlement Amount, it is incumbent on them to provide evidentiary support. Of course, the same goes for any purported inability to pay of Mullen Tech, Mr. Michery, or Defendants' D&O Insurers, which they have not even attempted to demonstrate.

Finally, Defendants repeatedly raise the prospect of termination of the Settlement if the Court were to grant Lead Plaintiff's motion to enforce the Settlement. This argument is also without merit. Lead Plaintiff is moving to *enforce* the Settlement, not to terminate it. And the Settlement Agreement is crystal clear, "[i]f Defendants fail to cause the Settlement Amount to be paid, or if the entire Settlement Amount is not timely deposited into the Escrow Account in accordance with the terms of this Stipulation: (a) *Defendants cannot terminate the Settlement*." ECF No. 91-1 at ¶2.2 (emphasis added). If this were not the case, Defendants could unilaterally opt out of the Settlement Agreement, or attempt to negotiate a better deal or payment terms (as Defendants here are seeking), by failing to timely fund the Settlement Amount.

Lead Plaintiff wants the Settlement to proceed according to its terms. The Court should order Defendants' compliance with the Settlement Agreement to ensure that they pay the full Settlement Amount. If Defendants should fail to comply with such a Court order (as they strongly imply they would), it does not follow that Lead Plaintiff would terminate the Settlement. On the contrary, should Defendants flout a Court order to fund the full Settlement Amount, Lead Plaintiff intends to pursue discovery

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

into their assets and sources of income, and to commence efforts to collect the outstanding balance of the Settlement Amount from them, and potentially any sanctions that may be awarded by the Court on an appropriate later motion.

**II.     ENFORCEMENT OF THE SETTLEMENT REMAINS APPROPRIATE**

Since Lead Plaintiff filed the Enforcement Motion on November 22, 2024, subsequent developments have not obviated the need for the Court to order Defendants to fully fund the Settlement Amount. When Lead Plaintiff originally filed the Enforcement Motion, she noticed it for hearing on January 3, 2025. *See* ECF No. 102. Therefore, under L.R. 7-9, Defendants' opposition was due by December 13, 2024.

On December 13, 2024, counsel for Defendants contacted Lead Counsel for Lead Plaintiff, requested an extension of Defendants' date to oppose the Enforcement Motion, and offered that Mullen Auto would make a supplemental payment towards the outstanding balance of the Settlement Amount. *See* Reply Decl. ¶3.[2] Lead Counsel agreed, and accordingly filed an amended notice of motion (ECF No. 105), re-noticing the hearing on the Enforcement Motion for January 10, 2024, to allow additional time for further negotiations. Under L.R. 7-9, Defendants' opposition was then due by December 20, 2024. Also on December 13, 2024, *after* Lead Plaintiff filed with the Court her amended notice of motion, Mullen Auto filed a Form 8-K with the SEC announcing that it had raised $4.4 million of financing on December 12, 2024. *See* Reply Decl. Exhibit A (SEC Form 8-K).

On December 18, 2024, counsel for Defendants advised Lead Counsel that Mullen Auto was now requesting a further extended payment schedule to fund the outstanding balance of the Settlement Amount. *See* Reply Decl. ¶4. Counsel for Defendants proposed the same payment schedule reflected in Defendants' Response

---

[2] "Reply Decl." refers to the Declaration of Garth Spencer in Support of Lead Plaintiff's Reply Brief For Motion to Enforce Settlement Agreement, filed concurrently herewith.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

To Lead Plaintiff's Motion To Enforce Settlement Agreement (ECF No. 106). Also on December 18, 2024, Mullen Auto issued a press release stating that it had reduced "monthly burn" to $5.3 million, and had vehicle sales totaling $5.5 million since September 30, 2024. *See* Reply Decl. Exhibit B (press release).

On December 19, 2024, Lead Counsel responded with a counterproposal for a faster, but still extended, payment schedule. Defendants did not agree to the counterproposal. *See* Reply Decl. ¶4. On December 20, 2024, Defendants caused an additional $900,000 to be paid into the Escrow Account, bringing total payments to $3,250,000, with a remaining outstanding balance of $4,000,000. *See* Reply Decl. ¶5. As of the execution of this declaration, $3,250,000 has been paid into the Escrow Account, out of the $7.25 million total Settlement Amount, and there is a remaining outstanding balance of $4,000,000. *See* Reply Decl. ¶6.

In sum, leading up to and after the filing of her motion to enforce the Settlement, Lead Plaintiff has been reasonable and patient, in an attempt to allow Defendants' voluntary compliance with the Settlement Agreement. However, faced with repeatedly shifting timelines on promised payment, and a lack of clear information provided by Defendants regarding their ability to pay, Lead Counsel believes it is simply not prudent or in the best interests of the proposed Settlement Class to allow further extensions with no clear end date in sight, and that the Court's involvement is now necessary to ensure Defendants' compliance.

