**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | )  Case No. CV 22-3026-DMG (AGRx) ) ) ) **ORDER RE PLAINTIFF'S MOTION** ) **TO ENFORCE SETTLEMENT** ) **AGREEMENT [102]** ) ) ) ) |

On November 22, 2024, Lead Plaintiff Mejgan Mirbaz filed a motion to enforce the terms of the Stipulation and Agreement of Settlement dated August 14, 2024 and further order that Defendants promptly fund the remaining $4 million of the $7.25 million Settlement Amount.  [Doc. ## 102 ("MTE"), 91-1 (the "Settlement Agreement").]  The motion is fully briefed.  [Doc. ## 106 ("Opp."), 107 ("Reply").]  The Court held a hearing on the motion on January 10, 2025.  Having carefully considered the parties' arguments, the Court **GRANTS in part** the MTE for the reasons set forth below.

-1-

# I.

# BACKGROUND

**A.     The Action**

On September 23, 2022, Lead Plaintiff filed a consolidated amended class action complaint against Defendants, asserting violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  [Doc. # 42 ("Compl.").]  The Complaint alleged that, between June 15, 2020 and April 18, 2022, Defendants made materially false and misleading statements regarding Mullen Auto and Mullen Tech's electric vehicle business, causing the artificial inflation of the business's common stock.  Compl. ¶¶ 1, 2, 4.[1]

**B.     The Settlement Agreement**

Over the course of the next couple of years, the parties engaged in negotiations and mediations with the help of Robert A. Meyer, an experienced and well-respected mediator.  Motion for Preliminary Approval ("MPA") at 11 [Doc. # 90].  On August 14, 2024, the parties executed the Settlement Agreement.  MTE at 5.  Among other terms, the Settlement Agreement provides that:

> Defendants and/or their D&O Insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of:  (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' counsel's receipt from Lead Counsel of (i) the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, as well as the name and phone number of a person who can verify the wire instructions; and (ii) a signed W-9 reflecting a valid taxpayer

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

Settlement Agreement ¶ 2.1.

The Court preliminarily approved the parties' settlement on September 13, 2024 and the approval order was entered on the docket on September 18, 2024. [Doc. # 99.] The "Settlement Amount" was defined as $7.25 million, which was to be fully funded by no later than October 18, 2024. MTE at 7; Declaration of Garth Spencer ("Spencer Decl."), Ex. A [Doc. # 104-1]. To date, there is an outstanding balance of $4 million that has not yet been funded to the Escrow Account. Opp. at 3; Supplemental Declaration of Garth Spencer ("Spencer Decl. 2") ¶ 5 [Doc. # 108].

**C.      Defendants' Failure to Comply with the Settlement Agreement**

Between October 16 and 18, 2024, Defendants wired a total of $2,312,500 to the Escrow Account. Spencer Decl. ¶ 8. On October 21, 2024, the parties informed the Court of Defendants' failure to fund the full Settlement Amount. [Doc. # 101 ("JSR 1").] The parties submitted another joint status report on November 15, 2024, in which Lead Plaintiff stated that she intended to file a Motion to Enforce, but that she would withdraw it if Defendants fully funded the Settlement Amount prior to the hearing on the motion. [Doc. # 101 ("JSR 2").] Since October 18, 2024, Defendants have wired an additional $937,500 to the Escrow Account, but it is undisputed that Defendants have not yet fully funded the Settlement Amount and are in violation of the Settlement Agreement. Opp. at 3; Spencer Decl. ¶ 9; Spencer Decl. 2 ¶ 5.

## II.

## LEGAL STANDARD

This Court has the inherent power to enforce the terms of the Stipulation and Settlement Agreement because the Agreement provides that "the Court shall retain jurisdiction for the purpose of . . . enforcing the terms of this Stipulation." *See* Settlement Agreement ¶ 10.10; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994); *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir.

1978).  "[T]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."  *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) (quoting *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992)); *see also Knudsen v. C.I.R.*, 793 F.3d 1030, 1035 (9th Cir. 2015) ("A settlement is a contract, and its enforceability is governed by familiar principles of contract law.") (citation omitted).

## III.

## DISCUSSION

### A.    Funding of the Settlement Amount

There is no dispute over *whether* Defendants must fully fund the Settlement Amount—it is clear from the Settlement Agreement and the Court's Preliminary Approval Order that Defendants have an obligation to do so.  The only dispute at issue is *how quickly* Defendants must fulfill this obligation, as the time to do so pursuant to the terms of the Settlement Agreement has already passed.

Lead Plaintiff requests that the Court order Defendants to fund the amount within two business days.  MTE at 11.  Defendants assert that they "would not be able to comply" with that order and instead request that the Court order them to pay $1 million by January 17, 2025, $1 million by February 7, $1 million by February 21, and $1 million by March 14.  Opp. at 2.  Lead Plaintiff objects to this timeline on the grounds that:  (1) Defendants have the funds to pay the full amount forthwith, and (2) March 14, 2025 would too greatly delay the remaining dates in the schedule for approval and administration of the Settlement.  In support of her argument, Lead Plaintiff filed copies of Defendants' 8-K Forms that they submitted to the Securities and Exchange Commission on December 13, 2024 and January 2, 2025, and a Mullen Auto press release from December 18, 2024.  [Doc. ## 108-1, 109-1, 108-2.]  Together, these documents indicate that Defendants have raised millions of dollars within the past month.

In light of the foregoing, and for failure to submit *any* evidence showing an inability to pay, the Court will not delay payment of the Settlement Amount by two additional months. *See In re Stable Rd. Acquisition Corp. Sec. Litig.*, No. CV 21-5744-JFW (SHKx), 2023 WL 11892194 (C.D. Cal. Nov. 14, 2023) (granting a motion to enforce where the defendants failed to meaningfully respond to the contentions in the motion). Nonetheless, the Court also recognizes the likely futility of ordering Defendants to pay the Settlement Amount in two days when they have already stated that they will be unable to do so.

**B.    Discovery**

Because the parties have repeatedly failed to communicate effectively regarding Defendants' financial circumstances, the Court **ORDERS** the parties to meet and confer to discuss potential assets and sources of funds that Defendants could use to meet their settlement obligations. The Court strongly urges Defendants to provide corroboration during the meet and confer to support the contentions made in opposition to the motion to enforce, as any necessary disclosures made during these discussions may be designated as "for attorneys' eyes only." The parties shall then file a joint status report detailing their meet and confer efforts. In the report, Lead Plaintiff's counsel shall indicate whether Defendants were satisfactorily forthcoming during their meeting. If they were not, Lead Plaintiff may file an *ex parte* application requesting expedited discovery into Defendants' and their D&O Insurers' assets and funds.

The Court hereby **GRANTS in part and DENIES in part** Lead Plaintiff's MTE, in accordance with the schedule set forth below.

**C.    Schedule**

| Event | Prior Date | New Date |
|---|---|---|
| Meet and confer deadline | N/A | January 17, 2025 |
| Deadline to file joint status report re meet and confer | N/A | January 22, 2025 |
| Fully fund the Settlement Amount | October 18, 2024 | February 3, 2025 |

| Lead Counsel's fee and expense application | January 16, 2025 | April 4, 2025 |
| --- | --- | --- |
| Deadline to submit Settlement claims, objections, and exclusion requests | February 6, 2025 | April 25, 2025 |
| Deadline for Plaintiff's motion for final approval | February 21, 2025 | May 9, 2025 |
| Deadline for any replies in support of motion for final approval and fee and expense application | March 21, 2025 | June 6, 2025 |
| Final fairness hearing | April 4, 2025 at 10:00 a.m. | June 20, 2025 at 10:00 a.m. |

## IV.

## CONCLUSION

In light of the foregoing, the Court **GRANTS in part and DENIES in part** Plaintiff's MTE.  The parties shall meet and confer by **January 17, 2025** and file a joint status report regarding those efforts by **January 22, 2025**.  Defendants shall pay, or cause to be paid, the remaining $4 million to the Escrow Account by no later than **February 3, 2025**.  Lead Plaintiff shall cause the revised schedule to be posted on the Settlement Website and the dates reflected on the Settlement Website to be updated accordingly.

**IT IS SO ORDERED.**

DATED:  January 13, 2025

_____
DOLLY M. GEE
Chief United States District Judge