Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Casey Sadler (SBN 274241)
  *csadler@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff Mejgan Mirbaz*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**LEAD PLAINTIFF'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY PURSUANT TO THE COURT'S ORDER (ECF NO. 114)** |

# TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND....................................2

III. ARGUMENT ...................................................................................5

    A.   *Ex Parte* Relief Is Warranted..................................................5

    B.   Defendant Michery Is Liable For The Unfunded $4 Million Balance Of The Settlement ..................................................6

    C.   Defendant Michery Is In Violation Of The Court's Order Enforcing The Settlement Agreement ....................................7

    D.   No Right To Privacy Authorizes Defendant Michery To Conceal His Assets..........................................................7

    E.   Whether Defendant Michery Is Entitled To Indemnification Is Not Relevant..................................................10

IV.  CONCLUSION .................................................................................11

## TABLE OF AUTHORITIES

**CASES**

*Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.,*
  2016 WL 7486606 (C.D. Cal. Oct. 27, 2016) ........................................................9

*E.E.O.C. v. Braun Elec. Co.,*
  2014 WL 356998 (E.D. Cal. Jan. 24, 2014) ..........................................................9

*Freitag v. La Jolla Bridge, LLC,*
  2022 WL 2079447 (S.D. Cal. June 9, 2022) ...................................................7, 8, 9

*In re Eagan Avenatti, LLP,*
  2019 WL 3017683 (C.D. Cal. Apr. 18, 2019)........................................................9

*LL B Sheet 1, LLC v. Loskutoff,*
  2016 WL 7451632 (N.D. Cal. Dec. 28, 2016) .......................................................9

*Mission Power Eng'g Co. v. Cont'l Cas. Co.,*
  883 F. Supp. 488 (C.D. Cal. 1995)........................................................................5

*Penn-Star Ins. Co. v. Thee Aguila, Inc.,*
  2022 WL 17224661 (C.D. Cal. Aug. 22, 2022) .....................................................9

*RG Abrams Ins. v. L. Offs. of C.R. Abrams,*
  2022 WL 422824 (C.D. Cal. Jan. 19, 2022)....................................................7, 8, 9

*Simplicity Int'l v. Genlabs Corp.,*
  2010 WL 11509113 (C.D. Cal. May 7, 2010)........................................................8

**STATUTES**

Calif. Const. Art. 1, § 1.....................................................................................5, 7

In accordance with L.R. 7-19 and this Court's Initial Standing Order (ECF No. 9), counsel for Lead Plaintiff Mejgan Mirbaz ("Lead Plaintiff")[1] has advised counsel for Defendants of the date and substance of this application, and that opposing papers must be filed no later than 24 hours following service of the application. Defendants intend to oppose the application, and stated in the Joint Status Report Regarding Parties' Meet And Confer (ECF No. 116) ("Joint Report") that "Defendants respectfully request until the close of business on Monday, January 27, 2025, to provide their response." *Id.* at 3. Lead Plaintiff does not oppose that request.

## I.      INTRODUCTION

Defendant David Michery (Mullen Auto's CEO, founder, President, Chairman, and largest shareholder) is jointly liable to fund the long overdue $4 million balance of the Settlement Amount, and the Court recently ordered all "Defendants," which includes Michery, to provide information to Lead Plaintiff regarding the assets and sources of funds that they could use to meet their settlement obligations. ECF No. 114. However, Defendant Michery has refused to provide any information to Lead Plaintiff, claiming that: (i) his purported entitlement to indemnification from Mullen Auto or D&O coverage somehow makes his assets irrelevant; and (ii) such discovery would purportedly violate his right to financial privacy under the California Constitution. *See* ECF No. 116 at 3. Both arguments are without merit, and neither justifies his violation of the Court's order.

As Lead Plaintiff has previously shown, Defendant Michery appears to have substantial assets. Mullen Auto pays him a generous salary and incentive compensation, he sold Mullen Auto stock for approximately $1.2 million in 2022 and

[1] Unless otherwise defined, all capitalized terms used but not defined herein have the same meanings as in the Stipulation And Agreement Of Settlement dated August 14, 2024 (ECF No. 91-1) ("Settlement Agreement"). Defendants are Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech."), and David Michery ("Michery"; collectively, the "Defendants"; and together with Lead Plaintiff, the "Parties").

$4.7 million in 2023, and statements from a former Mullen employee contacted during Lead Plaintiff's investigation indicate that Michery may own multiple luxury vehicles. *See* ECF No. 42 at ¶¶54, 131; ECF No. 104-5. Throughout the parties' meet and confer efforts and the briefing on Lead Plaintiff's motion to enforce the settlement, Defendant Michery has never disputed that he has substantial assets and income. As such, Michery's refusal to provide any information to Lead Plaintiff appears to be a deliberate attempt to shield his wealth from the Court's scrutiny and from potential future collection efforts by Lead Plaintiff.

As stated in the Court's Order Re Plaintiff's Motion To Enforce Settlement Agreement (ECF No. 114) (the "Order"), if Defendants failed to provide sufficient information about their assets, then "Lead Plaintiff may file an *ex parte* application requesting expedited discovery into Defendants' and their D&O Insurers' assets and funds." *Id.* at 5. Therefore, Lead Plaintiff respectfully requests that the Court order Defendant Michery to provide documents concerning his assets and sources of funds by February 7, 2025, and to sit for a deposition concerning his assets and sources of funds by February 28, 2025.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2024, the Parties executed the Settlement Agreement, which provides that "Defendants and/or their D&O Insurers shall pay or cause to be paid" the $7.25 million Settlement Amount. *See* ECF No. 91-1 at ¶¶2.1, 1.43. The Court entered the original Order Preliminarily Approving Settlement and Providing for Notice dated September 13, 2024, which was subsequently revised in an order docketed on September 23, 2024 ("Preliminary Approval Order"; ECF Nos. 98 and 99). The full Settlement Amount was due to be funded by October 18, 2024. *See* ECF No. 104-1. To date, only $3.25 million of the Settlement Amount has been funded,

with $4 million outstanding. *See* Spencer Decl. (filed herewith) at ¶2.[2]

On November 22, 2024, Lead Plaintiff filed her motion to enforce the Settlement Agreement, arguing that the Settlement Amount was overdue and not fully funded, that all Defendants, including Michery, are liable for its payment, and that Michery appears to have substantial personal assets. *See* ECF No. 103. In opposing the motion, Defendants did not dispute that Mr. Michery has substantial personal assets or that he is required to fund the settlement, but argued that his assets are "not relevant because any arguable financial obligation of Mr. Michery under the Settlement Agreement ultimately would be indemnified by Mullen Auto (or the D&O carriers to the extent of coverage)." ECF No. 106 at 4 n.5. On reply, Lead Plaintiff explained that "[t]his argument is a *non sequitur*—whether or not Mullen Auto or its insurers are obligated to indemnify Michery has no bearing on whether or not he has assets that could be used to satisfy his joint obligation to fully fund the Settlement Amount." ECF No. 107.

On January 10, 2025, the Court held a hearing on the motion to enforce the Settlement Agreement. *See* ECF No. 113. On January 13, 2025, counsel for Lead Plaintiff emailed counsel for Defendants requests for information about their financial condition and purported inability to fund the outstanding $4 million. *See* Spencer Decl. Ex. A (email chain). The request included "documents showing the most up to date assets and liabilities of each defendant (Mullen Automotive, Mullen Technologies, and David Michery)," and specifically as to Mr. Michery, "documents reflect[ing] up to date information about the identity, composition and value of his:"

- Sources of income
- Bank accounts, savings accounts, certificates of deposit, etc.
- Investment accounts

---

[2] The relevant factual and procedural background leading up to the Court's January 13, 2025 Order enforcing the Settlement Agreement is set forth in greater detail in Lead Plaintiff's prior briefing (*see* ECF Nos. 103, 107, 111), and for brevity is only summarized here.

- Interests in Mullen Tech and Mullen Auto
- Retention or use of the $4.7 million he obtained from selling 14.9 Mullen Auto shares on February 16, 2023
- Interests in any other business
- Cryptocurrency
- Any other investments
- Real estate
- Vehicles (cars, trucks, motorcycles, boats, aircraft, etc.)
- Other high value items including artwork, jewelry, collectibles, etc.

*Id.*

Later on January 13, 2025, the Court entered the Order, granting in part the motion to enforce the Settlement. *See* ECF No. 114. As stated in the Order, "[t]here is no dispute over *whether* Defendants must fully fund the Settlement Amount—it is clear from the Settlement Agreement and the Court's Preliminary Approval Order that Defendants have an obligation to do so." *Id.* at 4. The Court ordered the Parties to meet and confer concerning Defendants' assets, stating in relevant part:

> the Court **ORDERS** the parties to meet and confer to discuss potential assets and sources of funds that Defendants could use to meet their settlement obligations.  The Court strongly urges Defendants to provide corroboration during the meet and confer to support the contentions made in opposition to the motion to enforce, as any necessary disclosures made during these discussions may be designated as "for attorneys' eyes only."  The parties shall then file a joint status report detailing their meet and confer efforts.  In the report, Lead Plaintiff's counsel shall indicate whether Defendants were satisfactorily forthcoming during their meeting.  If they were not, Lead Plaintiff may file an *ex parte* application requesting expedited discovery into Defendants' and their D&O Insurers' assets and funds.

*Id.* at 5.

Counsel for Lead Plaintiff subsequently asked counsel for Defendants to meet and confer on the topics set forth in the January 13, 2025 email. *See* Spencer Decl. Ex. A. On January 15, 2025, pursuant to the Order, counsel for the Parties met and conferred by telephone. *See* Spencer Decl. ¶3.

*EX PARTE* APPLICATION FOR DISCOVERY

Since then, the Parties have exchanged multiple emails regarding Lead Plaintiff's information requests, and Defendants have responded with certain financial information regarding Mullen Auto and Mullen Tech, and Mullen Auto's D&O Insurers. *Id.* Despite repeated requests from counsel for Lead Plaintiff, Defendant Michery has provided no information pursuant to the Order. *Id.* at ¶4. As Defendants stated in the Parties' Joint Report:

> Defendants believe that Lead Plaintiff's requests for financial information from Mr. Michery are inappropriate given that he is entitled to indemnity from Mullen Auto and D&O coverage to the extent of coverage, and as a result would violate his constitutional right to financial privacy under the California State Constitution. Calif. Const. Art. 1, § 1.

*See* ECF No. 116 at 3.

## III.   ARGUMENT

### A.   *Ex Parte* Relief Is Warranted

*Ex parte* relief is justified where two conditions are met. "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* Here, the Court has already in effect determined that *ex parte* relief is warranted, holding in the Order that if Defendants are not satisfactorily forthcoming, "Lead Plaintiff may file an *ex parte* application requesting expedited discovery into Defendants' and their D&O Insurers' assets and funds." ECF No. 114 at 5. Furthermore, this application meets the requirements of *Mission Power*.

First, Lead Plaintiff would be irreparably prejudiced if this application were heard pursuant to regularly noticed motion procedures. Time is of the essence given that the full Settlement Amount is long overdue, and the schedule for approval and

administration of the Settlement has already been postponed by 2.5 months. *See* ECF No. 114 at 5-6. Any further delay would risk enabling Defendant Michery to conceal or dissipate his assets, and risk further delays to the case schedule and the eventual distribution of monetary relief to the proposed Settlement Class. Second, Lead Plaintiff is without fault in creating the crisis that requires *ex parte* relief. Lead Plaintiff's counsel has cooperatively and diligently engaged with counsel for Defendants throughout the Settlement process and specifically in relation to the Court's order and the Parties' related meet and confer efforts (*see supra* Part II). This application is only being brought as a result of Defendant Michery's refusal to comply with the Court's Order.

Finally, further delay would only: (i) benefit Defendants, (ii) inequitably reward Defendant Michery's violation of the Court's Order; and (iii) encourage future defendants to delay meeting their payment obligations despite having entered into valid settlement agreements.

### B. Defendant Michery Is Liable For The Unfunded $4 Million Balance Of The Settlement

As explained in Lead Plaintiff's Memorandum in Support of Motion to Enforce Settlement Agreement (ECF No. 103 at 6-7) (the "Motion"), Defendant Michery is liable for the unfunded balance of the Settlement Amount. Under the Settlement Agreement, "Defendants and/or their D&O Insurers" must fund the $7.25 million Settlement Amount (ECF No. 91-1 at ¶¶2.1, 1.43), and "Defendants" means "Mullen Automotive Inc., Mullen Technologies Inc., and David Michery" (*id.* at ¶1.7). In their opposition to the Motion, Defendants did not dispute that Defendant Michery is liable to fund the Settlement Amount. *See* ECF No. 106. And, in the Court's January 13, 2025, Order, it recognized that "[t]here is no dispute over *whether* Defendants must fully fund the Settlement Amount—it is clear from the Settlement Agreement and the Court's Preliminary Approval Order that Defendants have an obligation to do so." ECF No. 114 at 4. It is, therefore, undisputed that Defendant Michery is contractually

*EX PARTE* APPLICATION FOR DISCOVERY

obligated by the Settlement Agreement to pay the outstanding $4 million.

**C.   Defendant Michery Is In Violation Of The Court's Order Enforcing The Settlement Agreement**

As set forth above, the Court's January 13, 2025, Order requires all Defendants, which necessarily includes Defendant Michery, to provide information about their assets to Lead Plaintiff.  *See* ECF No. 114 at 5. Nothing in the Order limits these obligations to Mullen Auto or Mullen Tech, or excludes Defendant Michery from them. Rather, the Order clearly refers to all "parties" and all "Defendants." *Id.* Therefore, because Defendant Michery has refused to provide any information about his "assets and sources of funds that [he] could use to meet [his] settlement obligations," he is in violation of the Court's Order.

**D.   No Right To Privacy Authorizes Defendant Michery To Conceal His Assets**

In the Parties' January 22, 2025, Joint Report, Defendants attempt to justify Mr. Michery's flouting of the Court's Order by arguing that "requests for financial information from Mr. Michery are inappropriate given that he is entitled to indemnity from Mullen Auto and D&O coverage to the extent of coverage, and as a result would violate his constitutional right to financial privacy under the California State Constitution. Calif. Const. Art. 1, § 1." *See* ECF No. 116 at 3.

However, "because this case arises under federal question jurisdiction, the Court applies federal privacy law," not California law. *Freitag v. La Jolla Bridge, LLC*, 2022 WL 2079447, at \*4 (S.D. Cal. June 9, 2022); *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 2022 WL 422824, at \*11 (C.D. Cal. Jan. 19, 2022) ("only federal law on privilege applies in cases, such as this one, involving federal question jurisdiction"); *see also* ECF No. 42 at ¶21 (Lead Plaintiff's claims arise under the federal securities laws).[3] "[W]hile there is no federal law counterpart to California's

_____

[3] Unless otherwise indicated, internal quotes and citations are omitted from citations to authorities herein.

*EX PARTE* APPLICATION FOR DISCOVERY

privacy statutes, federal courts recognize a right of privacy implicit in Rule 26." *RG Abrams*, 2022 WL 422824, at *11. "[T]he federal right to privacy is not an absolute bar to discovery." *Freitag*, 2022 WL 2079447, at *5. "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Id.* "[U]se of a protective order may minimize the impact of disclosure of private information." *Id.*

Regardless of whether the issue is analyzed as a matter of federal law, or as Defendants erroneously suggest under California law, the outcome is the same—any privacy interest Defendant Michery has in the requested information is adequately protected by the Stipulation and Confidentiality Order (ECF No. 78) ("Confidentiality Order") entered in this Action, and far outweighed by Lead Plaintiff's need for the information. For example, in *Simplicity Int'l v. Genlabs Corp.*, 2010 WL 11509113 (C.D. Cal. May 7, 2010), Judge Wilson explained that privacy protections under either federal law or the California Constitution are "not absolute" and require balancing the privacy interest against the need for the information. *Id.* at *3. Such balancing weighed in favor of discovery into an individual's assets, liabilities, and sources of income, because his "financial condition [is] at issue in this lawsuit," he had failed to previously provide sufficient information or demonstrate "any specific harm that disclosure of the information might cause," and "harm is unlikely given that the parties have entered into a protective order." *Id.* at *3-4.

Similarly, here Defendant Michery's assets are at issue because they are highly relevant to his ability to fund the Settlement of the claims against him, to which he has contractually agreed. Defendant Michery has failed, despite the Court's Order and repeated requests from Lead Plaintiff's counsel (*see* Spencer Decl. at ¶3), to provide any of the requested information, which is within his exclusive possession and control. Defendant Michery has not identified any concrete harm that he would suffer from providing the requested information to Lead Plaintiff's counsel, nor could he— the Confidentiality Order, to which Michery stipulated through his counsel, affords

ample protections enabling him to designate discovery materials as "confidential," or "highly confidential" in the event that it "should be designated for attorneys' eyes only." *See* ECF No. 78 at ¶¶2, 3, 6; *see also* Order at 5 ("disclosures made during these discussions may be designated as 'for attorneys' eyes only'.").

Under circumstances such as these, courts routinely find that the need for discovery into financial matters outweighs the resisting party's privacy interests, whether under federal or California law. *See e.g.*, *Penn-Star Ins. Co. v. Thee Aguila, Inc.*, 2022 WL 17224661, at *5 (C.D. Cal. Aug. 22, 2022) (denying motion to quash subpoena for relevant financial records where no harm was specified and the parties agreed on protective order language); *Freitag*, 2022 WL 2079447, at *8 (need for financial information outweighed privacy interests); *RG Abrams*, 2022 WL 422824, at *12 (plaintiffs sought relevant financial information, defendants offered no alternative means to obtain it, and "any risk of harm can be mitigated through a protective order"); *In re Eagan Avenatti, LLP*, 2019 WL 3017683, at *2-3 (C.D. Cal. Apr. 18, 2019) (denying motion to quash subpoena for judgment debtor's financial records because judgment creditor's "interest in collecting its judgment outweighs the privacy interests" and a protective order was already in place); *LL B Sheet 1, LLC v. Loskutoff*, 2016 WL 7451632, at *2 (N.D. Cal. Dec. 28, 2016) ("interests favoring the disclosure of defendant's net worth and financial condition—facilitating the ascertainment of truth in connection with legal proceedings, and obtaining the just resolution of claims—outweigh the countervailing interests favoring privacy, especially in light of the fact that the financial information can be disclosed pursuant to a protective order"); *Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.*, 2016 WL 7486606, at *6 (C.D. Cal. Oct. 27, 2016) ("plaintiff's right to privacy of its bank records is outweighed by the needs of defendant to discover relevant facts"); *E.E.O.C. v. Braun Elec. Co.*, 2014 WL 356998, at *6 (E.D. Cal. Jan. 24, 2014) (granting motion to compel production of financial information and overruling privacy objection "[b]ecause Defendant's concerns regarding privacy may be

addressed by protective order").

### E. Whether Defendant Michery Is Entitled To Indemnification Is Not Relevant

In opposing Lead Plaintiff's motion to enforce the Settlement, Defendant Michery argued that his assets are "not relevant because any arguable financial obligation of Mr. Michery under the Settlement Agreement ultimately would be indemnified by Mullen Auto (or the D&O carriers to the extent of coverage)." ECF No. 106 at 4 n.5. Defendants repeat this argument in the Joint Report. *See* ECF No. 116 at 3 ("requests for financial information from Mr. Michery are inappropriate given that he is entitled to indemnity from Mullen Auto and D&O coverage").

As Lead Plaintiff explained in her reply brief in support of the motion to enforce the Settlement, "[t]his argument is a *non sequitur*—whether or not Mullen Auto or its insurers are obligated to indemnify Michery has no bearing on whether or not he has assets that could be used to satisfy his joint obligation to fully fund the Settlement Amount." ECF No. 107. Defendant Michery is personally liable to fund the Settlement regardless of whether he is indemnified by any other party. That Mullen Auto and the D&O Insurers have not advanced the full Settlement Amount in no way absolves Michery of his joint responsibility to do so. Any decision by Defendant Michery regarding whether to seek reimbursement from Mullen Auto or the D&O Insurers after he funds all or part of the outstanding $4 million balance of the Settlement Amount is irrelevant to Lead Plaintiff and to the instant application.

Finally, in the Joint Report Defendants confusingly argue that Michery is entitled to indemnification "*and as a result*" the requested discovery would violate his privacy rights. *See* ECF No. 116 at 3. It is unclear from Defendants' argument how they believe Defendant Michery's entitlement to indemnity could possibly affect any constitutional right to privacy. Such a right either protects Mr. Michery's information from discovery or it does not (as shown *supra*, it does not), irrespective of his contractual rights to indemnification. That Defendant Michery is entitled to

indemnification does nothing to heighten his privacy interests, which are minimal in light of the Confidentiality Order, and which are far outweighed by Lead Plaintiff's need for the requested information.

## IV.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant this application and order Defendant Michery to: (i) provide documents reflecting his assets and sources of funds (including documents responsive to Lead Plaintiff's requests as set forth in Exhibit A) by February 7, 2025; and (ii) sit for a deposition concerning his assets and sources of funds by February 28, 2025.

Dated: January 23, 2025

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Garth Spencer*
Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Garth Spencer (SBN 335424)
  *gspencer@glancylaw.com*
Casey Sadler (SBN 274241)
  *csadler@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff*
*Mejgan Mirbaz*

**<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Lead Plaintiff Mejgan Mirbaz, certifies that this brief contains 3,372 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 23, 2025            *s/ Garth Spencer*
                                   Garth Spencer

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On January 23, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 23, 2025.

*s/ Garth Spencer*
Garth Spencer