# Exhibit 1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. CV 22-3026-DMG (AGRx)<br><br>Honorable Dolly M. Gee |

**DECLARATION OF ADAM D. WALTER REGARDING:**
**(A) MAILING AND EMAILING OF NOTICE;**
**(B) PUBLICATION OF SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION AND**
**<u>OBJECTIONS RECEIVED TO DATE</u>**

DECLARATION OF ADAM D. WALTER
Case No. CV 22-3026-DMG (AGRx)

I, Adam D. Walter, declare as follows:

1.      I am a Director of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.[1]  Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated September 13, 2024 (ECF No. 99, the "Preliminary Approval Order"), A.B. Data was appointed to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").  I submit this Declaration to provide the Court and the Parties to the Action information regarding, among other things, the mailing of the Postcard Notice, and publication of the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice"), as well as updates concerning other aspects of the settlement administration process.  The following statements are based on my personal knowledge and, if called as a witness, I could and would testify competently thereto.

## MAILING AND EMAILING OF NOTICE

2.      Pursuant to the Preliminary Approval Order, A.B. Data mailed the Postcard Notice to potential Settlement Class Members.  A true and correct copy of the Postcard Notice is attached hereto as Exhibit A.

3.      On September 23, 2024, A.B. Data received from Defendants' Counsel a list containing the names and addresses of record holders ("Record Holder List") for the purchasers of Mullen Securities during the Settlement Class Period.  The Record Holder List contained 1,759 mailing records.

4.      Additionally, as in most securities class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated August 14, 2024 (ECF No. 91-1, the "Stipulation").

DECLARATION OF ADAM D. WALTER
Case No. CV 22-3026-DMG (AGRx)

1

purchasers.  A.B. Data maintains a proprietary database with the names and addresses of the largest and most common banks, brokers, and other nominees (the "Broker Mailing Database").  At the time of the initial mailing, the Broker Mailing Database contained 4,933 mailing records.

5.     On October 9, 2024, A.B. Data caused the Postcard Notice to be sent by First-Class Mail to the combined 6,692 mailing records contained in the Record Holder List and the Broker Mailing Database.

6.     Contemporaneously with the mailing of the Postcard Notice, A.B. Data posted downloadable copies of: (a) the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); (b) the Proof of Claim and Release Form (the "Claim Form");[2] and (c) the Summary Notice; online at www.MullenSecuritiesSettlement.com (the "Settlement Website").  Upon request, A.B. Data mailed copies of the Notice and/or Claim Form to Settlement Class Members and will continue to do so until the deadline to submit a Claim Form has passed.

7.     A.B. Data also sent an email to each of the nominees on the Broker Mailing Database, which included a copy of the Notice, eFiling Guidelines, and an eFiling Template.  A true and correct copy of the email is attached hereto as Exhibit D.

8.     The Notice directed those who purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020, to April 17, 2022, both dates inclusive, for the beneficial interest of persons other than themselves to, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such

---

[2] True and correct copies of the Notice and Claim Form (together, the "Notice Packet") are attached hereto as Exhibits B and C, respectively.

beneficial owners; (b) request a link to the Notice and Proof of Claim and Release Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to *In re Mullen Automotive, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI 53217.

9.    As of April 1, 2025, A.B. Data received an additional 5,292 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data also received requests from brokers and other nominee holders for 31,150 Postcard Notices to be forwarded by the nominees to their customers. Additionally, A.B. Data received a request from Broadridge Financial Solutions ("Broadridge") to provide an email link to the Notice and Claim Form to send to its list of potential Settlement Class Members. Broadridge has confirmed that it disseminated the link to the copies of the Notice and Claim Form to 74,153 individuals who were potential Settlement Class Members. All such requests have been, and will continue to be, honored in a timely manner.

10.    As of April 1, 2025, 43,844 Postcard Notices and 27 Notice Packets (upon request) have been mailed to potential Settlement Class Members and their nominees, for a total of 43,871 mailings.

11.    As of April 1, 2025, the USPS returned 853 Postcard Notices as undeliverable without forwarding addresses. Of these, A.B. Data was able to locate 710 new addresses through TransUnion, an information supplier to which A.B. Data subscribes to perform address skip tracing to locate a potential Class Member's current address when they have moved. A.B. Data promptly re-mailed the Postcard Notices to the 710 potential Class Members at these updated addresses. Additionally, the USPS returned 12 Postcard Notices with forwarding addresses. A.B. Data promptly re-mailed the Postcard Notices to these potential Class Members.

12.    In sum, as of April 1, 2025, notice of the Settlement has been disseminated to 118,024 potential Settlement Class Members and nominees, which includes 43,871 Postcard

DECLARATION OF ADAM D. WALTER
Case No. CV 22-3026-DMG (AGRx)

Notices and Notice Packets mailed and 74,153 emailed links to copies of the Notice and Claim Form.

## PUBLICATION OF THE SUMMARY NOTICE

13.    In accordance with paragraph 6(d) of the Preliminary Approval Order, on October 21, 2024, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and released via *PR Newswire.*  True and correct copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits E and F, respectively.

## TELEPHONE HELPLINE

14.    On October 9, 2021, A.B. Data established a case-specific, toll-free telephone helpline, 877-777-9307, with an interactive voice response system and live operators, to: (a) assist potential Settlement Class Members with questions about the Action and the Settlement; and/or (b) request a Notice and Claim Form.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  Callers requiring further help have the option of being transferred to a live operator during business hours.

15.    As of April 1, 2025, A.B. Data has received a total of 645 calls to the toll-free number dedicated to the Settlement, including 75 that were handled by a live operator.  A.B. Data has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

## SETTLEMENT WEBSITE

16.    In accordance with paragraph 6(c) of the Preliminary Approval Order, A.B. Data designed, implemented, and currently maintains the Settlement Website, a case-specific website dedicated to the Settlement.  The Settlement Website became operational beginning on October 9, 2024, and is accessible 24 hours a day, 7 days a week.  Among other things, the Settlement Website includes general information regarding the Settlement, including the exclusion, objection, and

claim-filing deadlines, as well as the date and time of the Court's Settlement Hearing. In addition, A.B. Data has posted to the Settlement Website downloadable copies of the Stipulation, Preliminary Approval Order, Notice, Summary Notice, Claim Form, the Court's Order Re Plaintiff's Motion To Enforce Settlement Agreement dated January 13, 2025 (January 13, 2025, Order"), and other relevant Court documents related to the Action. A.B. Data also prominently posted to the Settlement Website the extended dates for claims, exclusions, and objections, and for the Settlement Hearing, contained in the Court's January 13, 2025 Order.

17. Moreover, the Settlement Website allows potential Settlement Class Members to file claims online and provides instructions and a claims-filing template for institutional investors.

18. As of April 1, 2025, there have been 11,477 unique visitors to the Settlement Website and 31,059 pageviews.

19. The Settlement Website will continue to be updated with relevant case information and Court Documents.

### REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

20. The Notice informed potential Settlement Class Members that requests for exclusion are to be sent to the Claims Administrator, such that they are received no later than February 6, 2025. On January 13, 2025, the Court extended the exclusion deadline to April 25, 2025. The Notice also sets forth the information that must be included in each request for exclusion. As of April 1, 2025, A.B. Data has received four (4) requests for exclusion. A list containing the exclusion identification number, name, city, state, country, and date of the request is attached hereto as Exhibit G, together with a redacted copy of the request.

21. According to the Notice, Settlement Class Members wishing to object to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses were required to submit their written objection to the Claims Administrator and to serve copies of such objection on Lead Counsel and Defendants' Counsel

postmarked no later than February 6, 2025. On January 13, 2025, the Court extended the objection deadline to April 25, 2025. As of the date of this Declaration, A.B. Data has received two (2) objections. A list containing the name, city, state, and country of each objector, and the date of the objection is attached hereto as Exhibit H, together with a redacted copy of the objections.

22. A.B. Data will submit a supplemental declaration after the April 25, 2025 deadline and before the June 20, 2025 Settlement Hearing, updating the Court concerning claims, requests for exclusion, and objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2025.

_____
Adam D. Walter

# EXHIBIT A

*COURT-ORDERED LEGAL NOTICE*

*In re Mullen Automotive, Inc. Sec. Litig.*
*c/a A.B. Data, Ltd.*
*P.O. Box 173036*
*Milwaukee, WI 53217*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

Scan QR Code for detailed Notice regarding this Class Action.



*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.MULLENSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

2:22-cv-03026-DMG-AGR Document 123-1 Filed 04/04/25 Page 11 of 85 ID #:2828

There has been a proposed Settlement of claims against Mullen Automotive Inc., Mullen Technologies Inc., and their executive David Michery (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Lead Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about Mullen Automotive Inc.'s electric vehicle business, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, between June 15, 2020 to April 17, 2022, inclusive, and suffered economic losses as a proximate result of the alleged wrongdoing.

Defendants have agreed to pay a Settlement Amount of $7,250,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all Settlement details, read the Stipulation and full Notice, available at the Settlement website.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size, and timing of your transactions in Mullen Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.03 per eligible share of Mullen Common Stock before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.MullenSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator (877-777-9307). **Claim Forms must be postmarked by February 6, 2025**. If you do not want to be legally bound by the Settlement, you must exclude yourself by **February 6, 2025**, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may submit an objection by **February 6, 2025**. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing in this case on **Friday, April 4, 2025, at 10:00 a.m.**, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $136,000 for litigating the case and negotiating the Settlement, and reimbursement of Lead Plaintiff's costs and expenses in an amount not to exceed $25,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-777-9307) or visit the Settlement website and read the detailed Notice.

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. CV 22-3026-DMG (AGRx)<br><br>Honorable Dolly M. Gee |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A United States Court authorized this Notice.  This is not a solicitation from a lawyer.*

**TO: ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF MULLEN AUTOMOTIVE INC. OR NET ELEMENT INC., AND/OR PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED CALL OPTIONS ON SUCH STOCK, AND/OR WROTE PUBLICLY TRADED PUT OPTIONS ON SUCH STOCK, FROM JUNE 15, 2020 TO APRIL 17, 2022, BOTH DATES INCLUSIVE, AND WHO SUFFERED ECONOMIC LOSSES AS A PROXIMATE RESULT OF THE ALLEGED WRONGDOING (THE "SETTLEMENT CLASS").[1]**

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if you purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock ("Mullen Securities"), during the period from June 15, 2020 to April 17, 2022, both dates inclusive ("Settlement Class Period"), and suffered economic losses as a proximate result of the alleged wrongdoing.

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Mejgan Mirbaz ("Lead Plaintiff"), on behalf of herself and the Settlement Class (as defined in ¶ 22 below), has agreed to a proposed settlement of the Action for $7,250,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact any Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 93 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech") and David Michery (the "Individual Defendant;" and, together with Mullen Auto and Mullen Tech, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Mullen Auto and Mullen Tech's electric vehicle business. A more detailed description of the Action is set forth in paragraphs 11-21 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 22 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of herself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $7,250,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 47-76 below.

3. **Estimate of Average Amount of Recovery Per Share of Mullen Common Stock:** Assuming that all Settlement Class Members elect to participate in the Settlement, Lead Plaintiff estimates that the average cash recovery per eligible share of Mullen Common Stock will be approximately $0.03, before the deduction of any Court-approved fees, expenses, and costs as described herein. Settlement Class Members should note, however, that the foregoing average recovery per Mullen Security is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Mullen Securities they purchased, when and at what prices they purchased/acquired or sold/wrote their Mullen Securities, and the total number

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at www.MullenSecuritiesSettlement.com.

of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 47-76 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Mullen Security:** Lead Plaintiff and Defendants (collectively, the "Parties") do not agree on the average amount of damages per Mullen Security that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), which have been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in 2022, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $136,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Settlement Class in an amount not to exceed $25,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Mullen Common Stock, if the Court approves Lead Counsel's Fee and Expense Application, is $0.01.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Garth Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate to, and in the best interest of the Settlement Class. Lead Plaintiff and Lead Counsel reached this conclusion after investigating and considering, among other things, the strengths and weakness of Lead Plaintiff's claims against Defendants, including Defendants' contentions that the claims are entirely without merit, the uncertainties of complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the settlement to the Settlement Class Members. The Parties vigorously disagree on both liability and damages and continuing with the case could have resulted in dismissal or loss at trial. Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. ***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any Party to this Action.***

| YOUR LEGAL RIGHTS AND OPTIONS IN THE PROPOSED SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM ONLINE AT THE SETTLEMENT WEBSITE OR POSTMARKED NO LATER THAN FEBRUARY 6, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 30 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 31 below), so it is in your interest to submit a Proof of Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN FEBRUARY 6, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN FEBRUARY 6, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the Fee and Expense Application unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON APRIL 4, 2025 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS POSTMARKED NO LATER THAN FEBRUARY 6, 2025.** | Submitting a written objection and notice of intention to appear by February 6, 2025, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| | |
|---|---|
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Proof of Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 3

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .    Page 4

How Do I Know If I Am Affected By The Settlement?  Who Is Included

     In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 5

What Are Lead Plaintiff's Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . .    Page 5

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 6

How Are Settlement Class Members Affected By The Action And

     The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 6

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . .    Page 7

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 7

What Payment Are The Attorneys For The Settlement Class Seeking?

     How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 13

What If I Do Not Want To Be A Member Of The Settlement Class?

     How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 14

When And Where Will The Court Decide Whether To Approve The Settlement?

     Do I Have To Come To The Hearing? May I Speak At The Hearing If I

     Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 14

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . .    Page 15

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . .    Page 15

## WHY DID I GET THE POSTCARD NOTICE?

8.  The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased, acquired, or written one or more of the Mullen Securities (listed above) during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.MullenSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.  The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application by Lead Counsel (the "Settlement Hearing").  *See* paragraph 83 below for details about the Settlement Hearing, including the date and location of the hearing.

10.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

**WHAT IS THIS CASE ABOUT?**

11.  This litigation is about allegedly misleading statements made by Defendants concerning Mullen Auto and Mullen Tech's electric vehicle business.

12.  On May 5, 2022 and May 12, 2022, respectively, class action complaints were filed in the Court, styled *Schaub v. Mullen Automotive, Inc., et al.*, Case No. CV 22-3026-DMG (AGRx), and *Gru v. Mullen Automotive, Inc., et al.*, Case No. CV 22-0976-DMG (AGRx).

13.  By order dated August 4, 2022, the Court: (i) ordered that the cases be consolidated under the caption *In re Mullen Automotive, Inc. Securities Litigation*, Case No. CV 22-3026-DMG (AGRx); (ii) appointed Mejgan Mirbaz to serve as Lead Plaintiff for the consolidated action; and (iii) approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class.

14.  On September 23, 2022, Lead Plaintiff filed and served the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against: (i) defendants Mullen Auto, Mullen Tech, and David Michery under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendant under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that before and after Mullen Tech's reverse merger (the "Reverse Merger") with Net Element Inc. ("Net Element") the Defendants materially misled investors regarding Mullen Auto and Mullen Tech's electric vehicle business with respect to its customer orders, battery testing, manufacturing facilities, and commercial partnerships. The Complaint further alleged that the prices of Mullen Auto's and Net Element's publicly traded securities were artificially inflated during the putative class period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was purportedly revealed.

15.  On November 22, 2022, Defendants filed a motion to dismiss the Complaint. On January 13, 2023, Lead Plaintiff filed her papers in opposition to the motion to dismiss.  On February 13, 2023, Defendants filed their reply papers. The Court took Defendants' motion to dismiss under submission, and on September 28, 2023, issued an order granting, in part, and denying, in part, the motion to dismiss.

16.  On October 24, 2023, Defendants filed their answer to the Complaint.

17.  Between October 2023 and April 2024, the Parties actively engaged in discovery in the Action.  During the course of discovery, Defendants produced approximately 3,000 documents to Lead Plaintiff consisting of over 15,000 pages, including certain of Defendants' emails and business records.  In addition, Lead Plaintiff obtained over 2,000 documents, consisting of over 10,000 pages, from non-parties.  Lead Counsel also deposed a third-party during this time.

18.  On April 2, 2024, the Parties participated in a full-day, in-person mediation session before a well-respected mediator of complex class actions, Robert A. Meyer, Esq. of JAMS.  In advance of that session, the Parties exchanged, and provided to Mr. Meyer, detailed mediation statements and exhibits, which addressed the issues of both liability and damages.  The mediation culminated in Mr. Meyer making a mediator's recommendation to resolve the Action for $7,250,000 in cash, for the benefit of the Settlement Class.  The Parties accepted that recommendation, subject to certain terms and conditions memorialized in a term sheet dated May 16, 2024 (the "Term Sheet").

19.  Based upon their investigation, prosecution, and mediation of the Action, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of her counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20.  Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiff in this Action and any wrongdoing whatsoever.  The Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Released Defendants' Parties (defined in ¶ 31 below), with respect to any actual or potential claim, or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted on behalf of any of the Defendants.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Lead Plaintiff of, any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21.  On September 13, 2024, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

22. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all Persons that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing.

Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants, Net Element, and the Excluded Entities[2]; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any person who served as an officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities, during the Settlement Class Period and their Immediate Family Members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which the Individual Defendant is the settler or which is for the benefit of the Individual Defendant and/or member(s) of his Immediate Family; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any Persons who or which submit a request for exclusion from the Settlement Class that is accepted by the Court (*See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 13 below). For the avoidance of doubt, "affiliates" are Persons that directly or indirectly through one or more intermediaries, control, are controlled by, or are under common control with, one of the Defendants.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release Form that is available online at www.MullenSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than February 6, 2025.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

23. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff recognizes, however, the expense and length of continued proceedings necessary to pursue her claims against Defendants through trial and appeals, as well as the very substantial risks she would face in establishing liability and damages. In response to Defendants' motion to dismiss, the Court had already dismissed Lead Plaintiff's claims relating to certain of the misleading statements alleged in the Complaint. Moreover, as to the remaining claims, Lead Plaintiff and Lead Counsel recognize that Defendants had numerous avenues of attack that could preclude a recovery. For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, those statements were not made with the requisite state of mind to support the securities fraud claim alleged. Lead Counsel expects that Defendants would argue that many of their challenged statements about Mullen Auto's business prospects were honestly held opinions about future events, and that they had disclosed the relevant risks to investors. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly misleading statements would be hotly contested. Lead Counsel expects that Defendants would continue to argue that any decrease in the price of Mullen Securities was caused by short selling and dissemination of inaccurate information about Mullen Auto, rather than by the revelation of any previously concealed facts. Lead Plaintiff would have to prevail at several stages – motions for summary judgment and trial – and if she prevailed on those, on the appeals that were likely to follow. Thus, there are very significant risks attendant to the continued prosecution of the Action.

24. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $7,250,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

25. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

---

[2] "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of her claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

27.   As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 14 below.

28.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 13 below.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 14 below.

29.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 30 below) against the Defendants and the other Released Defendants' Parties (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

30.  "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint [ECF No. 42]; or (ii) could have asserted in any forum that arise out of or are based upon, or relate to (a) the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings; and (c) the purchase, sale, or acquisition of publicly traded Mullen Securities during the Settlement Class Period.  Released Plaintiff's Claims will not include any claims: (i) relating to the enforcement of the Settlement; (ii) of any Person who or which submits a request for exclusion that is accepted by the Court; or (iii) asserted derivatively on behalf of Mullen Auto or Mullen Tech, including in any of the Derivative Actions.[3]

31.   "Released Defendants' Parties" means (i) each Defendant; (ii) Defendant Mullen Auto's predecessor Net Element; (iii) the Individual Defendant's Immediate Family Members; (iv) whether or not identified in any complaint filed in the Action, each of Defendants' and Net Element's respective past and current parents, associates, affiliates, subsidiaries, officers, directors, executives, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, general partners, limited partners, principals, shareholders, joint venturers, employees, contractors, consultants, experts, auditors, accountants, financial advisors, trustees, trusts, heirs, executors, administrators, insurers, reinsurers, underwriters, professional advisors, law firms and attorneys affiliated with such law firms, in their capacities as such; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

32.  "Unknown Claims" means: (i) any Released Plaintiff's Claim which Lead Plaintiff, any other Settlement Class Member, or any other Person legally entitled to bring Released Plaintiff's Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (ii) any Released Defendants' Claims which Defendants, or any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims; which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or

---

[3] "Derivative Actions" means, collectively: (a) *In re Mullen Automotive, Inc. Derivative Litigation*, Case No. CV 22-05336-DMG (AGRx) (C.D. Cal.); (b) *Hany Morsy v. David Michery, et al.*, Case No. CV 22-07139-DMG (AGRx) (C.D. Cal.); (c) *Trinon Coleman v. David Michery*, Case No. 2023-1228 (Delaware Court of Chancery); and (d) *Marius Martis v. David Michery, et al.*, Case No. 2:24-cv-02908-BRM-AME (D.N.J.).

territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Lead Plaintiff and the Released Plaintiff Parties (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

34. "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, against the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

35. "Released Plaintiff Parties" means (i) Lead Plaintiff, all other Settlement Class Members, any other plaintiffs in the Action and their counsel, and Lead Counsel, and (ii) each of their respective Immediate Family Members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such. Released Plaintiff Parties do not include any Person who would otherwise be a Settlement Class Member, but who validly and timely requests exclusion from the Settlement Class.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

36. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Proof of Claim and Release Form with adequate supporting documentation online at the Settlement Website or **postmarked no later than February 6, 2025**. A Proof of Claim and Release Form is available on the website maintained by the Claims Administrator for the Settlement, www.MullenSecuritiesSettlement.com, or you may request that a Proof of Claim and Release Form be mailed to you by calling the Claims Administrator toll-free at 1-877-777-9307. Please retain all records of your ownership of and transactions in Mullen Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Proof of Claim and Release Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38. Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid Seven Million Two Hundred Fifty Thousand Dollars ($7,250,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred by the Claims Administrator in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other Court approved deductions) will be distributed to Settlement Class Members who submit valid Proof of Claim and Release Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other Person that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, payment of Claims, Taxes, Tax Expenses, or any other expenses payable from the Settlement Fund, the disbursement of the Net Settlement Fund, or the plan of allocation.

41.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim and Release Form postmarked on or before February 6, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 30 above) against the Released Defendants' Parties (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Proof of Claim and Release Form.

43.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Mullen Securities held through the ERISA Plan in any Proof of Claim and Release Form that they may submit in this Action.  They should include ONLY those Mullen Securities that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Mullen Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other Persons excluded from the Settlement Class are participants in the ERISA Plan, such Persons shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.  Only Settlement Class Members, *i.e.*, Persons who purchased, acquired or wrote Mullen Securities during the Settlement Class Period and were damaged as a result, will be eligible to share in the distribution of the Net Settlement Fund.  Persons that are excluded from the Settlement Class by definition, or that exclude themselves from the Settlement Class pursuant to request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim and Release Forms.  The only securities that are included in the Settlement are the Mullen Securities, as defined above.

## PROPOSED PLAN OF ALLOCATION

47.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below ("Recognized Loss").

48.  A Recognized Loss will be calculated for each share of publicly traded common stock of Mullen Automotive Inc. or of Net Element Inc. ("Mullen Common Stock"), and each publicly traded call option on such stock ("Mullen Call Options"), purchased or otherwise acquired during the Settlement Class Period, and each publicly traded put option on such stock ("Mullen Put Options") sold (written) during the Settlement Class Period.[4, 5]  The calculation of Recognized Loss will depend upon several factors, including when the Mullen Securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably to the extent that it is economically feasible.

49.  The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Mullen Common Stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Mullen Common Stock during the Settlement Class Period is reflected in Table 1, below.  The computation of the estimated alleged artificial inflation in the price of Mullen Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

50.  The U.S. securities laws allow investors to seek to recover losses caused by disclosures that correct the defendants' previous misleading statements or omissions.  In this Action, Lead Plaintiff would argue that corrective disclosures removed the artificial inflation in the price of Mullen Common Stock on the following dates: September 21, 2021; April 7, 2022; and April 18, 2022 (the "Corrective Disclosure Dates").  Defendants deny that they made any misleading statements or omissions and therefore also deny that corrective

---

[4] During the Settlement Class Period, Mullen Common Stock was listed and traded on the Nasdaq Stock Market.  At the opening of trading on November 5, 2021, the ticker symbol for Mullen Common Stock changed from "NETE" to "MULN."

[5] After the Settlement Class Period, Mullen Common Stock underwent three reverse stock splits: 1-for-25 on May 4, 2023; 1-for-9 on August 11, 2023; and 1-for-100 on December 21, 2023.  Herein references to Mullen share quantities and prices are *not* adjusted for these reverse stock splits.

disclosures were made.  In order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to Mullen Common Stock and Mullen Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held at the opening of trading on at least one of the Corrective Disclosure Dates; and, with respect to Mullen Put Options, those options must have been sold (written) during the Settlement Class Period and still outstanding at the opening of trading on at least one of the Corrective Disclosure Dates.

| Table 1<br>Artificial Inflation in Mullen Common Stock** | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| Monday, June 15, 2020 | Monday, September 20, 2021 | $1.30 |
| Tuesday, September 21, 2021 | Wednesday, April 6, 2022 | $0.57 |
| Thursday, April 7, 2022 | Thursday, April 14, 2022[6] | $0.32 |
| Monday, April 18, 2022 | Thereafter | $0.00 |

** For each day during the Settlement Class Period, the artificial inflation in Mullen Common Stock shall be limited to that day's closing price for the stock.

51.  The per-share Recognized Loss for Mullen Common Stock shall be the Recognized Loss amount as described below in "Mullen Common Stock Recognized Loss Calculations."  The per-option Recognized Loss for Mullen Call Options and Mullen Put Options shall be the Recognized Loss amount as described below in "Mullen Call and Put Option Recognized Loss Calculations."

52.  The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Mullen Common Stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Mullen Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period"[7]) cannot exceed the difference between the purchase price paid for such securities and its average price during the 90-Day Lookback Period.  The Recognized Loss on Mullen Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such securities and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

53.  In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Mullen Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

54.  A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Mullen Common Stock and Mullen Call Option contracts, and for each writing of Mullen Put Option contracts during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

### MULLEN COMMON STOCK RECOGNIZED LOSS CALCULATIONS

55.    For each share of Mullen Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, June 15, 2020 through April 17, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

I.   For each share purchased during the period June 15, 2020 through April 14, 2022, inclusive,

a.   that was sold prior to September 21, 2021, the Recognized Loss is $0.00.

b.   that was sold during the period September 21, 2021 through April 14, 2022, inclusive, the Recognized Loss is *the lesser of*:

i.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

ii.   the purchase price *minus* the sale price.

c.   that was sold during the period April 18, 2022 through July 13, 2022, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss is *the least of*:

i.   the amount of per-share price inflation on the date of purchase as appears in Table 1; or

ii.   the purchase price *minus* the sale price; or

iii.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2.

---

[6] The U.S. Stock Market was closed on Friday, April 15, 2022 in observance of Good Friday.

[7] The Settlement Class Period ends on April 17, 2022.  The 90-Day Lookback Period is April 18, 2022 through July 13, 2022, inclusive.

    d. that was still held as of the close of trading on July 13, 2022, the Recognized Loss is *the lesser of*:

        i. the amount of per-share price inflation on the date of purchase as appears in Table 1; or

        ii. the purchase price *minus* the average closing price for Mullen Common Stock during the 90-Day Lookback Period, which is $1.22.

  II. For each share that was purchased on or after April 18, 2022, the Recognized Loss is $0.00.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 4/18/2022 | $1.84 | 5/16/2022 | $1.28 | 6/14/2022 | $1.22 |
| 4/19/2022 | $1.77 | 5/17/2022 | $1.27 | 6/15/2022 | $1.22 |
| 4/20/2022 | $1.65 | 5/18/2022 | $1.26 | 6/16/2022 | $1.22 |
| 4/21/2022 | $1.59 | 5/19/2022 | $1.25 | 6/17/2022 | $1.22 |
| 4/22/2022 | $1.56 | 5/20/2022 | $1.24 | 6/21/2022 | $1.23 |
| 4/25/2022 | $1.54 | 5/23/2022 | $1.24 | 6/22/2022 | $1.23 |
| 4/26/2022 | $1.50 | 5/24/2022 | $1.23 | 6/23/2022 | $1.24 |
| 4/27/2022 | $1.48 | 5/25/2022 | $1.22 | 6/24/2022 | $1.24 |
| 4/28/2022 | $1.47 | 5/26/2022 | $1.21 | 6/27/2022 | $1.24 |
| 4/29/2022 | $1.45 | 5/27/2022 | $1.20 | 6/28/2022 | $1.24 |
| 5/2/2022 | $1.44 | 5/31/2022 | $1.21 | 6/29/2022 | $1.24 |
| 5/3/2022 | $1.43 | 6/1/2022 | $1.22 | 6/30/2022 | $1.24 |
| 5/4/2022 | $1.42 | 6/2/2022 | $1.22 | 7/1/2022 | $1.23 |
| 5/5/2022 | $1.41 | 6/3/2022 | $1.22 | 7/5/2022 | $1.23 |
| 5/6/2022 | $1.40 | 6/6/2022 | $1.22 | 7/6/2022 | $1.23 |
| 5/9/2022 | $1.38 | 6/7/2022 | $1.23 | 7/7/2022 | $1.22 |
| 5/10/2022 | $1.35 | 6/8/2022 | $1.23 | 7/8/2022 | $1.22 |
| 5/11/2022 | $1.32 | 6/9/2022 | $1.23 | 7/11/2022 | $1.22 |
| 5/12/2022 | $1.30 | 6/10/2022 | $1.23 | 7/12/2022 | $1.22 |
| 5/13/2022 | $1.28 | 6/13/2022 | $1.22 | 7/13/2022 | $1.22 |

### MULLEN CALL AND PUT OPTIONS RECOGNIZED LOSS CALCULATIONS

56. For each Mullen Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss per option shall be calculated as follows:

  I. For each Mullen Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

  II. For each Mullen Call Option purchased during the period June 15, 2020 through April 14, 2022, inclusive, and held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

    a. that was subsequently sold prior to the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the sale price.

    b. that was subsequently exercised prior to the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the intrinsic value of the Mullen Call Option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Mullen Common Stock on the date of exercise *minus* the strike price of the option.

    c. that expired unexercised prior to the close of trading on April 18, 2022, the Recognized Loss is equal to the purchase price.

    d. that was still held as of the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the intrinsic value of the Mullen Call Option as of the close of trading on April 18, 2022, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $1.84[8] *minus* the strike price of the option.

  III. For each Mullen Call Option purchased on or after April 18, 2022, the Recognized Loss is $0.00.

No Recognized Loss shall be calculated based upon the purchase or acquisition of any Mullen Call Option that had been previously sold or written.

---

[8] $1.84 is the closing price of Mullen Common Stock on April 18, 2022.

57.    For each Mullen Put Option written during the Settlement Class Period, the Recognized Loss per option shall be calculated as follows:

I.    For each Mullen Put Option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

II.    For each Mullen Put Option sold during the period June 15, 2020 through April 14, 2022, inclusive, and still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a.    that was subsequently purchased prior to the close of trading on April 18, 2022, the Recognized Loss is the purchase price *minus* the sale price.

b.    that was subsequently exercised (*i.e.*, assigned) prior to the close of trading on April 18, 2022, the Recognized Loss is the intrinsic value of the Mullen Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Mullen Common Stock on the date of exercise.

c.    that expired unexercised prior to the close of trading on April 18, 2022, the Recognized Loss is $0.00.

d.    that was still outstanding as of the close of trading on April 18, 2022, the Recognized Loss is the intrinsic value of the Mullen Put Option as of the close of trading on April 18, 2022 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $1.84.

III.    For each Mullen Put Option sold on or after April 18, 2022, the Recognized Loss is $0.00.

No Recognized Loss shall be calculated based upon the sale or writing of any Mullen Put Option that had been previously purchased or acquired.

58.    **Maximum Recovery for Options:** Settlement proceeds available for Mullen Call Options purchased during the Settlement Class Period and Mullen Put Options written during the Settlement Class Period shall be limited to a total amount equal to 1.0% of the Net Settlement Fund.[9]

## ADDITIONAL PROVISIONS

59.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss amounts as calculated above with respect to all Mullen Securities.

60.    **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of any Mullen Security during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  With respect to Mullen Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.  For Mullen Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Mullen Put Options sold (written) during the Settlement Class Period in chronological order.

61.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Mullen Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Mullen Securities during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of these Mullen Securities for the calculation of a Claimant's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Mullen Securities unless (i) the donor or decedent purchased or otherwise acquired such Mullen Securities during the Settlement Class Period; and (ii) no Proof of Claim and Release Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Mullen Securities.

62.    **Short Sales:** With respect to Mullen Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock.  The date of a "short sale" is deemed to be the date of sale of the Mullen Common Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.

63.    In the event that a Claimant has a short position in Mullen Common Stock, the earliest purchases or acquisitions of Mullen Common Stock during the Settlement Class Period shall be matched against such short position, and shall not be entitled to a recovery, until that short position is fully covered.

64.    If a Settlement Class Member has "written" Mullen Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option.  The date on which the Mullen Call Option was written is deemed to be the date of sale of the Call Option.  In accordance with the Plan of Allocation, however, the

---

[9] Mullen Call and Put Option trading accounted for less than 1.0% of total dollar trading volume for Mullen Securities during the Settlement Class Period.  Consequently, claims for Mullen Call and Put Option transactions are allotted 1.0% of the Settlement pursuant to the Plan of Allocation.

Recognized Loss on "written" Mullen Call Options is zero. In the event that a Claimant has a written position in Mullen Call Options, the earliest purchases or acquisitions of like Call Options during the Settlement Class Period shall be matched against such written position, and shall not be entitled to a recovery, until that written position is fully covered.

65.    If a Settlement Class Member has purchased or acquired Mullen Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option. The date on which the Mullen Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss on purchased/acquired Put Options is zero. In the event that a Claimant has a long position in Mullen Put Options, the earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such position, and not be entitled to a recovery, until that long position is fully covered.

66.    **Mullen Common Stock Purchased/Sold Through the Exercise of Publicly Traded Options:** With respect to Mullen Common Stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of Mullen Common Stock acquired during the Settlement Class Period through the exercise of a publicly traded option on Mullen Common Stock shall be computed as provided for other purchases of Mullen Common Stock in the Plan of Allocation.

67.    **Mullen Common Stock Acquired Through the Exercise, Conversion or Exchange of Non-Publicly Traded Securities:** Notwithstanding any of the above, shares of Mullen Common Stock acquired through the exercise, conversion, or exchange of non-publicly traded securities of Mullen and Net Element are not eligible to participate in the Settlement. For the avoidance of doubt, such securities shall include, but not be limited to: Series A Preferred Stock; Series B Preferred Stock; Series C Preferred Stock; warrants; options to purchase or rights to subscribe for Mullen Common Stock; convertible debt/notes; and any other non-publicly traded security convertible into, exchangeable or exercisable for Mullen Common Stock.

68.    **Mullen Common Stock Issued to Mullen Technology Security Holders:** Notwithstanding any of the above, shares of Mullen Common Stock issued to former Mullen Technology, Inc. security holders pursuant to the closing of the Reverse Merger are not eligible to participate in the Settlement.

69.    **Market Gains and Losses:** With respect to all Mullen Common Stock and Mullen Call Options purchased or acquired or Mullen Put Options sold (written) during the Settlement Class Period, the Claims Administrator will determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions in those shares and options during the Settlement Class Period. For purposes of making this calculation, with respect to Mullen Common Stock and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[10] and (ii) the sum of the Claimant's Sales Proceeds[11] and the Claimant's Holding Value.[12] For Mullen Common Stock and Call Options, if the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain. With respect to Mullen Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[13] and the Claimant's Holding Value;[14] and (ii) the Claimant's Sale Proceeds.[15] For Mullen Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value _minus_ the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

---

[10] For Mullen Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all such Mullen Securities purchased or acquired during the Settlement Class Period.

[11] For Mullen Common Stock and Call Options, the Claims Administrator shall match any sales of such Mullen Securities during the Settlement Class Period first against the Claimant's opening position in the like Mullen Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining like Mullen Securities sold during the Settlement Class Period is the "Sales Proceeds."

[12] For each share of Mullen Common Stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 14, 2022, the Claims Administrator shall ascribe a "Holding Value" of $1.84. For each Mullen Call Option purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 14, 2022, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be _the greater of_: (i) $0.00 or (ii) $1.84 _minus_ the strike price of the option.

[13] For Mullen Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Mullen Put Options first against the Claimant's opening position in Mullen Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses). The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

[14] For each Mullen Put Option sold (written) during the Settlement Class Period that was still outstanding as of the close of trading on April 14, 2022, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be _the greater of_: (i) $0.00 or (ii) the strike price of the option _minus_ $1.84.

[15] For Mullen Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Sales Proceeds."

70.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Mullen Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Mullen Securities during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

71.    **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

72.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

73.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.  Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

74.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

75.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants, and there shall be no appeal to any court, including the U.S. Court of Appeals for the Ninth Circuit. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be deemed to have knowingly and intentionally waived the right to appeal any decision of the Court with respect to the administration, processing, payment, and determination of Claims and the determination of all controversies relating thereto.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel, or any of the Released Plaintiff Parties or the Released Defendants' Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Proof of Claim and Release Form; the nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

76.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with her damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  No Defendant, nor any other Released Defendants' Parties, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.MullenSecuritiesSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

77.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $136,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Settlement Class in an amount not to exceed $25,000.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

78. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such Person mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Mullen Automotive, Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be received by, or postmarked no later than, February 6, 2025. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such Person "requests exclusion from the Settlement Class in *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. CV 22-3026-DMG (AGRx)"; (c) provide a list identifying the number and type of Mullen Securities that the Person requesting exclusion purchased, acquired, wrote and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing; and (d) be signed by the Person requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received by, or postmarked within, the time stated above, or is otherwise accepted by the Court.

79. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Defendants' Parties.

80. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81. Defendants have the right to terminate the Settlement if valid Requests for Exclusion are received from Persons entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

82. **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

83. The Settlement Hearing will be held on **April 4, 2025 at 10:00 a.m.**, before the Honorable Dolly M. Gee at the United States District Court for the Central District of California, United States Courthouse, Courtroom 8C, 350 West 1st Street, Los Angeles, California 90012. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's Fee and Expense Application, and/or any other matter related to the Settlement, at or after the Settlement Hearing, without further notice to the members of the Settlement Class.

84. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's Fee and Expense Application. Objections must be in writing. You must submit any written objection, together with copies of all other papers and briefs supporting the objection, to the Claims Administrator at the address set forth below on or before **February 6, 2025**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are **postmarked no later than February 6, 2025**.

| **Claims Administrator** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| *In re Mullen Automotive, Inc.* | Glancy Prongay & Murray LLP | King & Spalding LLP |
| *Securities Litigation* | Garth Spencer, Esq. | Brian P. Miller, Esq. |
| c/o A.B. Data, Ltd. | 1925 Century Park East | 200 S. Biscayne Boulevard |
| P.O. Box 173001 | Suite 2100 | Suite 4700 |
| Milwaukee, WI 53217 | Los Angeles, CA 90067 | Miami, FL 33131 |

85. Any objection must include: (a) the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) documents sufficient to prove membership in the Settlement Class, including the number and type of Mullen Securities that the Person objecting purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86. You may submit a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first submit and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's Fee and Expense Application, and if you timely submit a written objection as described above, you must also file a notice of

appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *postmarked* **on or before February 6, 2025**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such Persons may be heard orally at the discretion of the Court.

88.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 84 above so that the notice is *postmarked* **by February 6, 2025**.

89.  The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

90.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's Fee and Expense Application.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

91.  If you purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, for the beneficial interest of Persons other than yourself, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Proof of Claim and Release Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to *In re Mullen Automotive, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI 53217.  If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

92.  Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF.  POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

93.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Room 180, Los Angeles, CA 90012.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.MullenSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| *In re Mullen Automotive, Inc.* | and/or | Garth Spencer, Esq. |
| *Securities Litigation* | | GLANCY PRONGAY & MURRAY LLP |
| c/o A.B. Data, Ltd. | | 1925 Century Park East, Suite 2100 |
| P.O. Box 173036 | | Los Angeles, CA 90067 |
| Milwaukee, WI 53217 | | (310) 201-9150 |
| (877) 777-9307 | | settlements@glancylaw.com |
| www.MullenSecuritiesSettlement.com | | |

***DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.***

Dated: October 9, 2024

By Order of the Court
United States District Court
Central District of California

# EXHIBIT C

***In Re Mullen Automotive, Inc. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173036**
**Milwaukee, WI 53217**

**Toll Free Number:  877-777-9307**

**Settlement Website:  www.MullenSecuritiesSettlement.com**
**Email: info@MullenSecuritiesSettlement.com**

**PROOF OF CLAIM AND RELEASE FORM**

To be eligible to receive a share of the Net Settlement Fund[1] in connection with the Settlement of *In re Mullen Automotive, Inc. Securities Litigation*, Case No. CV 22-3026-DMG (AGRx), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the above address, or submit it through the settlement website listed above, **so that it is postmarked or submitted no later than February 6, 2025.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN MULLEN COMMON STOCK** | **6** |
| **PART IV – SCHEDULE OF TRANSACTIONS IN MULLEN CALL OPTIONS** | **7** |
| **PART V – SCHEDULE OF TRANSACTIONS IN MULLEN PUT OPTIONS** | **9** |
| **PART VI – RELEASE OF CLAIMS AND SIGNATURE** | **11** |

---

[1] All capitalized terms used in this Proof of Claim and Release Form that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at www.MullenSecuritiesSettlement.com.

**PART I – CLAIMANT INFORMATION**

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

| City | State | Zip Code |
| --- | --- | --- |
| | | |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
| --- | --- |
| | |

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[2]:

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)    ☐ Pension Plan    ☐ Trust

☐ Corporation    ☐ Estate

☐ IRA/401K    ☐ Other (please specify) _____

---

[2] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.   It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.   This Claim Form is directed to all Persons that purchased or otherwise acquired the publicly traded common stock ("Mullen Common Stock") of Mullen Automotive Inc. ("Mullen Auto") or Net Element Inc. ("Net Element"), and/or purchased or otherwise acquired publicly traded call options on such stock ("Mullen Call Options"), and/or wrote publicly traded put options on such stock ("Mullen Put Options"), during the period from June 15, 2020 to April 17, 2022, both dates inclusive (the "Settlement Class Period"), and who suffered economic losses as a proximate result of the alleged wrongdoing (together, the "Settlement Class").[3]  Mullen Common Stock, Mullen Call Options, and Mullen Put Options are referred to collectively as "Mullen Securities."  All Persons that are members of the Settlement Class are referred to as "Settlement Class Members."

3.   Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants, Net Element, and the Excluded Entities[4]; (ii) present and former parents, subsidiaries, assigns, successors, predecessors, and affiliates of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any Person who served as an officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities, during the Settlement Class Period and their Immediate Family members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which the Individual Defendant is the settler or which is for the benefit of the Individual Defendant and/or member(s) of his Immediate Family; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any Persons who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  For the avoidance of doubt, "affiliates" are Persons that directly or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants.

4.   If you are not a Settlement Class Member, do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.   If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiff's Claims against the Released Defendants' Parties.

6.   You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.   Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.   Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Mullen Securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Mullen Securities, whether

---

[3] On or about November 5, 2021 Mullen Technologies Inc. ("Mullen Tech") completed a reverse merger with Net Element, pursuant to which Net Element changed its name to Mullen Automotive Inc. and changed its NASDAQ stock ticker symbol from "NETE" to "MULN."

[4] "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

QUESTIONS? CALL (877) 777-9307 OR VISIT WWW.MULLENSECURITIESSETTLEMENT.COM.          PAGE 3 of 12

such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note:  Only Mullen Common Stock and Mullen Call Options purchased/acquired, and Mullen Put Options sold, during the Settlement Class Period (*i.e.*, from June 15, 2020 to April 17, 2022, both dates inclusive) are eligible under the Settlement.  However, under the PSLRA "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Mullen Common Stock during the period from April 18, 2022 through July 13, 2022, will be used for purposes of calculating your Recognized Loss under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to process your claim, the requested purchase and sale information during the 90-Day Lookback Period must also be provided.

10.  You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Mullen Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Mullen Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.  All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Mullen Common Stock or Mullen Call Options, or sold Mullen Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Mullen Common Stock or Mullen Call Options, or sold Mullen Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.  Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of Persons represented by them, and they must:

> (a)    expressly state the capacity in which they are acting;

> (b)    identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other Person on whose behalf they are acting with respect to) the Mullen Securities; and

> (c)    furnish herewith evidence of their authority to bind to the Claim Form the Person on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

14.  By submitting a signed Claim Form, you will be swearing that you:

> (a)    own(ed) the Mullen Securities you have listed in the Claim Form; or

> (b)    are expressly authorized to act on behalf of the owner thereof.

15.  By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.  If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.  PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.  If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., by email at info@MullenSecuritiesSettlement.com, or by toll-free phone at 877-777-9307, or you may download the documents from the Settlement website, www.MullenSecuritiesSettlement.com.

19.  NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.MullenSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 877-777-9307.**

**PART III – SCHEDULE OF TRANSACTIONS IN MULLEN COMMON STOCK**

Complete this Part III if and only if you purchased/acquired Mullen Common Stock during the period from June 15, 2020 through April 17, 2022, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Mullen Common Stock.[5]

**1. BEGINNING HOLDINGS** – State the total number of shares of Mullen Common Stock held as of the opening of trading on June 15, 2020.  (Must be documented.)  If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Mullen Common Stock from after the opening of trading on June 15, 2020, through and including the close of trading on April 17, 2022.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Ticker Symbol (NETE or MULN) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | If applicable, fill in below for each transaction. "O" – Exercise of Stock Option "NP" – Mullen Common Stock Acquired through the Exercise, Conversion, or Exchange of Non-Publicly Traded Securities "RM" – Mullen Common Stock issued to former Mullen Technology, Inc. security holders pursuant to closing of Reverse Merger |
|---|---|---|---|---|---|
| /   / | | | $ | $ | |
| /   / | | | $ | $ | |
| /   / | | | $ | $ | |
| /   / | | | $ | $ | |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD** – State the total number of shares of Mullen Common Stock purchased/acquired (including free receipts) from after the opening of trading on April 18, 2022, through and including the close of trading on July 13, 2022.  If none, write "zero" or "0."[6] _____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Mullen Common Stock from after the opening of trading on June 15, 2020, through and including the close of trading on July 13, 2022.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Ticker Symbol (NETE or MULN) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| /   / | | | $ | $ |
| /   / | | | $ | $ |
| /   / | | | $ | $ |
| /   / | | | $ | $ |

**5. ENDING HOLDINGS** – State the total number of shares of Mullen Common Stock held as of the close of trading on July 13, 2022.  (Must be documented.)  If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

---

[5] Herein, "Mullen Common Stock" refers to: (i) the common stock of Net Element Inc., listed on the NASDAQ under the symbol "NETE" through November 4, 2021; and (ii) the common stock of Mullen Automotive Inc., that commenced trading on the NASDAQ on November 5, 2021, under the ticker symbol "MULN" following the merger of Mullen Tech and Net Element.

[6] **Please note**:  Information requested with respect to your purchases/acquisitions of Mullen Common Stock from after the opening of trading on April 18, 2022, through and including the close of trading on July 13, 2022, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

**PART IV– SCHEDULE OF TRANSACTIONS IN MULLEN CALL OPTIONS**

Complete this Part IV if and only if you purchased/acquired Mullen Call Options during the period from June 15, 2020 through April 17, 2022, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Mullen Call Options.[7]

**1.  BEGINNING HOLDINGS** – Separately list all positions in Mullen Call Option contracts in which you had an open interest as of the opening of trading on June 15, 2020.  (Must be documented.)    **IF NONE, CHECK HERE**  ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Mullen Call Option contracts from after the opening of trading on June 15, 2020 through and including the close of trading on April 18, 2022.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised. Insert an "A" if Assigned. Insert an "X" if Expired. | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022** – Separately list each and every sale/disposition (including free deliveries) of Mullen Call Options from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022.  (Must be documented.)    **IF NONE, CHECK HERE**  ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

[7] Herein, "Mullen Call Options" refers to: (i) exchange traded call options with Net Element common stock (ticker symbol "NETE") as the underlying security through November 4, 2021; and (ii) exchange traded call options with Mullen Auto common stock (ticker symbol "MULN") as the underlying security commencing November 5, 2021.  On November 5, 2021, the option symbol for Mullen Call Options changed from "NETE" to "MULN."

| 4. **ENDING HOLDINGS** – Separately list all positions in Mullen Call Option contracts in which you had an open interest as of the close of trading on April 18, 2022.  (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /     / | | |
| $ | /     / | | |
| $ | /     / | | |
| $ | /     / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

**PART V – SCHEDULE OF TRANSACTIONS IN MULLEN PUT OPTIONS**

Complete this Part V if and only if you sold (wrote) Mullen Put Options during the period from June 15, 2020 through April 17, 2022, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Mullen Put Options.[8]

| **1. BEGINNING HOLDINGS** – Separately list all positions in Mullen Put Option contracts in which you had an open interest as of the opening of trading on June 15, 2020.  (Must be documented.) | | | **IF NONE, CHECK HERE** ⭕ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022** – Separately list each and every sale (writing) (including free deliveries) of Mullen Put Option contracts from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022.  (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions and fees) | Insert an "A" if Assigned. Insert an "E" if Exercised. Insert an "X" if Expired. | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

| **3. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 18, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Mullen Put Option contracts from after the opening of trading on June 15, 2020, through and including the close of trading on April 18, 2022.  (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ⭕ |
|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

---

[8] Herein, "Mullen Put Options" refers to: (i) exchange traded put options with Net Element common stock (ticker symbol "NETE") as the underlying security through November 4, 2021; and (ii) exchange traded put options with Mullen Auto common stock (ticker symbol "MULN") as the underlying security commencing November 5, 2021.  On November 5, 2021, the option symbol for Mullen Put Options changed from "NETE" to "MULN."

QUESTIONS? CALL (877) 777-9307 OR VISIT WWW.MULLENSECURITIESSETTLEMENT.COM.          PAGE 9 of 12

| 4. ENDING HOLDINGS – Separately list all positions in Mullen Put Option contracts in which you had an open interest as of the close of trading on April 18, 2022.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

**PART VI – RELEASE OF CLAIMS AND SIGNATURE**

*YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 10 OF THIS CLAIM FORM.*

I (We) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I, (we), on behalf of myself (ourselves) and on behalf of any other Person legally entitled to bring Released Plaintiff's Claims (as defined in the Stipulation and in the Settlement Notice) on my (our) behalf in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Defendants and the other Released Defendants' Parties (as defined in the Stipulation and in the Settlement Notice), and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the Person(s) who represent(s) the Claimant(s) certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3.    that I (we) own(ed) the Mullen Common Stock and Mullen Call Options and had an interest in the Mullen Put Options identified in the Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

5.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

6.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

7.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

8.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                          Date

_____
Print your name here

_____
Signature of joint Claimant, if any                                            Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                                    Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*. (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 4 OF THIS CLAIM FORM.)

### <u>REMINDER CHECKLIST:</u>

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 877-777-9307.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@MullenSecuritiesSettlement.com, or toll-free at 877-777-9307, or visit www.MullenSecuritiesSettlement.com.  Please DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN FEBRUARY 6, 2025**, ADDRESSED AS FOLLOWS:

*In re Mullen Automotive, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173036
Milwaukee, WI 53217
877-777-9307
www.MullenSecuritiesSettlement.com

**OR SUBMITTED ONLINE BY FEBRUARY 6, 2025, AT WWW.MULLENSECURITIESSETTLEMENT.COM.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before **February 6, 2025** is indicated on the envelope and it is mailed first-class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT D

Greetings:

Attached please find the Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement; (II) Settlement Fairness Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses and Proof of Claim and Release Form for the case entitled *In re Mullen Automotive, Inc. Securities Litigation*, Case No. CV 22-3026-DMG (AGRx), pending in the United States District Court Central District of California. Also provided for your convenience is a copy of the Electronic Claims Filing Guidelines and the Electronic Claims Filing Template.

Ticker Symbol:  MULN (Net Element: NETE)
CUSIP: Mullen: 62526P109 (Net Element: 64111R300)
ISIN: Mullen: US62526P1093 (Net Element: US64111R3003)

Pursuant to page 15, paragraph 91 of the Notice, if you purchased or otherwise acquired the publicly traded common stock of Mullen Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, for the beneficial interest of Persons other than yourself within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either:

(a)  request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all **such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners;**

(b)  **request a link to the Notice and Proof of Claim and Release Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or**

(c)  provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to In re Mullen Automotive, Inc. Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI 53217.

If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.

You are not authorized to print the postcard notice yourself.  Postcard notices may only be printed by the court-appointed claims administrator. Additional copies of the Postcard Notice may be requested by contacting the Claims Administrator by phone at (877) 777-9307 or by email at info@MullenSecuritiesSettlement.com

All communications concerning the foregoing should be directed to the Claims Administrator by email to **info@ MullenSecuritiesSettlement.com** or by mail to:

***In Re Mullen Automotive, Inc. Securities Litigation***
**c/o A.B. Data**
**P.O. Box 173036**
**Milwaukee, WI 53217**

Or:
*In Re Mullen Automotive, Inc. Securities Litigation*
**c/o A.B. DATA, LTD.**
**ATTN:  FULFILLMENT DEPARTMENT**
**3410 WEST HOPKINS STREET**
**MILWAUKEE, WI  53216**

**1-877-311-3740**
**fulfillment@abdata.com**

If you wish to be removed from this e-list, please reply to this email and write "Please Remove" in the subject line.

CLAIMS ADMINISTRATOR

# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. CV 22-3026-DMG (AGRx) Honorable Dolly M. Gee |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All Persons[1] that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive, Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain Persons, Excluded Entities, and others who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $7,250,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on Friday, April 4, 2025, at 10:00 a.m., before the Honorable Dolly M. Gee at the United States District Court for the Central District of California, United States Courthouse, Courtroom 8C, 350 West 1st Street, Los Angeles, California 90012, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and in the Notice should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's Fee and Expense Application should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.MullenSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Mullen Automotive, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI 53217, (877) 777-9307.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online, or by first-class mail *postmarked,* no later than February 6, 2025. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received by, or postmarked, no later than February 6, 2025, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's Fee and Expense Application must be delivered to the Claims Administrator, Lead Counsel, and Defendants' Counsel such that they are received by, or postmarked no later than, February 6, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Garth Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
settlements@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*In re Mullen Automotive, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173036
Milwaukee, WI 53217
(877) 777-9307
www.MullenSecuritiesSettlement.com

By Order of the Court

---

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at www.MullenSecuritiesSettlement.com.

# EXHIBIT F

# Glancy Prongay & Murray LLP Announce a Class Action Settlement For All Persons That Purchased or Otherwise Acquired the Publicly Traded Common Stock of Mullen Automotive, Inc., or Net Element Inc., and/or Purchased or Otherwise Acquired Publicly Traded Call Options on Such Stock, and/or Wrote Publicly Traded Put Options on Such Stock, During the Period from June 15, 2020 to April 17, 2022

NEWS PROVIDED BY
**Glancy Prongay & Murray, LLP** →
Oct 21, 2024, 10:00 ET

LOS ANGELES, Oct. 21, 2024 /PRNewswire/ --

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION

Case No. CV 22-3026-DMG (AGRx)

Honorable Dolly M. Gee

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All Persons[1] that purchased or otherwise acquired the publicly traded common stock of Mullen Automotive, Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain Persons, Excluded Entities, and others who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $7,250,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on Friday, April 4, 2025, at 10:00 a.m., before the Honorable Dolly M. Gee at the United States District Court for the Central District of California, United States Courthouse, Courtroom 8C, 350 West 1st Street, Los Angeles, California 90012, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with

prejudice against Defendants, and the Releases specified and described in the Stipulation and in the Notice should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's Fee and Expense Application should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, **www.MullenSecuritiesSettlement.com**.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Mullen Automotive, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173036, Milwaukee, WI 53217, (877) 777-9307.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online, or by first-class mail *postmarked*, no later than February 6, 2025.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received by, or postmarked, no later than February 6, 2025, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's Fee and Expense Application must be delivered to the Claims Administrator, Lead Counsel, and Defendants' Counsel such that they are received by, or postmarked no later than, February 6, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP

Garth Spencer, Esq.

1925 Century Park East, Suite 2100

Los Angeles, CA 90067

(310) 201-9150

**settlements@glancylaw.com**

Requests for the Notice and Claim Form should be made to:

*In re Mullen Automotive, Inc. Securities Litigation*

c/o A.B. Data, Ltd.

P.O. Box 173036

Milwaukee, WI 53217

(877) 777-9307

**www.MullenSecuritiesSettlement.com**

By Order of the Court

---

[1]    All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"), which is available at **www.MullenSecuritiesSettlement.com**.

SOURCE Glancy Prongay & Murray, LLP

WANT YOUR COMPANY'S NEWS

# FEATURED ON PRNEWSWIRE.COM?

# GET STARTED

| **440k+** | **9k+** | **270k+** |
| Newsrooms & | Digital Media | Journalists |
| Influencers | Outlets | Opted In |

| **440k+** | **9k+** | **270k+** |
| Newsrooms & | Digital Media | Journalists |
| Influencers | Outlets | Opted In |

# EXHIBIT G

*Mullen Automotive Securities Litigation*
**Exclusion Report**

| | Name | Contact Information | Exclusion ID # | Signed | Postmark Date | Number of securities purchased/acquired between June 15, 2020 and April 17, 2022 |
|---|---|---|---|---|---|---|
| 1. | Akush Gupta | Brampton ON, L6T 2P9 Canada | 684281126 | No | 1/6/2025 | N/A |
| 2. | Lauren Lidros | Tampa, FL, 33611 | 684281128 | Yes | 2/6/2025 | N/A |
| 3. | Johan Lidros | Tampa, FL, 33611 | 684281131 | Yes | 2/6/2025 | N/A |
| 4. | Michele A. Webber | Wynndel, BC V0B2N1, Canada | 684281132 | Yes | 2/19/2025 | Purchase 3/3/22; 200 shares at $1.288 per share<br>Purchase 3/9/22; 200 shares at $1.2955 per share<br>Sell 3/20/22; 200 shares at $1.2365 per share<br>Purchase 3/21/22; 125 shares at $2.438 per share<br>Sell 3/29/22; 125 shares at $2.611 per share<br>Purchase 4/1/22; 100 shares at $3.02 per share<br>Purchase 4/1/22; 100 shares at $3.03 per share<br>Sell 4/1/22; 100 shares at $2.941 per share<br>Purchase 4/27/22; 50 shares at $1.52 per share<br>Purchase 4/27/22; 50 shares at $1.49 per share |

**Claims Administrator:**

**In re Mullen Automotive Securities Litigation**

**c/o A.B. Data, Ltd.**

**P.O. Box 173036**

**Milwaukee, WI 53217**

**877-777-9307**

**info@MullenSecuritiesSettlement.com**

**To whom it may concern:**

**I WOULD LIKE TO EXCLUDE MYSELF FROM THE SETTLEMENT CLASS. THANK YOU.**

**Happy Holidays and A Happy New Year.**

**Ankush Gupta**

**Brampton ON, L6T 2P9**

**Canada**

**2024-12-27 Friday 12:30PM**

Brampton ON L6T 2P9
CANADA.

FROM:
Ankush Gupta

TO:

In re Mullen Automotive Securities Litigation

c/o A.B. Data, Ltd.

P.O. Box 173036

Milwaukee, WI 53217

53217-804736



Lauren Lidros

Tampa, Fl 33611

February 6, 2025

Mullen Automotive Securities Litigation

c/o A.B. Data, Ltd.

P.O. Box 173036

Milwaukee, WI 53217

Subject: Request for Exclusion from Settlement Class - In Re Mullen Automotive, Inc. Securities Litigation (Case No. 2:22-cv-03026-DMG-AGR)

Dear Claims Administrator,

I, Lauren Lidros, formally request exclusion from the Settlement Class in the case In Re Mullen Automotive, Inc. Securities Litigation, Case No. 2:22-cv-03026-DMG-AGR. I do not wish to participate in the proposed settlement and request to be excluded from any and all benefits or payments arising from this class action settlement.

My details are as follows:

Full Name: Lauren Lidros

Address                          Tampa, Fl 33611

Telephone Number:

Email

I understand that by requesting exclusion, I will not receive any settlement benefits nor be bound by any judgment or settlement in this case. If I do so, I retain the right to pursue my legal claims against the Defendants.

Please confirm receipt of this request at your earliest convenience.

Sincerely,

*Lauren Lidros*

Lauren Lidros


Tampa, FL 33611


CERTIFIED MAIL

9589 0710 5270 1676 0214 19



TAMPA, FL 33629
FEB 06, 2025

53217

$5.58

S2324A500716-7

RDC 99

In Re Mullen Auto Securities Litigation

C/O A. B. Data, LTD

P.O. Box 173 036

Milwaukee, Wi 53217

Re: Mullen Auto

53217-804736

Johan Lidros

Tampa, Fl 33611

February 6, 2025

Mullen Automotive Securities Litigation

c/o A.B. Data, Ltd.

P.O. Box 173036

Milwaukee, WI 53217

Subject: Request for Exclusion from Settlement Class - In Re Mullen Automotive, Inc. Securities Litigation (Case No. 2:22-cv-03026-DMG-AGR)

Dear Claims Administrator,

I, Johan Lidros, formally request exclusion from the Settlement Class in the case In Re Mullen Automotive, Inc. Securities Litigation, Case No. 2:22-cv-03026-DMG-AGR. I do not wish to participate in the proposed settlement and request to be excluded from any and all benefits or payments arising from this class action settlement.

My details are as follows:

Full Name:

Address:                    Tampa, Fl 33611

Telephone Number:

Email:

I understand that by requesting exclusion, I will not receive any settlement benefits nor be bound by any judgment or settlement in this case. If I do so, I retain the right to pursue my legal claims against the Defendants.

Please confirm receipt of this request at your earliest convenience.

Sincerely,

Johan Lidros



CERTIFIED MAIL

Tampa, FL 33611

9589 0710 5270 1676 0214 02     RDC 99

FCM LETTER
TAMPA, FL 33629
FEB 06, 2025

53217

$5.58

S2324A500716-7

In re Mullen Auto Securities Litigation
C/O A.B. Data, LTD
P.O. Box 173036
Milwaukee, WI 53217

53217-804736

February 03, 2025

In re Mullen Automotive, Inc. Securities Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217

Michele A. Webber,

Wynndel BC V0b2N1, Canada
phone

I Michele Webber, requests exclusion from the Settlement Class in In re Mullen Automotive, Inc. Securities Litigation, Lead Case No. CV 22-3026-DMG (AGRx)

Dates:

RRSP account

March 3, 2022- purchase, Mullen Automotive INC, common stock unsolicited, 200 shares, $1.000 ea. Exchange rate, 1.28800000, -$266.53 US

March 9, 2022- purchase, purchase Mullen Automotive INC, common stock unsolicited, 200 shares $1.040ea. Exchange rate, 1.295500000, -$278.47 US

March 9, 2022- sold ,Mullen Automotive INC, common stock unsolicited, -200 shares,$ 0.997ea. Exchange  rate, 1.265500000, $243.56 US

March 20, 2022- sold, Mullen Automotive INC, common stock unsolicited, -200 shares, $2.645ea. Exchange Rate, 1.236500000, $645.50 US

April 1, 2022- purchase Mullen Automotive INC, common stock unsolicited, 100 shares, $3.020ea. -$390.32 US

April 1, 2022- purchase Mullen Automotive INC, common stock unsolicited, 100 shares, $3.030ea. -$391.61 US

April 1, 2022- sold Mullen Automotive INC, common stock unsolicited, 100 shares, $2.941 ea. $354.15 US

April 27, 2022- purchase Mullen Automotive INC, common stock unsolicited, 50 shares, $1.520ea. -$107.09 US

TFSA account:

March 21, 2022 - purchase Mullen Automotive INC, common stock unsolicited, 125 shares, $2.438 ea. -$ 398.88

March 29, 2022 - sold Mullen Automotive INC, common stock  unsolicited, -125 shares, $2.611 ea. $394.91

April 27, 2022- purchase Mullen Automotive INC, common stock unsolicited, 50 shares, $1.490 ea. -$105.13 US

At the time in question I own 150 Mullen Automotive INC, common stock unsolicited, shares. Continue to hold these shares until reverse splits down to currently,  holding 1 Mullen Automotive INC, common stock unsolicited, share.

Michele Webber

*Michele Webber*

M Webber

Wyandel BC
V0B 2N1
Canada

SPOKANE WA  990

19 FEB 2025   PM 3  L



In re  Mullen Automotive Inc
Securities Litigation, Exclusions
C/o A.B. Data, Ltd.
PO Box 173001, Milwaukee,
WI  53217

53217-801201

# EXHIBIT H

## *Mullen Automotive Securities Litigation*
## Objection Report

| Name | Contact Information | Signed | Postmark Date |
|---|---|---|---|
| 1. Eric Nelson Garnet | Waterloo, ON, Canada N2K 0B9 | Yes | 1/15/2025 |
| 2. Bryan McCauley | New Braunfels, Texas 78132 | Yes | 2/6/2025 |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IN RE MULLEN AUTOMOTIVE, INC.SECURITIES LITIGATION

Case No. cv 22-3026-DMG (AGRx)

Honorable Dolly M. Gee

## NOTICE OF OBJECTION

### DETAILS ABOUT THE SETTLEMENT CLASS MEMBER

Name: Eric Nelson Garnet

Claim Number: 684292272

Address:

Phone number:

### OBJECTIONS

I, Eric Nelson Garnet, object to the proposed Settlement payment of $7,250,000.00 and the Proposed Plan of Allocation.  Specifically, paragraphs 1 and 2 provided below.

1) If all the Settlement Class Members elect to participate in the Settlement, Lead Plaintiff estimates that the average cash recovery per eligible share of Mullen Common Stock will be approximately $0.03, before the deduction of any Court-approved fees, expenses, and costs.

2) The Recognized Loss is not intended to estimate the amount a Settlement Class member might have been able to recover at a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

1

**REASON FOR OBJECTION**

- Mullen Automotive Inc. and David Michery misled their investors during the settlement period and the 90-day look back period. During that time, I held Mullen Common stock that experienced unprecedented losses due to misleading statements and omissions made by David Michery. These misleading statements included Solid State battery technology, purchase orders, American built vehicles and Fortune 500 companies that never came to fruition. These false statements caused the share price to plummet.

- During the settlement period, I purchased 137,329 Mullen Common Stock and sold 106,110 Mullen common stock ranging $2.509USD to $3.359USD. Losses were a result of Mullen Automotive Inc's misstatements and omissions. Please see attached **EXHIBIT A.**

- I purchased/held 31,669 Common Mullen Stock April 4, 2022, at $3.05 per share, for a total of $96,600.44USD. Please see attached **EXHIBIT A.**

- April 22, 2022, I sold 450 Common Mullen stock for $1.53USD per share. I held 31,219 Common Mullen Stock until I was forced to sell, September 17, 2024. Please see attached **EXHIBIT A.**

- As of July 17, 2022, the share price was approximately $1.05. This represents approximately a 65% loss per Common Mullen Stock or a loss of approximately $61,898.07USD. Please see attached **EXHIBIT A.**

- In three months of ownership, I lost approximately $61,898.07USD, while holding 31,219 Common Mullen Stocks. Please see attached **EXHIBIT A.**

- 05/4/2023: Mullen Automotive initiates 1 for 25 Reverse splits

- 8/11/2023: Mullen Automotive initiates 1 for 9 Reverse splits

- 12/21/2023: Mullen Automotive initiates 1 for 100 Reverse splits. 31,219 Mullen Common Stock purchased April 4, 2022, was now equivalent to 2 Common Mullen Stock.

- 9/16, 2024, my investment was worth $0.24USD. In total, I lost $95,227.56USD investing in Mullen Automotive Inc. Please see attached **EXHIBIT A.**

2

- 9/16,2024, the share price lost 100% of its value during ownership, showing no signs of recovering.

- 9/17/2024: I sold the remaining 2 shares, for a total of $0.24. This was prior to the 1 for 100 reverse splits, that occurred same day. This represents a total loss of $95,227.56USD. My remaining two shares would have been sold or converted to fractional shares. My fractional share would be worth $0.0048USD. Please see attached **EXHIBIT A.**

- 9/17/2024: Mullen Automotive initiates 1 for 100 Reverse splits at 12:01 a.m. Eastern Time.

**Misleading information by Mullen Automotive, that caused the share price to fall.**

- February 28, 2022, Mullen Automotive announced battery results, yielding "343 Ah at 4.3 volts, and the results surpassed all expectations."
- David Michery said in a February press release. "We can say with almost certainty that this technology, once implemented on the Mullen FIVE, will deliver over 600 miles of range on a charge."
- The announcement sent the stocks soaring 145%
- Claims were made by David Michery in a February press release, that a joint venture with Ukrainian fire NextMetals Ltd. was made.
- Next Metals confirmed that a joint venture "didn't exist"

- March 30, 2022, David Michery said in a Benzinga interview "No, no, we're actually building for them. So, we're, we're excited. We're going to deliver the pilot vehicles to them in the second quarter, as we stated, and we're excited about it. This is a major major Fortune 500 company, I'll put it that way."
- The announcement caused the shares to spike around 35% intraday.

- June 3, 2022, in another Benzinga interview, David Michery was asked about the mysterious fortune 500 client. He said that "everything has been going exactly as planned.
  "It's a pilot program and I can say that we initiated that program – meaning we made the delivery – on May 12 and the customer put the van in its pilot program and reported to us that they were pleased with the performance to date"
  "We made a statement that we would announce this by the end...within the completion of the second quarter and we fully intend to do that," he added.

3

- Mullen Automotive, claims they have a $60M purchase order for 1,200 commercial EV fleet vans by a Colorado cannabis retailer. Heights Dispensary is in a strip mall and has a preference for mail product delivery according to its website.

- May 23, 2022, David Michery sold 750,000 shares at $1.0145USD, right before the BIC battery test results were released.

## New Proposed Settlement

It is fair and reasonable that the court orders full compensation, for my losses suffered as a direct result of Mullen Automotive Inc's misstatements and omissions.

**Request that the Court orders the following:** Mullen Automotive Inc. provide a minimum payment in the amount of $95,227.56USD to Eric Nelson Garnet for the 31,219 common Mullen Stock purchased April 4, 2022, at $3.05 per share. These shares were purchased April 4, 2022, and sold September 17, 2024, prior to a 1 for 100 reverse stock splits. $95,227.56USD represents the losses suffered, during ownership.

In addition, Mullen Automotive Inc. will compensate the losses suffered on 106,110 Common Mullen Stock purchased and sold, during the Settlement Class Period. 106,110 shares were purchased prior to acquiring the 31,219 Common Mullen stock mentioned above.

The payment shall be in addition to the final proposed settlement and allocated to Eric Nelson Garnet.

January 12/2025

_____

Date of Signature

Claimant Signature

4

**EXHIBIT A**

**Common Mullen Stock transaction history, for Eric Nelson Garnet.**

| Date | BUY | SELL | Price ($) | AMOUNT ($) | Reverse Split |
|---|---|---|---|---|---|
| 3/22/2022 | 24,600 | | 2.509 | | |
| 3/22/2022 | 2,200 | | 2.925 | -61,753.53 | |
| 3/22/2022 | 23,600 | | 2.93 | -75,592.99 | |
| 3/22/2022 | | -24,600 | 2.98 | 73,300.09 | |
| 3/22/2022 | 160 | | 2.885 | -471.61 | |
| 3/23/2022 | 21,800 | | 3.359 | -73,253.63 | |
| 3/28/2022 | | -10 | 3.17 | | |
| 3/28/2022 | | -4,390 | 3.17 | | |
| 3/28/2022 | | -9,600 | 3.175 | 44,417.78 | |
| 4/4/2022 | | -100 | 2.93 | | |
| 4/4/2022 | | -33,200 | 2.93 | 97,561.83 | |
| 4/4/2022 | 33,300 | | 2.98 | -99,243.99 | |
| 4/4/2022 | | -200 | 3.16 | | |
| 4/4/2022 | | -29,090 | 3.17 | | |
| 4/4/2022 | | -4,470 | 3.175 | 107,029.03 | |
| 4/4/2022 | 31,669 | | 3.05 | -96,600.44 | |
| 4/22/2022 | | -450 | 1.53 | 645.54 | |
| 5/4/2023 | | | | | 1 for 25 |
| 8/11/2023 | | | | | 1 for 9 |
| 12/21/2023 | | | | | 1 for 100 |
| 9/17/2024 | | 2 | 0.127 | 0.24 | |
| 9/17/2024 | | | | | 1 for 100 |



**TD Direct Investing**

# Your investment account statement

January 1, 2022 to March 31, 2022

MR ERIC NELSON GARNET

**Do you have a question?**

For questions about your statement or further information, we provide support 24 hours a day, 7 days a week in 4 languages:

| English: | 1-800-465-5463 |
|---|---|
| French: | 1-800-361-2684 |
| Cantonese: | 1-800-838-3223 option 1 |
| Mandarin: | 1-800-838-3223 option 2 |

| Description | Quantity or par value ($) | Price ($) | Book cost ($) | Market value ($) | Unrealized gain or loss ($) | % of your holdings |
|---|---|---|---|---|---|---|
| MULLEN AUTOMOTIVE INC (**MULN**) | 33,729 SEG | 2.980 | 105,451.31 | 100,512.42 | -4,938.89 | 75.07% |
| MULLEN AUTOMOTIVE INC (**MULN**) | 31 | 2.980 | 96.92 | 92.38 | -4.54 | 0.07% |

*Order-Execution-Only Account.*

TD Waterhouse Canada Inc.
Member - Canadian Investor Protection Fund

 **IIROC** | **Regulated by** Investment Industry Regulatory Organization of Canada



## Activity in your account this period (continued)

| Date | Activity | Description | Quantity | Price ($) | Amount ($) | Cash balance ($) |
|------|----------|-------------|----------|-----------|------------|------------------|
| Mar 22 | Buy | MULLEN AUTOMOTIVE INC NV-505299 | 24,600 | 2.509 | -61,753.53 | 2,955.50 |

(continued on next page)

*Order-Execution-Only Account.*



## Activity in your account this period (continued)

| Date | Activity | Description | Quantity | Price ($) | Amount ($) | Cash balance ($) |
|---|---|---|---|---|---|---|
| Mar 22 | Buy | MULLEN AUTOMOTIVE INC | 2,200 | 2.925 | 0.00 | 2,955.50 |
| Mar 22 | Buy | MULLEN AUTOMOTIVE INC CM-506787 | 23,600 | 2.930 | -75,592.99 | -72,637.49 |
| Mar 22 | Sell | MULLEN AUTOMOTIVE INC FQ-504798 | -24,600 | 2.980 | 73,300.09 | 662.60 |
| Mar 22 | Buy | MULLEN AUTOMOTIVE INC RN-506329 | 160 | 2.885 | -471.61 | 190.99 |
| Mar 23 | Buy | MULLEN AUTOMOTIVE INC SW-504796 | 21,800 | 3.359 | -73,253.63 | -1,076.00 |
| Mar 28 | Sell | MULLEN AUTOMOTIVE INC | -10 | 3.170 | 0.00 | -41,255.99 |
| Mar 28 | Sell | MULLEN AUTOMOTIVE INC | -4,390 | 3.170 | 0.00 | -41,255.99 |
| Mar 28 | Sell | MULLEN AUTOMOTIVE INC UD-507026 | -9,600 | 3.175 | 44,417.78 | 3,161.79 |

*Order-Execution-Only Account.*



# Pending activity in your account this period

| Date | Activity | Description | Quantity | Price ($) | Amount ($) |
|---|---|---|---|---|---|
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -100 | 2.930 | 0.00 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC LN-509339 | -33,200 | 2.930 | 97,561.83 |
| Apr 4 | Buy | MULLEN AUTOMOTIVE INC HT-513749 | 33,300 | 2.980 | -99,243.99 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -200 | 3.160 | 0.00 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -29,090 | 3.170 | 0.00 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC YK-509514 | -4,470 | 3.175 | 107,029.03 |
| Apr 4 | Buy | MULLEN AUTOMOTIVE INC VG-509950 | 31,669 | 3.050 | -96,600.44 |

*Order-Execution-Only Account.*



**TD Direct Investing**

# Your investment account statement

April 1, 2022 to April 30, 2022

MR ERIC NELSON GARNET

**Do you have a question?**

For questions about your statement or further information, we provide support 24 hours a day, 7 days a week in 4 languages:

| | |
|---|---|
| **English:** | **1-800-465-5463** |
| **French:** | **1-800-361-2684** |
| **Cantonese:** | **1-800-838-3223 option 1** |
| **Mandarin:** | **1-800-838-3223 option 2** |

# Holdings in your account
on April 30, 2022

| Description | Quantity or par value ($) | Price ($) | Book cost ($) | Market value ($) | Unrealized gain or loss ($) | % of your holdings |
|---|---|---|---|---|---|---|
| MULLEN AUTOMOTIVE INC **(MULN)** | 31,219 SEG | 1.320 | 95,227.80 | 41,209.08 | -54,018.72 | 67.22% |

*Order-Execution-Only Account.*

TD Waterhouse Canada Inc.
Member - Canadian Investor Protection Fund

 **IIROC** | **Regulated by** Investment Industry Regulatory Organization of Canada



Your investment account statement: Apr 30, 2022

## Activity in your account this period (continued)

| Date | Activity | Description | Quantity | Price ($) | Amount ($) | Cash balance ($) |
|---|---|---|---|---|---|---|
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -100 | 2.930 | 0.00 | -9,370.43 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -33,200 | 2.930 | 97,561.83 | 88,191.40 |
| Apr 4 | Buy | MULLEN AUTOMOTIVE INC | 33,300 | 2.980 | -99,243.99 | -11,052.59 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -200 | 3.160 | 0.00 | -11,052.59 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -29,090 | 3.170 | 0.00 | -11,052.59 |
| Apr 4 | Sell | MULLEN AUTOMOTIVE INC | -4,470 | 3.175 | 107,029.03 | 95,976.44 |
| Apr 4 | Buy | MULLEN AUTOMOTIVE INC | 31,669 | 3.050 | -96,600.44 | -624.00 |
| Apr 22 | Sell | MULLEN AUTOMOTIVE INC CREDIT SELLOUT - WK | -450 | 1.530 | 645.54 | -2.77 |

## ⓘ Important information about your account

If you hold mutual funds with TD Direct Investing, there are regulatory changes being implemented that will impact funds you can buy, sell, and hold. For more information, go to **td.com/mutualfundsdiy**

*Order-Execution-Only Account.*



**TD Direct Investing**

# Your investment account statement

June 1, 2022 to June 30, 2022

MR ERIC NELSON GARNET

**Do you have a question?**

For questions about your statement or further information, we provide support 24 hours a day, 7 days a week in 4 languages:

| | |
|---|---|
| English: | 1-800-465-5463 |
| French: | 1-800-361-2684 |
| Cantonese: | 1-800-838-3223 option 1 |
| Mandarin: | 1-800-838-3223 option 2 |

# Holdings in your account
on June 30, 2022

| Description | Quantity or par value ($) | Price ($) | Book cost ($) | Market value ($) | Unrealized gain or loss ($) | % of your holdings |
|---|---|---|---|---|---|---|
| Cash | | | 2.66 | 2.66 | 0.00 | 0.01% |
| **COMMON SHARES** | | | | | | |
| MULLEN AUTOMOTIVE INC (**MULN**) | 31,219 SEG | 1.020 | 95,227.80 | 31,843.38 | -63,384.42 | 79.37% |
| **Total Portfolio** | | | **$135,911.79** | **$40,121.57** | | **100.00%** |

*Order-Execution-Only Account.*

TD Waterhouse Canada Inc.
Member - Canadian Investor Protection Fund



**IIROC** | **Regulated by** Investment Industry Regulatory Organization of Canada



**TD Direct Investing**

# Your investment account statement

July 1, 2022 to October 31, 2022

MR ERIC NELSON GARNET

**Do you have a question?**

For questions about your statement or further information, we provide support 24 hours a day, 7 days a week in 4 languages:

| | |
|---|---|
| **English:** | **1-800-465-5463** |
| **French:** | **1-800-361-2684** |
| **Cantonese:** | **1-800-838-3223 option 1** |
| **Mandarin:** | **1-800-838-3223 option 2** |

## Holdings in your account

on October 31, 2022

| Description | Quantity or par value ($) | Price ($) | Book cost ($) | Market value ($) | Unrealized gain or loss ($) | % of your holdings |
|---|---|---|---|---|---|---|
| Cash | | | 2.66 | 2.66 | 0.00 | 0.01% |
| **COMMON SHARES** | | | | | | |
| MULLEN AUTOMOTIVE INC **(MULN)** | 31,219 SEG | 0.476 | 95,227.80 | 14,860.24 | -80,367.56 | 65.16% |

*Order-Execution-Only Account.*

TD Waterhouse Canada Inc.
Member - Canadian Investor Protection Fund

◆ **IIROC** | **Regulated by**
Investment Industry Regulatory
Organization of Canada

Page 1 of 3



**TD Direct Investing**

# Your investment account statement

July 1, 2024 to July 31, 2024

MR ERIC NELSON GARNET

### Do you have a question?

For questions about your statement or further
information, we provide support Monday through
Friday, in 4 languages:

| | |
|---|---|
| **English:** | **1-800-465-5463** |
| **French:** | **1-800-361-2684** |
| **Cantonese:** | **1-800-838-3223 option 1** |
| **Mandarin:** | **1-800-838-3223 option 2** |

## Holdings in your account
on July 31, 2024

| Description | Quantity or par value ($) | Price ($) | Book cost ($) | Market value ($) | Unrealized gain or loss ($) | % of your holdings |
|---|---|---|---|---|---|---|
| Cash | | | 0.90 | 0.90 | 0.00 | 0.02% |
| **COMMON SHARES** | | | | | | |
| MULLEN AUTOMOTIVE INC-NEW **(MULN)** | 2 SEG | 1.160 | 95,227.80 | 2.32 | -95,225.48 | 0.05% |

*Order-Execution-Only Account.*

TD Waterhouse Canada Inc.
Member - Canadian Investor Protection Fund

Regulated by CIRO
Canadian Investment
Regulatory Organization



## Definitions

### An explanation of terms shown in the tables above

**Book cost for long positions** is the total amount paid to purchase a security including any transaction charges related to the purchase, adjusted for reinvested distributions, return of capital and corporate actions.

**Book cost for short positions** is the total amount received for the security, net of any transaction charges related to the sale, adjusted for any distribution (other than dividends), returns of capital and corporate actions.

**Market value** is the price of the security or fund multiplied by the quantity held.

**Unrealized Gain or Loss** is the gain or loss that would be incurred, if your holdings were liquidated as at the end of the statement period. It is calculated by subtracting book cost from market value.

## Activity in your account this period

| Date | Activity | Description | Quantity | Price ($) | Amount ($) | Cash balance ($) |
|---|---|---|---|---|---|---|
| Sep 17 | Sell | MULLEN AUTOMOTIVE INC-NEW QC-710413 | -2 | 0.127 | 0.24 | 15.64 |

## ⓘ Important information about your account

Discover our top digital tools for investing, managing your account, and other self-serve options. Visit the TD Direct Investing Help Centre at www.td.com/TDDirectInvestingHelp to get the answers you need quickly and easily.

*Order-Execution-Only Account.*



6 February 2025

IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION

Case No. CV 22-3026-DMG (AGRx)

To All Parties,

      I object to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application. The Settlement amount is unjust and should be significantly higher. At one time, I held over 100,000 shares of MULN valued at $120,192.51 (see Exhibit A). These shares have continuously been reversed split down to 1 share. Management and Defendant have caused significant financial damage. I will appear at the scheduled Settlement Hearing on 4 April 2025.

Respectfully,

Bryan McCauley

New Braunfels, TX 78132

6 February 2025

IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION

Case No. CV 22-3026-DMG (AGRx)

To All Parties,

      I object to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application and will appear at the scheduled Settlement Hearing on 4 April 2025.

Respectfully,

Bryan McCauley

New Braunfels, TX 78132

Exhibit A

**11:54**      .ıll LTE 🔋

❮ Accounts    **Individual** ⌄     ◈   🔍

Positions    Gain/Loss    Themes    History

| Account Value* | **$293.48** |
| --- | --- |
| Day Change* | -$0.01 (0.00%) |
| Unrealized Gain/Loss* | -$120,192.26 (-100.00%) |

▦ Table ⌄        ⚙

| Symbol | % | Cost Basis | Gain $ | |
| --- | --- | --- | --- | --- |
| MULN | 5% | $120,192.51 | -$120,192.26 | -10 |

| Cash & Cash Investments | $293.23[1] |
| --- | --- |

| Bubble Chart | ❯ |
| --- | --- |
| Disclosures & Footnotes | ❯ |

**INVESTMENT AND INSURANCE PRODUCTS: NOT A DEPOSIT • NOT FDIC INSURED • NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY • NO BANK GUARANTEE • MAY LOSE VALUE**

 Accounts     Watchlist     Trade     Markets     More

From: Bryan McCauley

New Braunfels, TX 78132



*Retail*

U.S. POSTAGE PAID
FCM LETTER
AUSTIN, TX 78757
FEB 06, 2025

53217

RDC 99

**$8.20**

S2324D500280-10

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7022 1670 0003 1717 0213

**ReadyPost®**

**Document Mailer**

53217360012 B090

To: In Re Mullen Atomotive, Inc.
Securities Litigation
C/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217