# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR<br><br>Honorable Dolly M. Gee<br><br>**[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

WHEREAS, a consolidated class action is pending in this Court entitled *In re Mullen Automotive, Inc. Securities Litigation*, Lead Case No. 2:22-cv-03026-DMG (AGR) (the "Action");

WHEREAS, Lead Plaintiff Mejgan Mirbaz, on behalf of herself and the Settlement Class (defined below), and defendants Mullen Automotive Inc. ("Mullen Auto"), Mullen Technologies Inc. ("Mullen Tech") and David Michery, (the "Individual Defendant"; and, together with Mullen Auto and Mullen Tech, the "Defendants"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated September 13, 2024 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, by Order dated January 13, 2025, the Court extended the deadlines for submitting claims, requesting exclusion from the Settlement Class, and objecting to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application, until April 25, 2025.  ECF No. 114.  The Court also reset the final Settlement Hearing for June 20, 2025, at 10:00 a.m.  (*id*.);

WHEREAS, pursuant to the Preliminary Approval Order, Lead Counsel disseminated due and adequate notice to the Settlement Class, including by causing

the revised schedule to be posted on the Settlement Website and the dates reflected on the Settlement Website to be updated accordingly;

WHEREAS, pursuant to the Preliminary Approval Order and Federal Rule of Civil Procedure ("Rule") 23(e), the Parties seek final approval of the Settlement, in accordance with the Stipulation, and for dismissal with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court conducted a hearing on June 20, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants.

The Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation, and over all parties to the Action, including all Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on August 16, 2024 (ECF No. 91-1); and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on April 4, 2025 (ECF No. 123-1).

3.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a Settlement Class consisting of all Persons that purchased or otherwise acquired the publicly traded common stock of Mullen

Automotive Inc. or Net Element Inc., and/or purchased or otherwise acquired publicly traded call options on such stock, and/or wrote publicly traded put options on such stock, during the period from June 15, 2020 to April 17, 2022, both dates inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing. Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b)(i) Defendants, Net Element, and the Excluded Entities[1]; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates[2] of Mullen Auto, Mullen Tech, Net Element, and the Excluded Entities; (iii) any person who served as an officer and/or director of Mullen Auto, Mullen Tech, Net Element, or the Excluded Entities, during the Settlement Class Period and their Immediate Family members; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which the Individual Defendant is the settler or which is for the benefit of the Individual Defendant and/or member(s) of his Immediate Family; (vi) Defendants' and Net Element's D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any Person excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are the Persons listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to a request that has been accepted by the Court.

   a.  Solely for the purposes of the Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 has been met: (a) the Settlement Class is so numerous that joinder of all

---

[1] "Excluded Entities" means VIP Systems Inc.; Acuitas Capital, LLC; Cambria Capital, LLC; Digital Power Lending, LLC; Esousa Holdings, LLC; JADR Consulting Pty Limited; Mank Capital, LLC; TDR Capital Pty Limited; Elegant Funding, Inc.; HLE Development, Inc.; and Drawbridge Investments, LLC.

[2] For the avoidance of doubt, "affiliates" are Persons that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the other members of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately protect the interests of the Settlement Class Members in connection with the Settlement; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) resolution of the claims in this Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

b.      Pursuant to Rule 23(e)(2), the Court approves the Settlement and finds that: (i) the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties; (ii) the Settlement is fair, reasonable, adequate; and (iii) the Settlement treats Settlement Class Members equitably relative to each other and is in the best interest of the Settlement Class.

c.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, in addition to the terms and provisions herein, except as to any individual claim of those Persons listed on Exhibit 1.

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for effectuating the Settlement, the Court hereby certifies Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice** – Pursuant to the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C.

§ 78u-4(a)(7), and the Due Process Clause of the United States Constitution, the Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; and (iii) were reasonably calculated, under all the circumstances, to apprise Settlement Class Members of (a) the pendency of the Action and the definition of the Settlement Class, (b) the Settlement, as set forth in the Stipulation, and the effect of the proposed Settlement (including the Releases to be provided thereunder), (c) Lead Counsel's Fee and Expense Application, (d) Settlement Class Members' right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's Fee and Expense Application and to appear at the Settlement Hearing, and (e) Settlement Class Members' right to exclude themselves from the Settlement Class. Indeed, the nature and method of providing notice included direct notice to all the Settlement Class Members who could be identified through reasonable effort.  Thus, no Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  Settlement Class Members were provided full opportunity to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

6.    **Objections/Final Settlement Approval and Dismissal of Claims** – The Court has considered the two objections to the Settlement (ECF Nos. 119-1 and 120-1), and finds them to be without merit.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby **dismissed with prejudice**. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The Persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

8. **Releases** – The Releases set forth in Section 4 of the Stipulation, together with the definitions contained in Section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in

any other capacity, any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1.15 of the Stipulation).

(b)    Without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other Person legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties. This Release shall not apply to any Person listed on Exhibit 1 hereto.

(c)    Without further action by anyone, upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Action (i) by any Person against any of Released Defendants' Parties, or (ii) by any of Released Defendants' Parties against any other Person, other than a Person whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); provided, however, the Bar Order shall not (i) release any claims relating to the enforcement of the Settlement or any claims of any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (ii) preclude the Defendants from seeking to enforce any rights of contribution or indemnification that any Defendant may have under any contract, corporate charter, or bylaw, or any right for insurance coverage under any insurance, reinsurance, or indemnity policy. For the avoidance of doubt, the Bar Order does not bar or impair (i) any claims asserted derivatively on behalf of Mullen Auto or Mullen Tech in the Derivative Actions; (ii) any claims relating to the enforcement of the

Settlement; (iii) any claims by Defendants against their D&O Insurers; or (iv) any Excluded Claims.

(d) No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the other Released Defendants' Parties with respect to: (a) any act, omission, or determination of Lead Counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) Lead Counsel's Fee and Expense Application; (g) any losses suffered by, or fluctuations in value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Settlement, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as

evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

(a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Lead Counsel's Fee and Expense Application in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.  Any Plan of Allocation submitted by Lead Counsel or Order entered by this Court regarding the Plan of Allocation or Lead Counsel's Fee and Expense Application shall in no way disturb or affect the finality of this Judgment, or the Effective Date of the Settlement, and shall be considered separate from this Judgment.

12.    **<u>Modification of the Agreement of Settlement</u>** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

13.    **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment (including its certification of the Settlement Class) shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 16, 2024, as provided in the Stipulation.

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

14.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Court directs immediate entry of this Final Judgment by the Clerk of the Court.

SO ORDERED this _____ day of _____, 2025.


_____
The Honorable Dolly M. Gee
United States District Judge

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

**Exhibit 1**

**[List of Persons Excluded from the Settlement Class Pursuant to Request]**

1.    Akush Gupta;

2.    Lauren Lidros;

3.    Johan Lidros; and

4.    Michele A. Webber.

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT