Robert V. Prongay (SBN 270796)
Casey E. Sadler (SBN 274241)
Garth Spencer (SBN 335424)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com
Email: gspencer@glancylaw.com

*Counsel for Lead Plaintiff Mejgan Mirbaz
and the Settlement Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION | Case No. 2:22-cv-03026-DMG-AGR |
| | Honorable Dolly M. Gee |
| | **REPLY MEMORANDUM IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |
| | Hearing Date: June 20, 2025<br>Hearing Time: 10:00 a.m.<br>Location:       350 West 1st Street<br>Courtroom:    8C |

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ........................................................................1

II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES ............................................................................................2

    A.  The Court-Approved Notice Program .......................................2

    B.  The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement .....................................................4

    C.  The Settlement Class's Reaction Supports Approval Of The Plan Of Allocation....................................................................6

    D.  The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application ..........................................7

III. THE OBJECTIONS ARE WITHOUT MERIT ........................................8

    A.  Mr. McCauley's Objection Should Be Overruled ..................8

    B.  Mr. Garnet's Objection Should Be Overruled .....................10

IV. CONCLUSION ........................................................................................12

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
    504 F.3d 229 (2d Cir. 2007) .................................................................................9

*Ching v. Siemens Indus., Inc.*,
    2014 WL 2926210 (N.D. Cal. June 27, 2014)...................................................5

*Desantis v. Snap-On Tools Co.*,
    2006 WL 3068584 (D.N.J. Oct. 27, 2006) .........................................................7

*Feder v. Elec. Data Sys. Corp.*,
    248 F. App'x 579 (5th Cir. 2007)........................................................................9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..............................................................4, 5, 10, 12

*Hicks v. Stanley*,
    2005 WL 2757792 (S.D.N.Y. Oct, 24, 2005).....................................................12

*In re AOL Time Warner, Inc.*,
    2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) .........................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    909 F. Supp. 2d 259 (S.D.N.Y. 2012) ..............................................................10

*In re Bisys Sec. Litig.*,
    2007 WL 2049726 (S.D.N.Y. July 16, 2007)......................................................7

*In re CCIV/Lucid Motors Sec. Litig.*,
    110 F.4th 1181 (9th Cir. 2024) ..........................................................................11

*In re Citigroup Inc. Bond Litig.*,
    296 F.R.D. 147 (S.D.N.Y.  2013).................................................................4, 5

*In re Citigroup, Inc. Sec. Litig.*,
    965 F. Supp. 2d 369 (S.D.N.Y. 2013) ................................................................9

*In re Critical Path, Inc.*,
  2002 WL 32627559 (N.D. Cal. June 18, 2002)........................................................11

*In re Extreme Networks, Inc. Sec. Litig.*,
  2019 WL 3290770 (N.D. Cal. July 22, 2019) ...........................................................5

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*,
  2007 WL 4526593 (S.D.N.Y. Dec. 20, 2007)..........................................................10

*In re Nasdaq Mkt.-Makers Antitrust Litig.*,
  2000 WL 37992 (S.D.N.Y. Jan. 18, 2000) .................................................................6

*In re Nationwide Fin. Servs. Litig.*,
  2009 WL 8747486 (S.D. Ohio Aug. 19, 2009) ..........................................................9

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008)...............................................................5, 7

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
  912 F. Supp. 97 (S.D.N.Y. 1996) ..............................................................................7

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ......................................................................................7

*In re Stable Road Acquisition Corp.*,
  2024 WL 3643393 (C.D. Cal. April 23, 2024)..............................................4, 7, 11

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. L*iab. Litig.,
  2019 WL 2077847 (N.D. Cal. May 10, 2019).............................................................6

*Lea v. Tal Educ. Grp.*,
  2021 WL 5578665 (S.D.N.Y. Nov. 30, 2021) .........................................................11

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
  2013 WL 6577020 (C.D. Cal. Dec. 5, 2013)..............................................................5

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004)................................................................................4

*Sykes v. Harris*,
  2016 WL 3030156 (S.D.N.Y. May 24, 2016)...........................................................12

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*,
   262 F.3d 559 (6th Cir. 2001) ...................................................................................9

*Thomas v. Albright*,
   139 F.3d 227 (D.C. Cir. 1998) ...............................................................................12

*Waldbuesser v. Northrop Grumman Corp.*,
   2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ..........................................................7

*Zhou v. Faraday Future Intelligent Elec. Inc.*,
   2024 WL 1245341 (C.D. Cal. Mar. 18, 2024) .........................................................5

**<u>RULES</u>**

Fed. R. Civ. P. 23(e)(5)...........................................................................................9

Federal Rule of Civil Procedure 23(e)(2)(D) ...............................................................10

Court-appointed lead plaintiff Mejgan Mirbaz ("Lead Plaintiff"), and her counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 124-125; "Final Approval Motion"); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 121-122, the "Fee and Expense Application").[1]

## I.    PRELIMINARY STATEMENT

The reaction of the Settlement Class confirms that the proposed $7.25 million non-reversionary Settlement is an excellent result.[2]  Following an extensive notice program, including notice provided to approximately 118,024 potential Settlement Class Members, bankers, brokers and other nominees, A.B. Data, Ltd. ("A.B. Data"), the Court-appointed Claims Administrator, has received approximately 193,206 Claims, of which it has preliminarily determined 37,985 are valid Claims, 98,563 are invalid, and 5,126 are deficient Claims that Claimants will have the opportunity to cure.  *See* Second Supplemental Declaration of Adam D. Walter ("Second Suppl. Walter Decl."), filed herewith, at ¶¶4, 9.  In contrast, only six requests for exclusion and two objections have been received—all from individual shareholders.  *See id.* at ¶¶12-13; ECF Nos. 119-20 (objections from Eric Nelson Garnet and Bryan McCauley, respectively).  Not a single institutional investor has objected to any aspect of the Settlement, the Plan of Allocation, or the Fee and Expense Application, and, as demonstrated below, both of the objections are without merit.  The Settlement Class's

---

[1] Unless otherwise defined herein, all capitalized terms are defined in the Stipulation and Agreement of Settlement dated August 14, 2024 (the "Stipulation"; ECF No. 91-1), or Declaration of Garth Spencer ("Spencer Declaration"), filed on April 4, 2025 (ECF No. 123).

[2] This is not a claims-made settlement.  If the Settlement is approved, Defendants will not have any right to the return of a portion of the Settlement based on the number or value of the claims submitted.  *See* Stipulation at ¶2.9.

overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and Litigation Expenses.

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.    The Court-Approved Notice Program

The Court granted preliminary approval of the proposed Settlement by its original Order Preliminarily Approving Settlement and Providing for Notice dated September 13, 2024, which was subsequently revised to correct a typographical error in an order docketed on September 23, 2024, and dated September 13, 2024 ("Preliminary Approval Order"; ECF Nos. 98 and 99).  Pursuant to the Preliminary Approval Order, approximately 118,024 copies of the Court-approved Postcard Notice or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[3] In addition, A.B. Data: (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on October 21, 2024,[4] and (ii) the Notice, Claim Form, Stipulation, and Preliminary Approval Order, among other important case-related documents, to be posted on the Settlement Website (www.MullenSecuritiesSettlement.com).  *See* Initial Mailing Decl., at ¶16.  The Postcard Notice, Notice, Summary Notice and Settlement Website informed

---

[3] *See* ECF No. 125-1 (First Supplemental Declaration of Adam D. Walter Regarding: (A) Mailing/Emailing of Notice; (B) Claims Received to Date; and (C) Requests for Exclusion and Objections ("First Suppl. Walter Decl.")), at ¶¶3-4.

[4] *See* ECF No. 123-1 (Declaration of Adam D. Walter Regarding: (A) Mailing and Emailing of Notice; (B) Publication of Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date ("Initial Mailing Decl.")), at ¶13 & Exs. E & F.

Settlement Class Members of the February 6, 2025, deadline to: (i) submit a Claim Form; (ii) submit an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application; or (iii) request exclusion from the Settlement Class. *See id.*, at ¶16 & Exs. A, B, E and F.

Following Lead Plaintiff's motion to compel Defendants and/or their D&O Insurers to comply with the terms of the Stipulation and fully fund the Settlement, on January 13, 2025, the Court extended certain deadlines contained in the Preliminary Approval Order. *See* ECF No. 114. Those rescheduled dates included a deadline of April 25, 2025, for submitting claims, requesting exclusion from the Settlement Class, and objecting to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. *Id*. The Court also reset the final Settlement Hearing for June 20, 2025, at 10:00 a.m. *Id*. These changes, along with the Court's January 13, 2025, Order, were posted to the Settlement Website. *See* Initial Mailing Decl., at ¶16.

On April 4, 2025, Lead Counsel filed the Fee and Expense Application, and on May 9, 2025, Lead Plaintiff filed her opening papers in support of the Settlement and the Plan of Allocation. *See* ECF Nos. 121-125. The motions are supported by the declarations of Lead Plaintiff, Lead Counsel, and the Claims Administrator. These papers are available on the public docket (*id*.), and on the Settlement Website.[5] *See* First Suppl. Walter Decl., at ¶7; Second Suppl. Walter Decl., at ¶5.

Following this extensive notice process, thousands of Settlement Class Members are seeking to benefit from the Settlement while only six Settlement class members (two of whom appear to be a couple requesting exclusion for a single joint account, *see* Second Suppl. Walter Decl., at ¶12) have requested exclusion and only

---

[5] The Fee and Expense Application was promptly posted to the Settlement Website after its filing. *See* First Suppl. Walter Decl., at ¶7. Due to inadvertent oversight arising from an apparent email delivery failure, the Final Approval Motion filed May 9, 2025 was not posted to the Settlement Website until June 3, 2025.

two Settlement Class Members have objected to the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Lead Plaintiff and Lead Counsel respectfully submit that this reaction provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.[6] *See In re Stable Road Acquisition Corp.*, 2024 WL 3643393, at \*10 (C.D. Cal. April 23, 2024) ("That only one objection and only four requests for exclusion have been received demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("Minimal objections and few requests for exclusion from class members are evidence that a settlement is fair and adequate.").

**B.    The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement**

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[7] "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v.*

---

[6] Three exclusion requests were submitted by persons (*i.e.*, Akush Gupta, Lauren Lidros and Johan Lindros) who did not provide information concerning their purchases/acquisitions and/or sales during the Settlement Class Period, and thus there is no way to know if these persons are in fact Settlement Class Members. *See* Second Suppl. Walter Decl., Ex. A. After consultation with Defendants' Counsel, Lead Plaintiff asks the Court to accept all six requests for exclusion and Defendants do not oppose such request. Accordingly, the revised [Proposed] Final Judgment submitted herewith accepts all six requests for exclusion.

[7] Unless otherwise noted, all internal quotations and citations are omitted, and all emphasis is added.

*DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

That only two objections and six requests for exclusion have been received demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *See Zhou v. Faraday Future Intelligent Elec. Inc.*, 2024 WL 1245341, *7-10 (C.D. Cal. Mar. 18, 2024) (approving settlement where there was one objection and four exclusion requests, noting "[t]he absence of objections to the Settlement by almost all class members strongly supports approval.); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (approving settlement where there were three objections out of approximately 57,000 class members).

Moreover, the fact that no institutional investors or other large shareholders have objected to the proposed Settlement further underscores the reasonableness of the Settlement. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *Citigroup Inc. Bond Litig.*, 296 F.R.D. at 156 (finding "class's reaction weighs heavily in favor of approval" where "not one of the objections or requests for exclusion was submitted by an institutional investor.").

Settlement Class Members' participation in the Settlement also indicates a positive reaction to the Settlement. *See Hanlon*, 150 F.3d at 1027 (that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"). The claims filing deadline was April 25, 2025, and as of June 3, 2025, approximately 193,206 Claims have been received. *See* Second Suppl. Walter Decl.,

at ¶9.  Based on A.B. Data's preliminary review of 141,674 Claims, 37,985 Claims are considered valid, 98,563 Claims are considered invalid, and 5,126 are deficient Claims that Claimants will have the opportunity to cure. *Id*.  A.B. Data will conduct a comprehensive review of the Claims received under its standard claims-processing procedures, and will then communicate with Claimants that have deficient, but correctable, Claims to bring those Claims into compliance. Second Suppl. Walter Decl., at ¶10.  With these steps currently outstanding, final determination of the number of claims considered valid has not yet been made, but based on A.B. Data's preliminary review, Lead Counsel expects that number to be significant.  *See id*. at ¶¶9-10.[8]

### C.    The Settlement Class's Reaction Supports Approval Of The Plan Of Allocation

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation.  *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate."); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 2000 WL 37992, at *2 (S.D.N.Y. Jan. 18, 2000) (holding that the "small number of objections to the Proposed Plan" was entitled to "substantial weight" in approving the plan).

---

[8] Assuming the Court approves the Settlement, and the Effective Date occurs, the number of valid (and invalid) claims will be presented to the Court in conjunction with Lead Counsel's Motion for Class Distribution Order.  *See* Stipulation, at ¶5.11. It is, however, important to note that because this is not a claims-made settlement (*see id.*, at ¶2.9), the entire Net Settlement Fund will be distributed to Authorized Claimants regardless of the number of valid Claims if the Settlement is approved by the Court and becomes effective.  *See id.*, at ¶¶1.24, 5.8 & 5.11.

**D.    The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application**

Finally, the reaction of the Settlement Class should also be considered with respect to Lead Counsel's Fee and Expense Application.  *See Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in . . . determining the fee award.").  Here, only Mr. McCauley has objected to the Fee and Expense Application, and he simply states: "I object to . . . Lead Counsel's Fee and Expense Application."  ECF No. 120-1.  That is the full extent of his argument.  The lack of any real objection to the Fee and Expense Application supports a finding that it is fair and reasonable.  *See Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding only two objections after mailing 210,000 notices was "remarkably small," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the [$16.5 million] settlement fund.").  Indeed, "that only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable." *Stable Road*, 2024 WL 3643393, at *14;  *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 912 F. Supp. 97, 103 (S.D.N.Y. 1996) (determining that an "isolated expression of opinion" should be considered "in the context of thousands of class members who have not expressed themselves similarly."); *Desantis v. Snap-On Tools Co.*, 2006 WL 3068584, at *10 (D.N.J. Oct. 27, 2006) ("The fact that there were so few objectors to the amount of attorneys' fees indicates that there is a positive reaction amongst the class to the requested fees.").

In addition, the absence of objections by institutional investors further underscores the reasonableness of the fee request.  *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.,* 2007 WL 2049726, at

*1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the overwhelmingly positive reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation and Fee and Expense Application.

## III.  THE OBJECTIONS ARE WITHOUT MERIT

### A.  Mr. McCauley's Objection Should Be Overruled

The Preliminary Approval Order required objectors to provide documentation "sufficient to prove membership in the Settlement Class, including the number and type of Mullen Securities that the Person objecting purchased, acquired, wrote and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing." ECF No. 99, at ¶14(b). Those requirements are also set out in the Notice. *See* ECF No. 123-1, Ex. B at ¶85. While Mr. McCauley's objection states that "[a]t one time, I held over 100,000 shares of MULN" (ECF No. 120-1), and includes a screenshot showing a cost basis and account value for Mullen shares (*see id.*, at Ex. A), it does not provide information sufficient to demonstrate membership in the Settlement Class. In an effort to assist Mr. McCauley and ascertain if he was in fact a Settlement Class Member, Lead Counsel attempted to reach Mr. McCauley by phone, and wrote to Mr. McCauley and explained what information he needed to produce, but did not receive any response. *See* ECF Nos. 120 and 120-2. The Claims Administrator has not received a Claim or any additional correspondence from Mr. McCauley since receiving his objection. *See* Second Suppl. Walter Decl., at ¶14.

An objector must be a class member to have standing to object,[9] and conclusory assertions of class membership are insufficient.  *See In re Nationwide Fin. Servs. Litig.*, 2009 WL 8747486, at \*8 (S.D. Ohio Aug. 19, 2009) ("objectors failed to establish their membership in the Class or their standing to object."); *Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 581 (5th Cir. 2007) (objector lacked standing where he "produced no evidence substantiating his membership in the class").  The McCauley objection may be overruled on that basis alone.  *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 243 (2d Cir. 2007) (non-class member could not object); *In re Citigroup, Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 379 (S.D.N.Y. 2013) (excluding objections "from individuals who did not provide the required evidence of class membership").

Even if the Court were to consider the objection, it is meritless.  In pertinent part, Mr. McCauley's objection provides:

> I object to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application.  The Settlement amount is unjust and should be significantly higher. . . . Management and Defendant [sic] have caused significant financial damage.

ECF No. 120-1.

Lead Plaintiff and Lead Counsel explained in significant detail in the Final Approval Motion, Fee and Expense Application and Spencer Declaration why the Settlement and Plan of Allocation should be approved as fair, reasonable and adequate, and why the Court should award the requested attorneys' fees and Litigation Expenses.  Given that Mr. McCauley's objection provides no legal or factual basis for the insufficiency of the Settlement or the Plan of Allocation, and completely fails to consider the legal or factual context in which the Settlement was reached, nothing in

[9] *See, e.g.,* Fed. R. Civ. P. 23(e)(5) ("Any *class member* may object to the [settlement] proposal…."); *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object").

the objection changes the calculus.  Indeed, "Courts routinely approve settlements over conclusory objections" (*In re AOL Time Warner, Inc.*, 2006 WL 903236, at *15 (S.D.N.Y. Apr. 6, 2006)), and reject objections to proposed attorneys' fees as "excessive" for being "conclusory and bereft of factual or legal support." *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 264 n.3 (S.D.N.Y. 2012); *see also In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 2007 WL 4526593, at *12 (S.D.N.Y. Dec. 20, 2007) (finding that the "sole objection to the Plan . . . has no merit" and approving "the Plan of Allocation as fair and reasonable."). The Court should, therefore, overrule Mr. McCauley's objections. *See AOL Time Warner*, 2006 WL 903236, at *15 ("the objectors' unsupported allegations of unreasonableness do not alter my appraisal of the Settlement's fairness.").

**B.     Mr. Garnet's Objection Should Be Overruled**

Mr. Garnet objects to the Settlement and the Plan of Allocation.  More specifically, Mr. Garnett requests "that the Court orders full compensation, for my losses suffered as a direct result of Mullen Automotive Inc's misstatements and omissions" and that the "payment shall be in addition to the final proposed settlement and allocated to Eric Nelson Garnet." ECF No. 119-1, at p.4.

As an initial matter, it would be unfair to all other Settlement Class Members to give Mr. Garnet preferential treatment in the Plan of Allocation.  In fact, Federal Rule of Civil Procedure 23(e)(2)(D) specifically *requires* courts to evaluate whether the settlement treats class members equitably relative to one another.  One of the rationales for this inquiry is to confirm that "[t]here was no disparate treatment between class members; all stood to benefit equally, a fact which lessens the likelihood that the named plaintiffs and their attorneys colluded with [Defendants] to increase their own recovery at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Hanlon*, 150 F.3d at 1027.

Under the proposed Plan of Allocation, each Authorized Claimant—including Lead Plaintiff—will receive his, her, or its *pro rata* share of the Net Settlement Fund.

*See* ECF No. 123-1, Ex. B (the "Notice") at ¶¶47-76.  Specifically, an Authorized Claimant's *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  *Id.* at ¶71.  Courts have repeatedly approved similar plans.  *Stable Road*, 2024 WL 3643393, at *8 (substantially similar plan of allocation treats class members equitably); *Lea v. Tal Educ. Grp.*, 2021 WL 5578665, at *11 (S.D.N.Y. Nov. 30, 2021) ("[t]his methodology is appropriate and consistent with many other securities class action settlements' plans of allocation.").

Moreover, the Settlement is an excellent result.  It significantly exceeds the typical percentage recovery of damages in similar sized securities class actions (*see* ECF No. 122 at pp. 5-6), and avoids the many risks of continued litigation.  *See* ECF No. 125 at pp. 8-11.  The risks were particularly acute in this case, and they include, *inter alia*: (i) the Ninth Circuit's recent decision in *In re CCIV/Lucid Motors Sec. Litig.*, 110 F.4th 1181 (9th Cir. 2024), which would have presented a formidable obstacle at the summary judgment and class certification stages and threatened to substantially reduce the scope of this Action; (ii) Mullen's difficult financial position; and (iii) the limited D&O insurance available to fund a settlement or pay a jury verdict many years in the future.  Indeed, the fact that Lead Plaintiff was required to move the Court to compel Defendants and/or their D&O Insurers to comply with the terms of the Stipulation and fully fund the Settlement speaks volumes about the risks involved in continued litigation.  *See* ECF Nos. 102-118.  Had the litigation continued, it is highly unlikely that it would have produced a greater, let alone *full*, recovery for all Settlement Class Members.  *See In re Critical Path, Inc.*, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002) ("Through protracted litigation, the settlement class could conceivably extract more, but at a plausible risk of getting nothing . . . watching Critical Path fall into bankruptcy; and, most certainly, drying up the available insurance."); *Stable Road.*, 2024 WL 3643393, at *8 ("Considering the risks inherent in this litigation and Defendant[s'] financial situation, this factor weighs in favor of

Final Approval.") (cleaned up).

Finally, if Mr. Garnet is unhappy with the recovery, he—like all other Settlement Class Members—had the right to opt out. *See Hanlon*, 150 F.3d at 1027 ("No objector stepped forward and suggested that his or her personal claim was being sacrificed for the greater good—and if any thought that was the case, they had the right to opt-out of the class.").

In sum, "[t]he court should not reject a settlement merely because individual class members complain that they would have received more had they prevailed after a trial." *Thomas v. Albright*, 139 F.3d 227, 234 (D.C. Cir. 1998). "[W]hile $[7.25] million may not represent the total of plaintiffs' and the Settlement Class members' damages, that is the nature of settlement; in exchange for accepting less than full compensation, plaintiffs and the Settlement Class are at least assured partial recovery immediately." *Hicks v. Stanley*, 2005 WL 2757792, at *6 (S.D.N.Y. Oct, 24, 2005).[10] The proposed Settlement strikes a fair balance.

## IV. CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 30% of the Settlement Fund, plus Lead Counsel's out-of-pocket expenses in the amount of

---

[10] *See also Sykes v. Harris*, 2016 WL 3030156, at *19 (S.D.N.Y. May 24, 2016) ("Courts routinely overrule objections from class members that the anticipated relief they will receive under the settlement is too low. That the settlement does not provide for a full recovery of legal damages is the hallmark of compromise.").

$85,280.79; and (iii) award $25,000 to Lead Plaintiff (Mejgan Mirbaz) as reimbursement for time spent representing the Settlement Class.[11]

Dated: June 6, 2025                           **GLANCY PRONGAY & MURRAY LLP**

                                              By: *s/ Garth Spencer*
                                              Robert V. Prongay
                                              Casey E. Sadler
                                              Garth Spencer
                                              1925 Century Park East, Suite 2100
                                              Los Angeles, California 90067
                                              Telephone: (310) 201-9150
                                              Email: rprongay@glancylaw.com
                                              Email: csadler@glancylaw.com
                                              Email: gspencer@glancylaw.com

                                              *Counsel for Lead Plaintiff Mejgan Mirbaz and the Settlement Class*

---

[11] The Settlement is conditioned on the entry of the [Proposed] Judgment. *See* Stipulation, at ¶¶3.3, 7.1(f); Ex. B. A revised version of the [Proposed] Judgment, which accepts all six requests for exclusion, is submitted concurrently herewith. The [Proposed] Order Approving Plan of Allocation (ECF No. 124-1) and [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 121-1) were previously submitted to the Court.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Lead Plaintiff Mejgan Mirbaz, certifies that this brief contains 4,005 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 6, 2025                              *s/ Garth Spencer*
                                                            Garth Spencer

## PROOF OF SERVICE

I hereby certify that on this 6th day of June, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Garth Spencer*
Garth Spencer

REPLY MEMORANDUM