This case has strong parallels to another recent securities class action in which Lead Counsel here represented the lead plaintiff. In *In re Stable Road Acquisition Corp. Sec. Litig.*, 2023 WL 11892194 (C.D. Cal. Nov. 14, 2023), the parties reached a settlement agreement, which the defendants failed to fully fund by the date set forth in their settlement agreement. The defendant company claimed that financial difficulties prevented it from immediately funding the full settlement amount, and lead plaintiff's counsel worked with defendants to allow additional time for funding. When the extended funding deadline was not met, the lead plaintiff moved to enforce

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

the settlement agreement, which Judge Walter granted, ordering defendants to fully fund the outstanding settlement amount within two business days. *Id.* Defendants funded the settlement amount in compliance with Judge Walter's order, and the settlement went on to successfully gain final approval. *See In re Stable Rd. Acquisition Corp.*, 2024 WL 3643393, at *16 (C.D. Cal. Apr. 23, 2024) (final approval order). Similarly, here, the Court should grant Lead Plaintiff's motion to compel Defendants to fully fund the outstanding Settlement Amount, so that the Settlement can proceed to claims administration and final approval.

## III. LEAD PLAINTIFF SHOULD BE ALLOWED DISCOVERY, IF NECESSARY

Defendants' Opposition strongly implies that if the Court orders them to fully fund the Settlement Amount within two business days, they would not do so. *See* ECF No. 106 at ("Such a ruling would only serve to sabotage the settlement because Defendants would not be able to comply"). If Defendants fail to comply with such an order, Lead Plaintiff respectfully requests that the Court authorize her to take discovery from Defendants and their D&O Insurers to identify and aid in collection of assets and sources of funds that may be used to satisfy the outstanding portion of the Settlement Amount. Such discovery would be necessary and appropriate to ensure that the Court's order can be properly enforced, and that there is a mechanism to compel Defendants' compliance. Lead Counsel anticipates that such discovery would include, without limitation, interrogatories and requests for production of documents from Defendants concerning their assets and finances, and depositions of knowledgeable individuals, including Defendant Michery.

## IV. DUE TO DEFENDANTS' DELAYED PAYMENT, THE REMAINING SETTLEMENT APPROVAL DATES SHOULD BE CONTINUED

Under the Court's Order Preliminarily Approving Settlement And Providing For Notice To The Class (ECF No. 99) ("Preliminary Approval Order"), important dates for administration and final approval of the Settlement are rapidly approaching. For example, Lead Counsel's Fee and Expense Application is due by January 16,

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

2025, and Settlement Class Member claims, objections, and exclusions are due by February 6, 2025. These dates were originally scheduled based on the assumption that Defendants would timely cause the full Settlement Amount to be funded. However, the Settlement Amount has not been fully funded and is now substantially overdue. Defendants most recently indicated that they did not intend to fully fund the Settlement Amount until March 14, 2025, and even implied that they may not comply with a Court order to fully fund the Settlement Amount prior to that date. *See* ECF No. 106. If Defendants do not voluntarily fund the Settlement Amount, efforts by Lead Plaintiff to identify and collect their assets will necessarily take time. Moreover, Settlement Class Members should not be forced to decide whether to request exclusion or file an objection until they know whether the Settlement has been fully funded.

Therefore, so that the Court, the Parties, and Settlement Class Members can proceed to finalize the Settlement with more certainty as to the Settlement Class's recovery under the Settlement, Lead Plaintiff respectfully submits that the schedule for approval and administration of the Settlement should be continued as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Lead Counsel's fee and expense application | Thursday, January 16, 2025 | Friday, March 21, 2025 |
| Deadline to submit Settlement claims, objections, and exclusion requests | Thursday, February 6, 2025 | Friday, April 11, 2025 |
| Plaintiff's motion for final approval of Settlement | Friday, February 21, 2025 | Friday, April 25, 2025 |
| Replies in support of motion for final approval of Settlement and fee and expense application | Friday, March 21, 2025 | Friday, May 23, 2025 |

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

| Settlement hearing | Friday, April 4, 2025, at 10:00 a.m. | Friday, June 6, 2025, at 10:00 a.m. |
|---|---|---|

If the Court orders a revised schedule, Lead Plaintiff will cause the revised schedule to be posted on the Settlement Website, and the dates reflected on the Settlement Website to be updated accordingly. Lead Plaintiff will also post any order related to the Enforcement Motion on the Settlement Website, so as to inform Settlement Class Members of the changed circumstances since the execution of the Settlement Agreement and the entry of the Preliminary Approval Order.

## V. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter the Revised [Proposed] Order Granting Lead Plaintiff's Motion To Enforce Settlement Agreement, which is filed concurrently herewith.

Dated: December 27, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Garth Spencer*
Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Garth Spencer (SBN 335424)
  gspencer@glancylaw.com
Casey Sadler (SBN 274241)
  csadler@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff*
*Mejgan Mirbaz*

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Mejgan Mirbaz, certifies that this brief contains 2,066 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 27, 2024    *s/ Garth Spencer*
             Garth Spencer

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On December 27, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 27, 2024.

*s/ Garth Spencer*
Garth Spencer

REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT